UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WILLIAM LEE LAWSHE,

     Plaintiff,

v.                                 Case No.: 3:24-cv-00044-MMH-MCR

ROBERT HARDWICK, in his official
capacity as Sheriff of St. Johns County,
MIKAYLA PRESTON, in her individual
capacity as Detective for St. Johns County
Sheriff's Office, UNIVERSITY OF FLORIDA
BOARD OF TRUSTEES, and KATHLEEN
DULLY, in her official capacity as medical
director of the UF Child Protection Team,

     Defendant.

_____/

## **DEFENDANT UNIVERSITY OF FLORIDA BOARD OF TRUSTEES' MOTION TO DISMISS COUNT VIII OF PLAINTIFF'S COMPLAINT**

Defendant the University of Florida Board of Trustees ("UF"), pursuant to

Federal Rule of Civil Procedure 12(b)(6), hereby moves the Court for an order

dismissing Count VIII of Plaintiff's Complaint (ECF No. 1). In support thereof, UF

states as follows:

In Count VIII, Plaintiff sues UF pursuant to 42 U.S.C. § 1983 alleging that

UF's Child Protection Team violated Plaintiff's rights under the Fourteenth

Amendment to the Unites States Constitution by providing "deliberately false and fabricated evidence" that "would be used in the criminal charge and prosecution of Plaintiff."  Compl. ¶¶ 1, 149 – 51.  Count VIII must be dismissed without prejudice because this Court does not have subject matter jurisdiction over the claim based on Eleventh Amendment immunity.

"Eleventh Amendment immunity bars suits by private individuals in federal court against a state unless the state has consented to be sued or has waived its immunity or Congress has abrogated the states' immunity." *Nichols v. Alabama State Bar*, 815 F.3d 726, 731 (11th Cir. 2016).  "The Eleventh Amendment applies when the State or one of its agencies or departments is named as the defendant." *Id.* (internal citations omitted).  "Congress has not abrogated Eleventh Amendment immunity in § 1983 cases." *Id.*  Nor has the State of Florida waived Eleventh Amendment or sovereign immunity for section 1983 actions. *See Driessen v. Univ. of Miami Sch. of Law Children & Youth Law Clinic*, 835 Fed. Appx. 489, 492 (11th Cir. 2020); *Henry v. Florida Bar*, 701 Fed. Appx. 878, 881 (11th Cir. 2017); *Gamble v. Florida Dept. of Health & Rehab. Services*, 779 F.2d 1509, 1515 (11th Cir. 1986).  Thus, a plaintiff may not sue a non-consenting state, such as Florida, in

federal Court to assert a Fourteenth Amendment violation. *See Udick v. Florida*, 705 Fed. Appx. 901, 905 (11th Cir. 2017).

"It is well settled in Florida that state universities, and their boards of trustees, are arms of the state that are entitled to Eleventh Amendment immunity." *Perfect Keto, LLC v. Univ. of S. Florida Bd. of Trustees*, 821CV01295MSSAEP, 2022 WL 12133522, at *2 (M.D. Fla. Feb. 25, 2022), report and recommendation adopted, 8:21-CV-1295-MSS-AEP, 2022 WL 12120755 (M.D. Fla. July 14, 2022); *see also Gilda v. Univ. of Florida Bd. of Trustees*, 1:21CV144-MW/GRJ, 2022 WL 1614832, at *1 (N.D. Fla. Apr. 11, 2022); *Crisman v. Florida Atl. Univ. Bd. of Trustees*, 572 Fed. Appx. 946, 946 (11th Cir. 2014); § 768.28(2), Fla. Stat.

Because UF is an arm of the state entitled to Eleventh Amendment immunity, Plaintiff's section 1983 claim in Count VIII must be dismissed without prejudice for lack of subject matter jurisdiction. *See Nichols*, 815 F.3d at 733 ("Given that the State Bar is an arm of the state entitled to Eleventh Amendment immunity, the district court properly dismissed Nichols's § 1983 action without prejudice for lack of subject matter jurisdiction."); *see also Gilbert v. Florida Dep't of State*, 855 Fed. Appx. 501, 503 (11th Cir. 2021) ("because sovereign immunity applies, the district

3

court lacked subject matter jurisdiction over the case, and it had no power to render a judgment on the merits.").

For the foregoing reasons, UF respectfully requests that the Court dismiss Count VIII of the Complaint without prejudice.

## Local Rule 3.01(g) Certification

In accordance with Local Rule 3.01(g), I, the undersigned counsel, hereby certify that I have conferred with counsel for Plaintiff in advance of filing this motion by both email and telephone. Plaintiff opposes the relief sought in this motion.

Dated this 20th day of February, 2024.

Respectfully submitted,

ALEXANDER DEGANCE BARNETT P.A.

By: */s/ Todd A. Wright*
Michelle Bedoya Barnett
Florida Bar No. 0823201
E-mail: michelle.bartnett@adblegal.com
Todd A. Wright
Florida Bar No. 0071246
E-mail: todd.wright@adblegal.com
E-mail: mailbox@adblegal.com
1500 Riverside Avenue
Jacksonville, FL 32204
(904) 345-3277 Telephone

4

(904) 345-3294 Facsimile

*Attorneys for UF*

## CERTIFICATE OF SERVICE

I hereby certify that on February 20, 2024, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send notice of this filing to all counsel of record.

/s/ *Todd A. Wright*
Attorney