UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WILLIAM LEE LAWSHE,
an individual,

     Plaintiff,

v.                                                                    Case No.: 3:24-cv-00044-MMH-MCR

ROBERT HARDWICK, in his official
capacity as Sheriff of St. Johns County,
MIKAYLA PRESTON, in her individual
capacity as a Detective for St. Johns County
Sheriff's Office, UNIVERSITY OF FLORIDA
BOARD OF TRUSTEES, and KATHLEEN
DULLY, in her individual capacity as
medical director of the UF Child Protection Team,

     Defendants.

_____/

### MOTION TO DENY ENTRY OF CLERK'S DEFAULT AND FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT

Defendants, Robert Hardwick, in his official capacity as Sheriff of St. Johns County ("Sheriff Hardwick"), and Mikayla Preston, in her individual capacity as a Detective for St. Johns County Sheriff's Office ("Deputy Preston"), through undersigned counsel, and pursuant to Rules 6(b)(1)(A) and Local Rules 3.01 and 3.08, file this Motion for Extension of Time to Respond to Plaintiff's Complaint, and state:

1. On January 12, 2024, Plaintiff filed the Complaint in the instant matter (ECF 1).

2.      In its present state, the Complaint contains 99 factual allegations related to Plaintiff's arrest in the spring of 2023 for Possession of Child Sexual Abuse Material. Plaintiff's arrest was preceded by a cyber tip from the National Center for Missing and Exploited Children (ECF 1, ¶ 35), a "scheme" in which Deputy Preston worked with co-defendant, Kathleen Dully, "for the purpose of manufacturing false, misleading, unsupported evidence" (ECF 1, ¶67), the preparation of an affidavit by Deputy Preston which "contain[ed] multiple statements which were false, misleading and omit[ted] substantial exculpatory evidence" (ECF 1, ¶ 83), and which resulted in the issuance of a search warrant to Plaintiff's phone/internet service provider, Verizon (ECF, ¶85). On December 27, 2023, charges against Plaintiff were dropped. (ECF 1, ¶ 33).

3.      The Complaint alleges claims against Deputy Preston under Section 1983 for Unreasonable Search (Count I), Unreasonable Arrest (Count II[1]), and violation of Plaintiff's First Amendment rights (Count V). Identical claims are lodged against Sheriff Harwick. (Counts II, IV, and VI).

4.      Plaintiff served process on Sheriff Hardwick and Deputy Preston on January 18, 2024, through the General Counsel of the St. Johns County Sheriff's Office. (ECF 7, 8).

5.      On February 22, 2024, Plaintiff filed a Motion for Entry of Clerk's Default filed February 22, 2024 (ECF 13). At the time of this filing, the Clerk had not entered a Default.

---

[1] This should be Count III, as there are two Count II's.

6.      The undersigned first learned about the Defendants being served with a summons on this date when his clients forwarded Plaintiff's Motion which was served via U.S. Mail.

7.      The failure to learn about the service of process was not willful by either the undersigned, his office, or the Defendants. Instead, it appears that there was a miscommunication which led to the date for responding being inadvertently overlooked, as set forth in the Declaration of Trae Wylie, submitted as an exhibit.

8.      Immediately after being informed of Plaintiff's motion, the undersigned filed a Notice of Appearance (ECF 14) and attempted to communicate via email with Plaintiff's counsel to confer about the relief sought in this motion. Prior to filing this motion, the undersigned spoke with Plaintiff's counsel via telephone, who needed to confer with his client prior to indicating his position.

9.      The undersigned has and will continue to act promptly to correct the issues which led Plaintiff to file the Motion.

10.     Both Sheriff Hardwick and Deputy Preston have meritorious defenses available to each of them in this case. Deputy Preston conducted an investigation and prepared an affidavit supporting a warrant which did not contain "perjurious or recklessly false statements." *Kelly v. Curtis,* 21 F.3d 1544, 1554 (11th Cir. 1994) (citing *Franks v. Delaware,* 438 U.S. 154, 155-56 (1978). In addition, there was arguable probable cause to charge Plaintiff with a crime, entitling Deputy Preston to qualified immunity. For Sheriff Hardwick, Plaintiff's allegations related to *Monell* liability are insufficient as a matter of law. Because Plaintiff cannot impose liability on the basis of

3

respondeat superior, he must show that a custom, policy, or practice existed which was the moving force underlying the violations of Plaintiff's constitutional rights. *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 690 n.55 (1978).

