**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**WILLIAM LEE LAWSHE,**
**an individual,**

      **Plaintiff,**

**v.**                                   **Case No.: 3:24-cv-00044-MMH-MCR**

**ROBERT HARDWICK, in his official**
**capacity as Sheriff of St. Johns County,**
**MIKAYLA PRESTON, in her individual**
**capacity as a Detective for St. Johns County**
**Sheriff's Office, UNIVERSITY OF FLORIDA**
**BOARD OF TRUSTEES, and KATHLEEN**
**DULLY, in her individual capacity as**
**medical director of the UF Child Protection Team,**

      **Defendants.**

_____/

## DECLARATION OF TRAE WYLIE

STATE OF FLORIDA)
COUNTY OF LEON)

I, Trae Wylie, pursuant to 28 U.S.C. § 1746, declare as follows:

1.     My name is Frank J. ("Trae") Wylie, III. I am over the age of 18, am of sound mind and give the following information of which I have personal knowledge, both freely and truthfully and without any threat of coercion or promise of reward.

2.     I am a paralegal at the law office of Sniffen & Spellman, P.A. I have been a paralegal for almost 30 years.

3.     The Florida Sheriff's Risk Management Fund (the "Fund") is a self-insurance program which provides coverage for the Sheriff and his deputies in several counties, including St. Johns County, Florida.

4.     Sniffen & Spellman, P.A. has been representing the Fund and its insureds for almost six years in claims involving alleged violations of civil rights and tortious conduct.

5.     On or about January 12, 2024, Sniffen & Spellman, P.A. learned from the Fund that a lawsuit had been filed against Sheriff Robert Hardwick, the Sheriff of St. Johns County, and Detective Mikayla Preston, by William Lee Lawshe.

6.     On January 22, 2024, Becky Ausili, a Paralegal with the St. Johns County Sheriff's Office emailed me the Summons indicating that Sheriff Hardwick and Detective Preston were served on January 18, 2024.

7.     Although I thought I had forwarded that email so that the calendar would be updated with the deadline to file and serve a responsive pleading, my attempt was apparently unsuccessful. Because of this, a deadline was not created and a responsive pleading was not filed/served.

8.     My actions in this regard were not willful; it was purely inadvertent. In fact, my intentions were to ensure that the deadline for a response would be properly communicated and that a response would be timely filed.

9.     I declare under penalty of perjury the foregoing is true and correct.

Executed this 27th day of February, 2024.

Trae Wylie