**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**


WILLIAM LEE LAWSHE,
an individual,

        Plaintiff,

v.                                       Case No. 3:24-cv-00044-MMH-MCR

ROBERT HARDWICK,
in his official capacity as Sheriff of St. Johns County,
MIKAYLA PRESTON,
in her induvial capacity as a Detective for St. Johns County Sheriff's Office,
UNIVERSITY OF FLORIDA BOARD OF TRUSTEES, and
KATHLEEN DULLY, in her individual capacity as
medical director of the UF Child Protection Team,

        Defendants.

                                  /

**PLAINTIFF'S RESPONSE TO DEFENDANTS'**
**MOTION TO DENY ENTRY OF DEFAULT**


Defendants Hardwick and Preston, have filed the present Motion (Doc. #16)

requesting that Plaintiff's Motion for Clerk's Default (Doc. #13) be denied. In

support of that Motion, Defendants argue that there was "good cause" for the

failure to respond Plaintiff's Complaint based on an affidavit executed by Trea

Wylie, which was filed as an exhibit to the Defendants' Motion. In this affidavit,

Mr. Wylie explains that, while acting as a paralegal in this matter, he inadvertently

1

failed to calendar the deadline for a responsive pleading on his law firm's internal system.

First, the Defendants are in default, despite there not being an order directing the default to be made in the Court Record. The Plaintiff served Defendants on January 18, 2024. A responsive pleading was due no later than February 10, 2024. Proof of Service of both Defendants was filed on February 19, 2024. (Doc. #7 and 8). Pursuant Rule 55 (a) of the Federal Rules of Civil Procedure, Plaintiff moved for entry of a Clerks Default on February 22, 2024. (Doc #13)

A party who "fails to answer within the time specified by the rules is in default even if that fact is not officially noted." *Perez v. Wells Fargo N.A.,* 774 F.3d 1329, 1337 (11th Cir 2014) Therefore, a motion to set aside default is proper and the Court must make a finding of "good cause" in order to permit a responsive pleading on the merits *Id.*

Defendant contends that the affidavit of Mr. Wylie constitutes "good cause" because the affidavit establishes that the failure was the result of an "inadvertent" mistake. However, the analysis of "good cause" is not that simple.

As noted in Plaintiff's Motion for Default and established by the Return of Service filed with this Court, service of this lawsuit was effectuated upon Matthew Cline, General Counsel for St. Johns County Sherriff's Office. Mr. Cline is a

2

lawyer and member of the Florida Bar.  As general counsel, he represents the Defendants in this matter.

The record in this case establishes that there were two licensed attorneys and two paralegals working on behalf of Defendants. All of them knew that a case had been filed and all, or at least, three (Mathew Cline, Becky Ausili and Trea Wylie) knew that the Complaint had been served, at least, by January 22, 2024.

Although the Affidavit establishes why Mr. Spellman did not have the deadline for a responsive pleading calendared in his system, it does not explain why the General Counsel and his office had not calendared the deadline or why there had not been any follow up or communication regarding the legal process served upon him.

The four legal professionals involved in this matter are not the only individuals responsible for a timely response to the Complaint. The Defendants, themselves, are law enforcement professionals and, at least nominally familiar with judicial process.  The Eleventh Circuit has established that a party has a duty to monitor the progress of his or her own case. *Florida Physician's Ins. Co. v. Ehlers*, 8 F.3d 780 (11th Cir. 1993); see also *Mtacc LTD v. CHF Corp.*, 2020 U.S. Dist. LEXIS 243189, *15.  Therefore, at a minimum, six persons were responsible, to some extent, for ensuring that the Defendants responded to the Plaintiff's Complaint in a timely manner. Whether Mr. Wylie forgot to send the email or

3

whether there was some technical glitch in the email system that explains the missed deadline, it does not provide a reasonable explanation as to why no other person calendared the deadline or followed up, when no response had been discussed or planned.

The law is well settled that if a party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings, the court need make no other findings in denying relief. *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion,* 88 F.3d 948, 949. Although Mr. Wylie certainly did not intentionally fail to calendar the deadline, there is merit to the argument that the other five individuals' failure to follow up and/or respond would evidence a reckless disregard for the seriousness of Plaintiff's claims and the judicial process.

Plaintiff acknowledges that the bar to a finding of "good cause" may be a low one, but it is at least *a bar* which must be established. Simply saying that there was an "inadvertent" mistake made by a law firm, without more, is not good cause. Here, Defendants have not offered any explanation as to why their General Counsel did not schedule the response deadline. It also offers no explanation as to why no one communicated about a response to the Complaint in the six weeks which transpired between January 18 and February 27, 2024, the date that the present Motion was filed. Diligence is the foundation of good cause: "If a party

4

was not diligent, the good cause inquiry should end. And case law makes clear that simple oversight or inadvertence by counsel -- as a matter of law -- is insufficient to constitute "good cause." *Eagle R&R LLC v. Louisiana*, 2021 U.S. Dist. LEXIS 245462 (Ala. S.D. 2021)

Defendant cites *Querec v. Comm'r of Soc. Sec.*, Case No.: 6:14-cv-983, 2015 WL 12862467 (M.D. Fla. Apr. 1, 2015) for the proposition that the failure to calendar a deadline is good cause.  This case is not entirely on point. First, the party seeking relief from default in *Querec* was the federal government.  Rules governing default of the U.S. government are unique. *Id.* And second, the facts of that case do not clearly deal with neglect or mistake on the part of an attorney. *Id.*

Inadvertence of counsel does not ordinarily meet the requirement of "good cause" under the Federal Rules of Civil Procedure.   In context of failure to serve a lawsuit, the inadvertence of counsel to calendar the 120 day deadline has been held not to constitute "good cause." *Wei v. Hawaii,* 763 F.2d 370 (9th Cir 1985). Furthermore, "simple attorney neglect, absent substantial extenuating circumstances, cannot constitute the sole basis for good cause." *Floyd v. U.S.,* 900 F.2d 1045, 1047 (7th Cir. 1990).: see also *Wilson v. Publix Super Mkts., Inc.,* 1993 U.S. Dist. LEXIS 8310, *5 (Fla N.D. 1993) (The court found that an attorney's failure to serve the complaint within 120 days was not "good cause" despite the fact that the ruling made the Plaintiff's claims time barred.)

5

Here, even if the court were to find that Defendant's attorney of record failed to calendar the deadline due to "good cause" shown by his paralegal's affidavit, there is simply no explanation or cause given as to why the Defendant's general counsel failed to calendar or respond to the Complaint. The Motion to set aside is not supported by sufficient facts to establish "good cause" and, therefore, should be denied.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system on March 13th, 2024.

**LAW OFFICES OF NOONEY, ROBERTS, HEWETT, AND NOWICKI**

*/s/ Michael K. Roberts*

_____

**Michael K. Roberts, Esquire**
Florida Bar No. 00779741
**Jeffery S. Nooney, Esquire**
Florida Bar No. 1011565
1680 Emerson Street
Jacksonville, FL 32207
(904) 398-1992
(904) 858-9943 facsimile
mroberts@nrhnlaw.com
jnooney@nrhnlaw.com
Attorney for Plaintiff