# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

**WILLIAM LEE LAWSHE,**
**an individual,**

    **Plaintiff,**

**v.**                                   **Case No.: 3:24-cv-00044-MMH-MCR**

**ROBERT HARDWICK, in his official**
**capacity as Sheriff of St. Johns County,**
**MIKAYLA PRESTON, in her individual**
**capacity as a Detective for St. Johns County**
**Sheriff's Office, UNIVERSITY OF FLORIDA**
**BOARD OF TRUSTEES, and KATHLEEN**
**DULLY, in her individual capacity as**
**medical director of the UF Child Protection Team,**

    **Defendants.**

_____/

## NOTICE OF FILING SUPPLEMENT TO DEFENDANTS' MOTION TO DENY ENTRY OF CLERK'S DEFAULT AND FOR EXTENSION OF TIME

Pursuant to M.D. Fla. Loc. R. 3.01(i), Defendants Robert Hardwick, in his official capacity as Sheriff of St. Johns County, and Mikayla Preston, in her individual capacity as a Detective for St. Johns County Sheriff's Office, through undersigned counsel, submit the following notice of supplemental authority.

On March 13, 2024, the Eleventh Circuit issued its published opinion in *Savoia-McHugh v. Glass*, Case No. 22-13303, a copy of which is attached as Exhibit 1. This opinion supplements the arguments made by the Defendants in their Motion to Deny Enty of Clerk's Default (ECF 16), beginning at the top of page 5 and ending at the top

of page 7. As a succinct quote, Defendants provide the following found on page 15 of

the Court's opinion:

> It is true that, as part of an inquiry into whether there is good cause to excuse a default, "courts have examined . . . whether the defaulting party acted promptly to correct the default." *Compania Interamericana*, 88 F.3d at 951. But in the words of the district court, "[Glass's] actions [were] far from 'prompt.'" Even looking only to the pleadings he admits receiving, fifteen months passed between when he received a copy of the original complaint via Federal Express and his counsel's appearance in this suit. And he admits receiving a number of other legal documents in between. Thus, the district court is correct that Glass's efforts are "too little too late."

Dated this 13th day of March, 2024.

Respectfully submitted,

/s/ *Michael P. Spellman*
**MICHAEL P. SPELLMAN (Lead Counsel)**
Florida Bar No. 0937975
Email: mspellman@sniffenlaw.com

**SNIFFEN & SPELLMAN, P.A.**
123 North Monroe Street
Tallahassee, Florida  32301
Telephone: (850) 205-1996
Facsimile: (850) 205-3004

*Attorneys for Defendants Robert Hardwick, in his official capacity as Sheriff of St. Johns County, Mikayla Preston, in her individual capacity as a Detective for St. Johns County Sheriff's Office*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of March 2024, a true and correct copy of the foregoing was electronically filed in the United States District Court for the Middle District of Florida using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

/s/ Michael P. Spellman
**MICHAEL P. SPELLMAN**