UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WILLIAM LEE LAWSHE,
an individual,

    Plaintiff,

v.                                                                    Case No.: 3:24-cv-00044-MMH-MCR

ROBERT HARDWICK, in his official
capacity as Sheriff of St. Johns County,
MIKAYLA PRESTON, in her individual
capacity as a Detective for St. Johns County
Sheriff's Office, and KATHLEEN
DULLY, in her individual capacity as
medical director of the UF Child Protection Team,

    Defendants.
_____/

## DEFENDANT DETECTIVE MIKAYLA PRESTON'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Defendant MIKAYLA PRESTON, through undersigned counsel, files her answer and affirmative defenses to Plaintiff's Amended Complaint [ECF No. 26].

1. Admitted that this action purports to be brought under 42 U.S.C. § 1983, but denied that the claims have any merit whatsoever or that Plaintiff is entitled to relief.

### COMMON ALLEGATIONS – THE ARREST

2. Without knowledge, therefore denied.

3. Without knowledge, therefore denied.

4. Without knowledge, therefore denied.

5. Without knowledge, therefore denied.

6. Without knowledge, therefore denied.

7. Without knowledge, therefore denied.

8. Admitted.

9. Denied, as phrased.

10. Admitted.

11. Admitted that Detective Preston is a member of the North Florida Internet Crimes Against Children Task Force. Admitted that Detective Preston has training and experience in the investigation of crimes involving the online sexual-solicitation and exploitation of children, including investigating the collection and trading of images of Child Sexual Abuse Material (CSAM) and child pornography. The remainder of this paragraph is denied.

12. Admitted.

13. Denied, as phrased.

14. Denied.

15. Admitted.

16. Admitted.

17. Admitted that FWC was informed of the charges prior to Plaintiff. Regarding the remainder of this paragraph, without knowledge, therefore denied.

18. Without knowledge, therefore denied.

19. The first sentence is denied. Regarding the second sentence, without knowledge, therefore denied.

20. Without knowledge, therefore denied.

21. Without knowledge, therefore denied.

22. Without knowledge, therefore denied.

23. Without knowledge, therefore denied.

24. Without knowledge, therefore denied.

25. Without knowledge, therefore denied.

26. Without knowledge, therefore denied.

27. Without knowledge, therefore denied.

28. Denied.

29. Denied.

30. Without knowledge, therefore denied.

31. Denied.

32. Denied.

33. Without knowledge, therefore denied.

**COMMON ALLEGATIONS – THE INVESTIGATION**

34. Denied.

35. Admitted.

36. Denied, as phrased.

37. The first sentence is admitted. The second sentence is denied.

38. Denied, as phrased.

39. Admitted.

40. Denied, as phrased.

41. Denied, as phrased.

42. Denied, as phrased.

43. Denied.

44. Without knowledge, therefore denied.

45. Denied, as phrased.

46. Denied, as phrased.

47. The first sentence is admitted. Regarding the second sentence, watermarks are used for a number of purposes. The remainder of this paragraph is denied.

48. Denied.

49. Denied.

50. Denied.

51. Without knowledge, therefore denied.

52. Denied, as phrased.

53. Without knowledge, therefore denied.

54. Without knowledge, therefore denied.

55. Without knowledge, therefore denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied

60. Denied.

61. Admitted.

62. Denied.

63. Without knowledge, therefore denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. The first and second sentences are admitted. Regarding the third sentence, without knowledge, therefore denied.

69. Denied, as phrased.

70. Denied, as phrased.

71. Denied, as phrased.

72. Admitted.

73. Without knowledge, therefore denied.

74. Denied, as phrased.

75. Denied, as phrased.

76. Without knowledge, therefore denied.

77. Denied, as phrased.

78. Without knowledge, therefore denied.

79. Denied, as phrased.

80. Without knowledge, therefore denied.

81. Admitted.

82. Denied.

83. Denied.

84. Denied.

85. Denied, as phrased.

86. Denied, as phrased.

87. Admitted.

88. Admitted.

89. Without knowledge, therefore denied.

90. Denied, as phrased.

91. Without knowledge, therefore denied.

92. Admitted.

93. Denied, as phrased.

94. Without knowledge, therefore denied.

95. The first sentence is admitted. The second sentence is denied.

96. Denied.

97. Denied, as phrased.

98. Without knowledge, therefore denied.

99. Without knowledge, therefore denied.

**COUNT I – DETECTIVE PRESTON – VIOLATION OF THE FOURTH AMENDMENT – UNREASONABLE SEARCH**

100. The responses to paragraphs 1 through 99 are incorporated as well as if fully set forth herein.

101. Admitted.

102. Admitted.

103. Denied.

104. Denied.

105. Denied.

106. Denied.

107. Denied.

108. Admitted.

109. Denied, as phrased.

110. Denied.

111. Denied.

112. Denied.

Denied that Plaintiff is entitled to the relief sought in the *ad damnum* clause following paragraph 112 of his Amended Complaint, or any relief whatsoever.

