UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WILLIAM LEE LAWSHE,

     Plaintiff,

v.                                 Case No. 3:24-CV-00044-MMH-MCR

ROBERT HARDWICK, in his official
capacity as Sheriff of St. Johns County,
MIKAYLA PRESTON, in her individual
capacity as a Detective for St. Johns County
Sheriff's Office, and KATHLEEN
DULLY, in her individual capacity as
medical director of the UF Child Protection Team,

     Defendants.

---

## DEFENDANT SHERIFF HARDWICK'S MOTION TO DISMISS AND MOTION TO STRIKE AMENDED COMPLAINT

Defendant Robert Hardwick, in his official capacity as Sheriff of St. Johns County ("Sheriff Hardwick"), by and through undersigned counsel, and pursuant to M.D. Fla. Loc. R. 3.01 and Fed. R. Civ. P. 12(b)(6) and (f), moves to dismiss the claims brought against him and strike certain elements of the Amended Complaint (Doc. 26), and in support, states:

1.     On January 12, 2024, Plaintiff initiated the current action in connection with his arrest for possession of child sexual abuse material on or around April 12, 2023. (Doc. 1, ¶ 12).

2.      On April 2, 2024, the Court, *sua sponte*, struck the Complaint as an impermissible "shotgun pleading." (Doc. 23).

3.      Plaintiff filed an Amended Complaint on April 16, 2024, bringing claims, *inter alia*, against Sheriff Hardwick (referred to as "SJSO"[1]) for an Unreasonable Search in Violation of the Fourth Amendment (Count II), an Unreasonable Arrest in Violation of the Fourth Amendment (Count IV), and a Violation of the First Amendment (Count VI). (Doc. 26).

4.      The Amended Complaint fails to establish plausible municipal liability against Sheriff Hardwick under 42 U.S.C. § 1983. Specifically, the scant allegations against the Sheriff are vague, conclusory, lacking in factual support, and cannot withstand a motion to dismiss for failure to state a claim under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

5.      Additionally, Plaintiff's request for punitive damages against Sheriff Hardwick should be stricken as such relief is not available to Plaintiff under Section 768.28(5)(a), *Florida Statutes*.

## MEMORANDUM OF LAW

### I.      Legal Standard- Failure to State a Claim

A court may dismiss a claim for the "failure to state a claim upon which relief can be granted." *Fed. R. Civ. P.* 12(b)(6). To survive a motion to dismiss on such grounds, a plaintiff must have provided the grounds for entitlement to relief by more

---

[1] "SJSO" is an abbreviation for the St. Johns County Sheriff's Office. (Doc. 26, ¶ 8).

than "labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007).  A mere "formulaic recitation of a cause of action's elements will not do." *Id.* A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citations omitted). Moreover, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Turner v. Williams*, 65 F.4th 564, 577 (11th Cir. 2023) (*citing Iqbal*, 556 U.S. at 678).

**II.     Plaintiff Has Not and Cannot Establish *Monell* Liability**

It is well-established that a governmental entity, such as a Sheriff in his official capacity, "may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). Instead, it is only when execution of a government's policy or custom, "whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy," inflicts the injury that a government entity may be held responsible under § 1983. *Id.* Accordingly, "recovery from a municipality is limited to acts that are, properly speaking, acts of the municipality—that is, acts which the municipality has officially sanctioned or ordered." *Pembaur v. Cincinnati*, 475 U.S. 469, 480 (1986). "To

impose liability on a government entity, the plaintiff must show '(1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation.'" *Jennings v. Stewart*, 461 F. Supp. 3d 1198, 1200 (N.D. Fla. 2020) (*quoting McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004)). Thus, liability can only attach if constitutional injuries resulted from **an official government policy**, **the actions of an official fairly deemed to represent government policy**, or **a custom or practice so pervasive and well-settled that it assumes the force of law**. *Monell*, 436 U.S. at 694. "Where a plaintiff claims that the municipality has not directly inflicted an injury, but nonetheless has caused an employee to do so, rigorous standards of culpability and causation must be applied to ensure that the municipality is not held liable solely for the actions of its employee." *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 405 (1997).

