UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WILLIAM LEE LAWSHE,

     Plaintiff,

v.                                  Case No. 3:24-CV-00044-MMH-MCR

ROBERT HARDWICK, in his official
capacity as Sheriff of St. Johns County,
MIKAYLA PRESTON, in her individual
capacity as a Detective for St. Johns County
Sheriff's Office, and KATHLEEN
DULLY, in her individual capacity as
medical director of the UF Child Protection Team,

     Defendants.

_____

**DEFENDANT SHERIFF HARDWICK'S MOTION TO DISMISS
SECOND AMENDED COMPLAINT, WITH PREJUDICE**

Defendant Robert Hardwick, in his official capacity as Sheriff of St. Johns County ("Sheriff Hardwick"), through undersigned counsel, and pursuant to M.D. Fla. Loc. R. 3.01 and *Fed. R. Civ. P.* 12(b)(6), moves to dismiss, with prejudice, the claims against him in the Second Amended Complaint (Doc. 40), and in support, states:

1. On January 12, 2024, Plaintiff initiated the current action in connection with his arrest for possession of child sexual abuse material on or around April 12, 2023. (Doc. 1, ¶ 12).

2.     On April 2, 2024, the Court, *sua sponte*, struck the Complaint as an impermissible "shotgun pleading." (Doc. 23).

3.     Plaintiff filed an Amended Complaint on April 16, 2024, bringing claims, *inter alia*, against Sheriff Hardwick (referred to as "SJSO"[1]) for an Unreasonable Search in Violation of the Fourth Amendment (Count II), an Unreasonable Arrest in Violation of the Fourth Amendment (Count IV), and a Violation of the First Amendment (Count VI). (Doc. 26).

4.     On April 30, 2024, Sheriff Hardwick moved to dismiss the claims against him, arguing, *inter alia*, the Amended Complaint failed to establish plausible municipal liability against Sheriff Hardwick under 42 U.S.C. § 1983. (Doc. 35).

5.     Plaintiff filed a Second Amended Complaint on May 20, 2024 (Doc. 40), presumably in an attempt to cure the deficiencies highlighted in the Sheriff's Motion to Dismiss the Amended Complaint. (Doc. 35). The Counts against the Sheriff in the Second Amended Complaint are the same as those brought in the Amended Complaint.

6.     Plaintiff's amendments fail to move the needle toward establishing a claim for plausible municipal liability. Plaintiff's allegations concerning "policies" and "procedures" of the Sheriff remain conclusory and threadbare, and even if they were not, the allegations fail to state a claim under § 1983.

---

[1] "SJSO" is an abbreviation for the St. Johns County Sheriff's Office. (Doc. 40, ¶ 8).

**BACKGROUND**

On February 20, 2023, the SJSO received a cyber tip from the National Center for Missing and Exploited Children (NCMEC) that Plaintiff was in possession of one image of apparent but unconfirmed child pornography. (Doc. 40, ¶¶ 35-36). The cyber tip was assigned to SJSO Detective Mikayla Preston for investigation. (Id., ¶ 45). Detective Preston presented the image to Dr. Kathleen Dully – a medical doctor board certified in both pediatrics and child abuse, and a member of the Child Protective Team[2] – for her opinion regarding the age of the individual in the image. (Id., ¶¶ 83, 84, 95). Dr. Dully issued a report stating that the individual appeared to be younger than the age of 18, and could be as young as 12-years-old. (Id., ¶ 106).

With this information, Detective Preston sought and obtained a search warrant directed to Plaintiff's cell phone provider. (Id., ¶¶ 109, 117). After the provider complied with the search warrant, Detective Preston observed another image which she then presented to Dr. Dully. (Id., ¶ 122, 124). Dr. Dully estimated that the second individual was 9 to 13.5-years-old. (Id., ¶ 125).

On April 12, 2023, Detective Preston arrested Plaintiff for knowingly possessing child sexual abuse material. (Id., ¶¶ 12, 129). On December 20, 2023, Plaintiff's criminal defense attorney provided the State Attorney's Office with documents that

---

[2] The Child Protection Team is an organization authorized and established by section 39.303, Florida Statutes, to aid state investigations into allegations of child abuse in various forms. (Doc. 40, ¶ 207).