11.    Denying entry of a Default or even setting aside a clerk's default would not prejudice Plaintiff. Moreover, denying or setting aside a default would allow this case to be decided on the merits.

12.    Through this motion, the Defendants also seek a short extension of time of 14 days within which to file a response to Plaintiff's Complaint.

**MEMORANDUM OF LAW**

In compliance with Local Rule 3.01(a), the Defendants submit this memorandum of legal authority in support of the relief sought.

**Entry of Default**

When a party against whom relief is sought fails to plead or otherwise defend the claim, the clerk of the court must enter the party's default. *Fed. R. Civ. P.* 55(a). "The Eleventh Circuit has stated that 'defaults are seen with disfavor because of the strong policy of determining cases on their merits.'" *Brake v. All Florida Safety Institute, LLC*, Case No.: 3:21-cv-339, 2021 WL 2877618, *1 (M.D. Fla. June 30, 2021), quoting *Fla. Physician's Ins. Co., Inc. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993). When it is unclear whether good cause exists, "it is 'generally … appropriate for trial judges to exercise their discretion in favor of setting aside defaults so that cases can be decided on their merits.'" *Schiavo v. LEB Solutions, LLC*, Case No.: 8:20-cv-1079, 2020 WL

4

13389324, *1 (M.D. Fla. July 14, 2020). Accordingly, defaults are to be used "sparingly." *Brake, id.*, quoting *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1316 (11th Cir. 2002).

After a party's default has been entered, but before the entry of default judgment, the district court may exercise its discretion to set aside the default for "good cause." *Fed. R. Civ. P.* 55(c); *E.E.O.C. v. Mike Smith Pontiac GMC, Inc.*, 896 F.2d 524, 528 (11th Cir. 1990) (citation omitted) (noting the distinction that the "standard that courts apply in setting aside a default judgment is more rigorous than the good cause standard that is utilized in setting aside an entry of default."); *see also Jones v. Harell*, 858 F.2d 667, 668–69 (11th Cir. 1988) (affirming the district court's holding that "a bare minimum showing" will justify relief under Rule 55(c)). In *Compania Interamericana Export–Import, S.A. v. Compania Dominicana*, 88 F.3d 948, 951 (11th Cir. 1996), the Eleventh Circuit described the good cause requirement for setting aside a default judgment as:

> "'Good cause' is a mutable standard, varying from situation to situation. It is also a liberal one—but not so elastic as to be devoid of substance." *Coon v. Grenier*, 867 F.2d 73, 76 (1st Cir.1989). We recognize that "good cause" is not susceptible to a precise formula, but some general guidelines are commonly applied. *Id.* Courts have considered whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense. *Rafidain Bank*, 15 F.3d at 243; *see also Robinson v. United States*, 734 F.2d 735, 739 (11th Cir.1984). We note, however, that these factors are not "talismanic," and that courts have examined other factors including whether the public interest was implicated, whether there was significant financial loss to the defaulting party, and whether the defaulting party acted promptly to correct the default. *E.g., Dierschke v. O'Cheskey*, 975 F.2d 181, 184 (5th Cir.1992). "Whatever factors are employed, the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of 'good cause' to set aside a default." *Id.* However, if a party willfully

defaults by displaying either an intentional or reckless disregard for the judicial proceedings, the court need make no other findings in denying relief. *Shepard Claims Service, Inc. v. William Darrah & Associates*, 796 F.2d 190, 194–95 (6th Cir.1986).

*Compania Interamericana,* 88 F.3d at 951-52; *see also Brake, id.*; *Brewer-Garrett Co. v. Endurance Assurance Corp.*, Case No.: 8:22-cv-409-KKM-JSS, 2022 WL 2209678, *2 (M.D. Fla. June 21, 2022).