### COUNT II – SJSO – VIOLATION OF THE FOURTH AMENDMENT – UNREASONABLE SEARCH

113. – 118.   Detective Preston is not a party to this Count, and therefore declines to respond to the allegations contained therein.

### COUNT III – DETECTIVE PRESTON – VIOLATION OF THE FOURTH AMENDMENT – UNREASONABLE ARREST

119. The responses to paragraphs 1 through 99 are incorporated as well as if fully set forth herein.

120. Admitted.

121. Admitted.

122. Denied.

123. Denied.

124. Denied.

125. Denied, as phrased.

126. Denied.

127. Admitted.

128. Denied, as phrased.

129. Denied.

130. Denied.

131. Denied.

Denied that Plaintiff is entitled to the relief sought in the *ad damnum* clause following paragraph 131 of his Amended Complaint, or any relief whatsoever.

### COUNT IV – SJSO – VIOLATION OF THE FOURTH AMENDMENT – UNREASONABLE ARREST

132. – 146. Detective Preston is not a party to this Count, and therefore declines to respond to the allegations contained therein.

### COUNT V – DETECTIVE PRESTON – VIOLATION OF THE FIRST AMENDMENT

147. The responses to paragraphs 1 through 99 are incorporated as well as if fully set forth herein.

148. Admitted.

149. Admitted.

150. Without knowledge, therefore denied.

151. Denied, as phrased.

152. Denied.

153. Denied.

154. Denied.

155. Denied.

156. Denied.

Denied that Plaintiff is entitled to the relief sought in the *ad damnum* clause following paragraph 156 of his Amended Complaint, or any relief whatsoever.

### COUNT VI – SJSO – VIOLATION OF THE FIRST AMENDMENT

157. – 168. Detective Preston is not a party to this Count, and therefore declines to respond to the allegations contained therein.

### COUNT VII – DR. KATHLEEN DULLY – VIOLATION OF THE FOURTEENTH AMENDMENT – DUE PROCESS

169. – 181. Detective Preston is not a party to this Count, and therefore declines to respond to the allegations contained therein.

### DEMAND FOR TRIAL BY JURY

Detective Preston demands a jury trial on all issues raised in the amended complaint.

### AFFIRMATIVE DEFENSES

1. No federally protected rights of Plaintiff have been infringed or violated.

2. Plaintiff's allegations, even if true, fail to state a claim for violation of an

9

individual's civil or constitutional rights under 42 U.S.C. § 1983.

3. Any injuries incurred by Plaintiff are the result of his own actions or omissions.

4. At all times pertinent hereto, Detective Preston was acting within the scope of her employment as a law enforcement officer employed by the Sheriff of St. Johns County, Florida, and was not violating clearly established law of which a reasonable law enforcement officer would be aware. Detective Preston's actions were taken pursuant to her discretionary authority, and her conduct did not violate any clearly established statutory or constitutional right of which a reasonable person would have known. Furthermore, at all times material, Detective Preston acted in good faith, reasonably and without malice towards Plaintiff. Thus, she is entitled to qualified immunity for the claims made against her.

5. Plaintiff's arrest and/or detention was based upon probable cause and/or arguable probable cause.

6. Detective Preston is not liable for punitive damages because none of her actions were taken or committed with malice, fraud, wantonness, or oppression, or entire want of cause, which would raise the presumption of conscious indifference to the rights of Plaintiff by clear and convincing evidence.

7. The conduct of Detective Preston was not the proximate cause of any of the alleged injuries to Plaintiff because the events and circumstances leading to the alleged injuries were not foreseeable to Detective Preston, or were consequences of

Plaintiff's conduct, that the alleged injuries were not the proximate result of any conduct of Detective Preston.

Respectfully submitted this 30th day of April 2024.

/s/ *Matthew J. Carson*
**MATTHEW J. CARSON**
Florida Bar No. 0827711
E-mail: mcarson@sniffenlaw.com
**MICHAEL P. SPELLMAN**
Florida Bar No. 0937975
Email: mspellman@sniffenlaw.com

**SNIFFEN & SPELLMAN, P.A.**
123 North Monroe Street
Tallahassee, Florida 32301
Telephone: (850) 205-1996
Facsimile: (850) 205-3004

*Attorneys for Mikayla Preston, in her individual capacity as a Detective for St. Johns County Sheriff's Office*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of April 2024, a true and correct copy of the foregoing was electronically filed in the United States District Court for the Middle District of Florida using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

/s/ *Matthew J. Carson*
**MATTHEW J. CARSON**