The crux of Plaintiff's Amended Complaint is quite simple: Plaintiff alleges certain evidence relied upon by Defendant Detective Preston, specifically, a cyber tip report from the National Center for Missing and Exploited Children ("NCMEC") (inclusive of the subject image) and Defendant Dr. Kathleen Dully's evaluation of the subject of the image using the Tanner Scale, was insufficient to establish probable cause. Additionally, Plaintiff alleges Detective Preston included false statements and omitted exculpatory evidence in her affidavit submitted to the court which ultimately provided a search warrant. (Doc. 26, ¶¶ 84-85). None of these allegations, even if true, help to establish liability under § 1983 against Sheriff Hardwick.

4

Plaintiff loosely alleges the "actions, investigation and application" of the search "was approved and ratified by SJSO" (Doc. 26, ¶ 116) and the "actions, investigation and application" of the search "was authorized" by SJSO's policies and procedures (Id. at ¶ 117). Similarly, Plaintiff alleges the investigation and arrest was "approved and ratified" by SJSO and were the result of SJSO's policies and procedures. (Doc. 26, ¶¶ 144-145, 166-167). These allegations are precisely the type of vague and conclusory allegations which a plaintiff may not rely on to survive a motion to dismiss. *See Johnson v. Darnell*, 781 Fed. Appx. 961, 964 (11th Cir. 2019) (finding allegations that officers acted according to a policy or custom of deliberate indifference to constitutional rights were too conclusory to plausibly state a claim).

There are simply no facts to support a ratification theory of liability. *See Howard v. St. Johns Cnty. Sheriff by & through Const. of Fla.*, No. 3:20-CV-939-MMH-PDB, 2021 WL 4244132, at *8 (M.D. Fla. Sept. 17, 2021) (to establish ratification, a final policymaker must adopt an unconstitutional decision and the unconstitutional basis for that decision); *Salvato v. Miley*, 790 F.3d 1286, 1297-98 (11th Cir. 2015) (finding a single failure to investigate a constitutional violation insufficient to establish ratification). Likewise, there are no facts to support the hollow allegations that a policy or procedure of Sheriff Hardwick was the "moving force" behind any alleged constitutional deprivation – a constitutional deprivation which Plaintiff has failed to establish by the factual allegations in the Amended Complaint. *Monell*, 436 U.S. at 694. Plaintiff has failed to point to either an officially promulgated policy, an unofficial custom or practice of the Sheriff shown through the repeated acts of a final

5

policymaker, or a longstanding and widespread practice which caused any alleged constitutional deprivation. *Grech v. Clayton Cty.*, 335 F.3d 1326, 1329 (11th Cir. 2003) (*en banc*) (citations omitted); *Marantes v. Miami-Dade Cty.*, 649 Fed. Appx. 665, 672 (11th Cir. 2016) (internal quotation marks and citations omitted). Indeed, it is wholly unclear what "policies" and "procedures" Plaintiff refers to in the Amended Complaint.

Even giving the Amended Complaint the most liberal construction as possible, Plaintiff fails to state a claim. That is to say, to the extent Plaintiff challenges purported policies or practices of Sheriff's detectives utilizing NCMEC's cyber tip reports or opinions from Dr. Dully, Plaintiff has not, and cannot, establish that such utilizations are unconstitutional or caused a constitutional deprivation. Indeed, NCMEC cyber tips – confirmed or unconfirmed – do not dictate what is legal or illegal content, or whether probable cause exists for an arrest; rather, the tip of suspected abusive material alerts law enforcement so that it can do its own independent review and investigation of the material. *United States v. Williamson*, No. 8:21-CR-355-WFJ-CPT, 2023 WL 4056324, at *18 (M.D. Fla. Feb. 10, 2023). Further, courts have found that an expert opinion are not even necessary to support a conviction, let alone a finding of probable cause. *See United States v. Burns*, No. 14-CR-0374 PJS/JSM, 2015 WL 1746485, at *10 (D. Minn. Apr. 16, 2015) (*citing United States v. Koelling*, 992 F.2d 817, 822 (8th Cir.1993)) ("If ordinary citizens serving on a jury can find, based on nothing more than looking at an image, that the image depicts child pornography—and can do so beyond a reasonable doubt—then surely an experienced investigator can provide

6

probable cause for a search warrant based on nothing more than looking at an image. Put differently, if the testimony of a pediatrician or other qualified expert is not necessary to convict, it is surely not necessary to establish probable cause."); s*ee also United States v. Orr*, 819 F. App'x 756, 765 (11th Cir. 2020) ("Probable cause for child pornography offenses does not depend on law enforcement having proof that child pornography is in the defendant's possession.").