"purportedly verified" that the individuals in these photographs were 18-years-old. (Id., ¶¶ 33, 102, 123). On December 27, 2023, the State Attorney's Office dropped the charges. (Id., ¶ 33).

## MEMORANDUM OF LAW

### I.    Legal Standard- Failure to State a Claim

A court may dismiss a claim for the "failure to state a claim upon which relief can be granted." *Fed. R. Civ. P.* 12(b)(6). To survive a motion to dismiss on such grounds, a plaintiff must have provided the grounds for entitlement to relief by more than "labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). A mere "formulaic recitation of a cause of action's elements will not do." *Id.* A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citations omitted). Moreover, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Turner v. Williams*, 65 F.4th 564, 577 (11th Cir. 2023) (*citing Iqbal*, 556 U.S. at 678).

### II.    Plaintiff Has Not and Cannot Establish *Monell* Liability

It is well-established that a governmental entity, such as a Sheriff in his official capacity, "may not be sued under § 1983 for an injury inflicted solely by its employees

4

or agents." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). Instead, it is only when execution of a government's policy or custom, "whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy," inflicts the injury that a government entity may be held responsible under § 1983. *Id.* In other words, "recovery from a municipality is limited to acts that are, properly speaking, acts of the municipality—that is, acts which the municipality has officially sanctioned or ordered." *Pembaur v. Cincinnati*, 475 U.S. 469, 480 (1986). A plaintiff must establish that an official policy or custom of the governmental entity was the "moving force" behind a constitutional deprivation. *Monell*, 436 U.S. at 694. Thus, "[t]o impose liability on a government entity, the plaintiff must show '(1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation.'" *Jennings v. Stewart*, 461 F. Supp. 3d 1198, 1200 (N.D. Fla. 2020) (*quoting McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004)). Liability can only attach if constitutional injuries resulted from **an official government policy**, **the actions of an official fairly deemed to represent government policy**, or **a custom or practice so pervasive and well-settled that it assumes the force of law**. *Monell*, 436 U.S. at 694 (emphasis added). Thus, a plaintiff must show "a deliberate choice to follow a course of action" by appropriate policymakers in order for liability to attach. *Howard v. St. Johns Cnty. Sheriff by & through Const. of Fla.*, No. 3:20-CV-939-MMH-PDB, 2021 WL 4244132, at *8 (M.D. Fla. Sept. 17, 2021) (*citing City of Canton v. Harris*, 489 U.S. 378, 389 (1989) (other citations omitted)).

5

"A municipality will rarely have an officially-adopted policy that permits a particular constitutional violation, therefore, in order to state a cause of action for damages under § 1983, most plaintiffs must demonstrate that the municipality has a custom or practice of permitting the violation." *Id.* A custom is a practice that is "so settled and permanent that it takes on the force of law." *Ireland v. Prummell,* 53 F.4th 1274, 1289 (11th Cir. 2022) (*quoting Sewell v. Town of Lake Hamilton*, 117 F.3d 488, 489 (11th Cir. 1997) (internal citations omitted)). To establish a policy or custom, a plaintiff needs to point to multiple incidents. *Piazza v. Jefferson Cnty., Alabama*, 923 F.3d 947, 957 (11th Cir. 2019). Specifically, to establish a custom, a plaintiff must identify evidence showing "a pattern of similar constitutional violations." *Perez v. City of Sweetwater*, 770 Fed. Appx. 967, 972 (11th Cir. 2019) (*citing Craig v. Floyd Cty.*, 643 F.3d 1306, 1310 (11th Cir. 2011)).

In certain circumstances, the failure to provide training may be said to represent a policy if that failure to train evidences "deliberate indifference" to the rights of the people which the governmental entity serves. *Gold v. City of Miami*, 151 F.3d 1346, 1350 (11th Cir. 1998). In such cases, "a plaintiff must present some evidence that the municipality knew of a need to train and/or supervise in a particular area and the municipality made a deliberate choice not to take any action." *Id.*

To put it plainly, "[w]here a plaintiff claims that the municipality has not directly inflicted an injury, but nonetheless has caused an employee to do so, rigorous standards of culpability and causation must be applied to ensure that the municipality is not held liable solely for the actions of its employee." *Bd. of Cnty. Comm'rs of Bryan*

*Cnty., Okl. v. Brown*, 520 U.S. 397, 405 (1997). In the instant case, behind Plaintiff's conclusory allegations of inadequate policies and customs is Plaintiff's real complaint: the existence of what he believes was an imperfect investigation – something inadequate to state a claim against the Sheriff or under the Fourth Amendment. *Harris v. Hixon*, Case No. 22-12493, 2024 WL 2235954, --- F.4th --- (11th Cir. May 17, 2024).