The factors identified in *Compania Interamericana* all tip in favor of either denying or setting aside a Clerk's Default in the present case. First, it is clear, based upon the declaration of Trae Wylie, that the failure to timely respond was inadvertent, and not willful. *See Querec v. Comm'r of Soc. Sec.*, Case No.: 6:14-cv-983, 2015 WL 12862467, at *2 (M.D. Fla. Apr. 1, 2015) (concluding that defendant's failure to log a summons and complaint into its internal case tracking system did not amount to intentional or reckless disregard for the judicial process, even though defendant was properly served with the summons and complaint). Second, as set forth in paragraph 10, *supra*, the Defendants have meritorious defenses to assert in response to Plaintiff's claims. *See Brake, id.* (citing *Retina-X Studios, LLC v. ADVAA, LLC*, 303 F.R.D. 642, 657 (M.D. Fla. 2014) ("A defendant has a meritorious defense if it raises a good defense at law.... Thus, whether a defense is meritorious does not depend on its likelihood of success."); *see also Moldwood Corp. v. Stutts*, 410 F.2d 351, 352 (5th Cir. 1969) (sufficient for a defendant to show a "hint of a suggestion that he [has] a meritorious defense). Third, the Defendants moved promptly to correct the defaults, which is further indication of a lack of willfulness. *Brewer-Garrett Co., supra,* at *2.

6

Finally, Plaintiff can show no prejudice by the setting aside of the defaults. *Id.* at *3; *Brake, id.*; *see also Lake James Assocs., Inc. v. Summit Techs., L.L.C.*, Case No.: 8:06-cv-692, 2006 WL 2789144, at *2 (M.D. Fla. Sept. 26, 2006) (explaining that establishing prejudice is showing more than "[m]ere delay," but "that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion.").

For the foregoing reasons, this case should be allowed to proceed on the merits and a clerk's default should be denied or set aside.

**Motion for Extension of Time**

Defendants seek a brief extension of time in which to become better acquainted with the allegations and to properly respond to them. Defendants' request falls within the scope of *Fed. R. Civ. P.* 6(b) which provides the Court with wide discretion to enlarge the time for doing an act required under the *Federal Rules of Civil Procedure*. Based on the foregoing, Defendants respectfully submit that good cause exists to grant an extension of time of 14 days to file their responses.

WHEREFORE, for the foregoing reasons, Defendants, Robert Hardwick, in his official capacity as Sheriff of St. Johns County, and Mikayla Preston, in her individual capacity as a Detective for St. Johns County Sheriff's Office, respectfully request this Honorable Court grant this motion and deny or set aside any Clerk's Default entered against one or both of them, extend the time to respond to Plaintiff's Complaint by 14 days, along with such other and further relief as this Court deems appropriate.

## Local Rule 3.01(g) Certification

In compliance with Local Rule 3.01(g)(2), the undersigned hereby certifies that he conferred with Plaintiff's counsel, Michael K. Roberts, via telephone on February 27, 2024. Mr. Roberts informed the undersigned that he wanted to confer with his client prior to providing a position on Defendants' motion. Consistent with the dictates of this Court's Local Rules, the undersigned will communicate with Mr. Roberts (or his co-counsel) after the filing of this motion, and will advise this Court immediately once Plaintiff has provided his position.

Dated this 27th day of February, 2024.

Respectfully submitted,


/s/ Michael P. Spellman
**MICHAEL P. SPELLMAN (Lead Counsel)**
Florida Bar No. 0937975
Email: mspellman@sniffenlaw.com

**SNIFFEN & SPELLMAN, P.A.**
123 North Monroe Street
Tallahassee, Florida  32301
Telephone: (850) 205-1996
Facsimile: (850) 205-3004

*Attorneys for Defendants Robert Hardwick, in his official capacity as Sheriff of St. Johns County, Mikayla Preston, in her individual capacity as a Detective for St. Johns County Sheriff's Office*

8

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of February 2024, a true and correct copy of the foregoing was electronically filed in the United States District Court for the Middle District of Florida using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

*/s/ Michael P. Spellman*
**MICHAEL P. SPELLMAN**