Because the Amended Complaint fails to allege sufficient facts to establish liability against Sheriff Hardwick under § 1983, Counts II, IV, and VI should be dismissed.

## III. Plaintiff's Requests for Punitive Damages Against Sheriff Hardwick Should be Stricken

Under Florida law, there are constitutionally created political subdivisions called "counties" and separately created constitutional officers, including a Sheriff. *Fla. Const. art. VIII, §§ 1(a) and (d)*. For claims against a sheriff's department or a jail operated by the sheriff, the proper defendant is the sheriff, in his official capacity. *See e.g., Bermudez v. Osceola County Sheriff's Office,* No.: 6:21-cv-1774-WWB-GJK, 2022 WL 21737688, *4 (M.D. Fla. March 7, 2022); *Mellen v. Fla.*, No. 3:13-CV-1233-J-34, 2014 WL 5093885, at *8 (M.D. Fla. Oct. 9, 2014). The damages recoverable from a sheriff are equivalent to those recoverable against a government entity, such as a municipality. *Colvin v. McDougall*, 62 F.3d 1316, 1319 (11th Cir. 1995) (*citing Quinones v. Durkis*, 638 F.Supp. 856, 859 (S.D. Fla. 1986)).

7

A plaintiff is barred from obtaining a punitive damage award against a Florida Sheriff in his or her official capacity. *Id.*, *citing Morris v. Crow*, 825 F.Supp. 295, 299 (M.D. Fla. 1993) (County Sheriff's Office, like municipalities, is immune from punitive damage claim under § 1983) and *Quinones v. Durkis*, 638 F.Supp. 856, 859 (S.D. Fla. 1986) (Sheriff's Department only liable for damages if such damages would be recoverable against a government entity such as municipality).

Federal Rule of Civil Procedure 12(f) permits a party to move to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." For the purposes of Rule 12(f), something is immaterial if it has no value in developing the issues in a case. *Jack's Magic Prod., Inc. v. Star Brands Ltd.*, No. 8:22-CV-848-WFJ-SPF, 2022 WL 4110287, at *3 (M.D. Fla. Sept. 8, 2022) (internal citations omitted). Similarly, something is "impertinent" if it is irrelevant to issues and is not properly in issue between parties. *Blake v. Batmasian*, 318 F.R.D. 698, 700 n. 3 (S.D. Fla. 2017). Plaintiff's requests for punitive damages against Sheriff Hardwick are both immaterial and impertinent because the requested relief is not recoverable under applicable law and thus, should be stricken.

## **CONCLUSION**

WHEREFORE, for the foregoing reasons, Defendant, Robert Hardwick, in his official capacity as Sheriff of St. Johns County, respectfully requests this Court grant the instant Motion and dismiss the claims against him (Counts II, IV, and VI), strike the material in the Amended Complaint as described herein, and grant such other relief this Court deems just and proper.

## LOCAL RULE 3.01(g) CONFERRAL

The undersigned counsel certifies that lead counsel conferred with Plaintiff's counsel, Michael Roberts, via email on April 28, 2024, and the undersigned conferred with Mr. Roberts via telephone conference on April 29, 2024, regarding the relief sought herein. Plaintiff does not consent to the relief being sought.

Respectfully submitted this 30th day of April 2024.

/s/ Matthew J. Carson
**MATTHEW J. CARSON**
Florida Bar No. 0827711
E-mail: mcarson@sniffenlaw.com
**MICHAEL P. SPELLMAN**
Florida Bar No. 0937975
Email: mspellman@sniffenlaw.com

**SNIFFEN & SPELLMAN, P.A.**
123 North Monroe Street
Tallahassee, Florida 32301
Telephone: (850) 205-1996
Facsimile: (850) 205-3004

*Attorneys for Robert Hardwick, in his official capacity as Sheriff of St. Johns County*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of April 2024, a true and correct copy of the foregoing was electronically filed in the United States District Court for the Middle District of Florida using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

/s/ Matthew J. Carson
**MATTHEW J. CARSON**

9