In an attempt to state a *Monell* claim, Plaintiff alleges the following "policies" and "procedures," or other acts of the Sheriff which caused violations of Plaintiff's First and Fourth Amendment rights:

- Policies and procedures which did not require, suggest, or encourage detectives to seek out age verification documentation when investigating child sexual abuse material (Doc. 40, ¶ 67)
- Failure to train on federally mandated age verification records (Id. at ¶ 70)
- Custom or practice not to obtain federally mandated age verification records (Id. at ¶ 72)
- Utilization of (Child Protection Team Doctor) Dr. Kathleen Dully's medical opinions (Id. at ¶¶ 83-86, 89-93)
- Failure to train on the utilization of Dr. Dully's opinions (Id. at ¶ 94)
- Custom or practice of not including the word "unconfirmed" in applications for search warrants (Id. at ¶ 112)

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Turner v. Williams,* 65 F.4th 564, 577 (11th Cir. 2023) (*quoting Iqbal,* 550 U.S. at 678); *see also Ambrose v. St. Johns County School Board,* 664 F. Supp. 3d 1322, 1326 (M.D. Fla. 2023). Plaintiff's sprinkling of magic words ("policies," "procedures," "customs," and "practices") in his Second Amended Complaint does not make disappear the dearth of any real ***facts*** to support his conclusory allegations. *See Hall v. Smith*, 170 Fed. Appx. 105, 108 (11th Cir. 2006)

7

(affirming dismissal of a § 1983 claims against a municipality where the plaintiff alleged no factual support for the conclusory statement that the municipality had a policy or custom of grossly inadequate supervision and training of its employees). Indeed, Plaintiff failed to point to any other instances of alleged constitutional violations other than his own. *See Paylan v. Bondi*, No. 8:15-CV-1366-T-36AEP, 2017 WL 9398657, at *20 (M.D. Fla. Feb. 28, 2017), *report and recommendation adopted*, No. 8:15-CV-1366-T-36AEP, 2017 WL 1149331 (M.D. Fla. Mar. 28, 2017) (finding claims for municipal liability failed because the claim did not refer to other incidents besides the plaintiff's or prior to the plaintiff's that would substantiate a pattern). "Simply alleging the elements of a municipal liability claim, without any factual support, is insufficient to survive a motion to dismiss." *Morrison v. City of Holly Hill*, No. 616CV1809ORL31TBS, 2017 WL 203335, at *2 (M.D. Fla. Jan. 18, 2017).

Alternatively, Plaintiff attempts to state a claim against the Sheriff under a ratification theory of liability. Plaintiff loosely alleges the "actions, investigation and application" of the alleged unreasonable search "was approved and ratified by SJSO" (Doc. 40, ¶ 150) and the investigation and arrest were "approved" and "ratified" by SJSO (Id. at ¶ 179, 203). However, there are simply no facts which could support a ratification theory of liability. *See Howard v. St. Johns Cnty. Sheriff by & through Const. of Fla.*, No. 3:20-CV-939-MMH-PDB, 2021 WL 4244132, at *8 (M.D. Fla. Sept. 17, 2021) (to establish ratification, a final policymaker must adopt an unconstitutional decision and the unconstitutional basis for that decision); *Matthews v. Columbia Cnty.*, 294 F.3d 1294 (11th Cir. 2002) ("Only those municipal officers who have final

policymaking authority may by their actions subject government to § 1983 liability."); *Salvato v. Miley*, 790 F.3d 1286, 1297-98 (11th Cir. 2015) (finding a single failure to investigate a constitutional violation insufficient to establish ratification). Plaintiff's allegations are precisely the type of vague and conclusory allegations which a plaintiff may not rely on to survive a motion to dismiss. Indeed, there are no facts relating to any supervisors or anyone with policymaking authority adopting any alleged unconstitutional decisions or the bases therefore.

To be sure, Plaintiff has alleged facts that, if proven, might establish, at most, the existence of a single incident where SJSO detectives arrested an individual after an (allegedly) insufficient investigation. However, Plaintiff has not alleged – and will never be able to establish – facts to support a finding that this was a practice so widespread that it had the effect of legislative enactment. For this reason, Plaintiff's municipal liability claims against Sheriff Hardwick fail, and are due to be dismissed.

**III.   Plaintiff Has Not and Cannot Establish a Constitutional Violation**

In addition to the fact that Plaintiff's Second Amended Complaint lacks the factual backing for his blanket assertions for *Monell* liability, his claims against Sheriff Hardwick fail for the additional reason that Plaintiff cannot establish he suffered a constitutional violation in the first instance. Indubitably, the Constitution does not require an arresting officer to rule out a suspect's innocence. *Davis v. City of Apopka*, 78 F.4th 1326, 1336 (11th Cir. 2023), *cert. denied sub nom. Davis v. Apopka, FL*, No. 23-1102, 2024 WL 2116347 (U.S. May 13, 2024). Investigators are not constitutionally required to investigate every proffered claim of innocence. *Id.* at 1335. Nor is Plaintiff

entitled to an error-free investigation. *Id*; see also Harris, 2024 WL 2235954, at *3

("…the Constitution protects against "unreasonable searches and seizures," … not

against imperfect searches and seizures.")

Moreover, "[p]robable cause does not require the same type of specific evidence

of each element of the offense as would be needed to support a conviction." *Adams v.*

*Williams*, 407 U.S. 143, 149 (1972). Probable cause does not require that an officer

have conclusive evidence; put simply, probable cause "is not a high bar." *Washington*

*v. Howard*, 25 F.4th 891, 899 (11th Cir. 2022). The question of probable cause merely

asks, "whether a reasonable officer could conclude ... that there was a substantial

chance of criminal activity." *Id.* Indeed, the Second Amended Complaint establishes

this.

The Second Amended Complaint establishes Detective Preston, an expert in

the investigation of crimes against children, received a tip from NCMEC that Plaintiff

was in possession of an image of apparent child pornography (unconfirmed)[3]. (Doc.

40, ¶¶ 11, 35-36). The image was suspected to be one of a "prepubescent" female. (Id.,

¶ 46). Detective Preston reviewed the image and sought the opinion of Dr. Dully. (Id.,

¶¶ 45, 95-96). Dr. Dully opined that the individual in the cyber tip photograph was as

---

[3] NCMEC "employs the label of child pornography unconfirmed when it believes the activity appears to meet the federal definition of child pornography but there may be a question of the age of the individual seen in that particular image." *United States of America v. Williamson*, Case No. 8:21-CR-355-WFJ-CPT (M.D. Fla. February 10, 2023) (internal quotations omitted) (citing testimony of Jennifer Newman, Executive Director at NCMEC).

young as 12-years-old. (Id., ¶ 106). Dr. Dully opined that another photograph located on Plaintiff's cell phone depicted an individual between 9 and 13.5-years-old. (Id., ¶ 125).

Plaintiff's allegations do not establish a constitutionally-infirm investigation in the first place. Here, Detective Preston sought and obtained expert opinions from a dual-board certified medical doctor regarding the probable age of the individuals depicted in the images on Plaintiff's cell phone. That goes beyond the minimum requirements for law enforcement investigations into child pornography. To be sure, courts have found that an expert opinion is not necessary to support a conviction, let alone a finding of probable cause. *See United States v. Burns*, No. 14-CR-0374 PJS/JSM, 2015 WL 1746485, at *10 (D. Minn. Apr. 16, 2015) (*citing United States v. Koelling*, 992 F.2d 817, 822 (8th Cir.1993)) ("If ordinary citizens serving on a jury can find, based on nothing more than looking at an image, that the image depicts child pornography— and can do so beyond a reasonable doubt—then surely an experienced investigator can provide probable cause for a search warrant based on nothing more than looking at an image. Put differently, if the testimony of a pediatrician or other qualified expert is not necessary to convict, it is surely not necessary to establish probable cause."); s*ee also United States v. Orr*, 819 Fed. Appx. 756, 765 (11th Cir. 2020) ("Probable cause for child pornography offenses does not depend on law enforcement having proof that child pornography is in the defendant's possession."); *United States v. Koelling*, 992 F.2d 817, 822 (8th Cir. 1993) (citations omitted) ("The fact that some adults look like minors and some minors look like adults does not mean a warrant is overbroad. Most minors

11

look like minors and most adults look like adults, and most of the time most law enforcement officers can tell the difference. The Constitution requires no greater precision.").

Plaintiff argues that Detective Preston should have known there was no probable cause because "Met-art," the website Plaintiff claims the photograph was from, "clearly and unequivocally state[d] that the subject model was over 18 years of age." (Doc. 40, ¶ 56). Plaintiff's proffering, that probable cause is diminished if something to the contrary is on the internet, is ludicrous and unsupported by the law. Moreover, while intentional or reckless material misstatements or omissions in a warrant affidavit could, in certain circumstances, violate the Fourth Amendment, negligent misstatements or omissions do not. *Paez v. Mulvey*, 915 F.3d 1276, 1287 (11th Cir. 2019) (internal citations omitted). Plaintiff has submitted no facts that suggest Detective Preston acted with intent or recklessness. Further, the omission of information which would not negate probable cause does not violate the Fourth Amendment. Here, the fact that Met-art allegedly represented that the individuals in the subject photographs were 18-years-old does not extinguish the possibility that a reasonable officer could conclude that there was a substantial chance that the photographs in Plaintiff's possession comprised child pornography. For obvious reasons, the Constitution does not require law enforcement officers to believe every claim or proffering of innocence, or to seek them out Accordingly, Detective Preston did not leave out any material information which would have extinguished probable

12

cause. Put simply, Plaintiff's allegations wholly fail to establish a constitutional violation.

Finally, Plaintiff's First Amendment claim necessarily suffers the same fate as his Fourth Amendment claims. There is no First Amendment right to possess child pornography. So long as SJSO detectives meet the low threshold of probable cause to believe Plaintiff possessed child pornography, he has no First Amendment claim.

Put simply, Plaintiff was indisputably in possession of one or more images that triggered a cyber tip from NCMEC, and which a medical doctor opined were of individuals as young as 12 and 9-years-old. There was ample probable cause to support the search warrant for his phone and his arrest as a matter of law. For all these reasons, Plaintiff's Second Amended Complaint fails to allege sufficient facts to establish a constitutional violation occurred or that such violation was caused by a policy or custom of Sheriff Hardwick. Thus, Counts II, IV, and VI should be dismissed. Because Plaintiff has had multiple opportunities to state a claim upon which relief can be granted and has wholly failed to do so, dismissal should be with prejudice.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Defendant, Robert Hardwick, in his official capacity as Sheriff of St. Johns County, respectfully requests this Court grant the instant Motion and dismiss, with prejudice, the claims against him (Counts II, IV, and VI) and grant such other relief this Court deems just and proper.

13

## LOCAL RULE 3.01(g) CONFERRAL

The undersigned counsel certifies that his office conferred with Plaintiff's counsel via email on May 31, 2024, regarding this motion, and can represent that Plaintiff opposes the relief sought.

Respectfully submitted this 3rd day of June 2024.

/s/ Matthew J. Carson
**MATTHEW J. CARSON**
Florida Bar No. 0827711
E-mail: mcarson@sniffenlaw.com
**MICHAEL P. SPELLMAN**
Florida Bar No. 0937975
Email: mspellman@sniffenlaw.com

**SNIFFEN & SPELLMAN, P.A.**
123 North Monroe Street
Tallahassee, Florida 32301
Telephone: (850) 205-1996
Facsimile: (850) 205-3004

*Attorneys for Defendants Robert Hardwick, in his official capacity as Sheriff of St. Johns County*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of June 2024, a true and correct copy of the foregoing was electronically filed in the United States District Court for the Middle District of Florida using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

/s/ Matthew J. Carson
**MATTHEW J. CARSON**

14