# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISON

WILLIAM LAWSHE,
An individual,

    Plaintiff,          Case No. 3:24-cv-00044

v.

ROBERT HARDWICK,
In his official capacity as Sheriff of St. John's County,
MIKAYLA PRESTON,
In her individual capacity as a Detective for St. John's
County Sheriff's Office,
UNIVERSITY OF FLORIDA BOARD OF TRUSTEES,
And KATHLEEN DULLY, in her individual capacity as
medical director of the UF Child Protection Team,

    Defendants.

_____/

## DEFENDANT KATHLEEN DULLY'S, SUED IN HER INDIVIDUAL CAPACITY AS MEDICAL DIRECTOR OF THE UF CHILD PROTECTION TEAM, MOTION TO DISMISS COUNT VII OF PLAINTIFF'S SECOND AMENDED COMPLAINT OR ALTERNATIVELY, MOTION FOR A MORE DEFINITE STATEMENT

Comes Now, Defendant Kathleen Dully, sued in her individual capacity as medical director of the UF Child Protection Team (hereinafter referred to as "Dr. Dully"), by and through her undersigned counsel, pursuant to Rule 12(b)(6), Fed. R. Civ. P., and files this Motion to Dismiss Count VII of Plaintiff's Second Amended

1

Complaint for failure to state a claim upon which relief can be granted. As grounds in support of this Motion, Dr. Dully states:

## FACTS

1. Plaintiff William Lawshe (hereinafter referred to as "Plaintiff") filed a multiple count Second Amended Complaint and specifically, as to Dr. Dully, alleged a violation of 42 U.S.C. §1983 Fourteenth Amendment.

2. At all times material, Dr. Dully was and is a medical director of the UF Child Protection Team, an agency of the State of Florida. (See Plaintiff's Second Amended Complaint, ¶208).

3. Plaintiff states Dr. Dully was acting in the course and scope of her role as the Medical Director of the UF Child protection team. (*Id.* at ¶210).

4. Further, Plaintiff alleges UF Child Protection Team is an organization authorized and established by Florida Statute 39.303 to aid state investigations into allegations of child abuse. (*Id.* at ¶207).

5. Plaintiff alleges Dr. Dully was at all times relevant acting within the course and scope of her role as the Medical Director of the UF Child protection team. (*Id.* ¶210).

6. Plaintiff's Second Amended Complaint is devoid of any allegations that Dr. Dully individually acted outside the scope of her employment on its face. In fact, Plaintiff's Second Amended Complaint establishes its claim that Dr.

2

Dully was acting within the scope of her employment.

7. Plaintiff failed to state a cause of action against Dr. Dully individually; Plaintiff is barred from bringing a cause of action against Dr. Dully in her individual capacity under §1983 pursuant to the 11th Amendment of the United States Constitution.

## MEMORANDUM OF LAW

Rule 12(b)(6) provides that a complaint may be dismissed for failure to state a claim upon which relief can be granted. Dr. Dully is immune from suit pursuant to the Eleventh Amendment of the United States Constitution. The Eleventh Amendment expressly provides: "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced on or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." The law in this area is well-settled in that, "absent several limited exceptions, the Eleventh Amendment is an absolute bar to suit for monetary damages by an individual against a state or its agencies, or against officers or employees of the state or its agencies in their official capacities." *McCurry v. Moore*, 242 F.Supp.2d 1167, 1183 (N.D. Fla. 2002), *citing Edelman v. Jordan*, 415 U.S. 651 (1974); *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.* 506 U.S. 139 (1993); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44 (1996); *Carr v. City of Florence*, 916 F.2d 1521, 1524 (11th Cir. 1990).

3

Eleventh Amendment immunity "confers immunity from suit, not just from liability." *Riddle v. Secretary, Dept. of Corrections*, Slip Copy, 2008 WL 4790516 (M.D. Fla.). A suit against a state official in his or her official capacity "is not a suit against the official but rather is a suit against the official's office." *Riddle,* Slip Copy, 2008 WL 4790516, citing *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989). In other words, it is no different from a suit against the State itself. *Riddle,* Slip Copy, 2008 WL 4790516, citing *Will,* 491 U.S. at 71.

Unless Congress, expressly and unequivocally, abrogates this immunity, or unless the State waives its immunity and consents to suit in federal court, Plaintiff's claims are absolutely barred. *Fletcher v. State of Florida*, 858 F.Supp. 169 (M.D. Fla. 1994); *Gamble v. Florida Dept. of Health & Rehab. Services*, 779 F.2d 1509 (11th Cir. 1986); *Edelman v. Jordan*, 415 U.S. 651 (1974). Furthermore, "States and their officials no longer need to rely exclusively on eleventh amendment immunity to avoid liability in their official capacities in section 1983 cases" because, as held in *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989), "states and state officials acting in their official capacities are not 'persons' subject to liability under 42 U.S.C. §1983." *Farrell v. Woodham*, 2002 WL 32107645 (M.D. Fla.), citing to *Carr*, 916 F.2d at 1524.

Applying these rules to the instant matter, the issue is clear—the claim brought against Dr. Dully in Count VII of Plaintiff's Second Amended Complaint is barred by the Eleventh Amendment. The University of Florida Board of Trustees is a state agency, indisputably an arm of the State of Florida. (Plaintiff sued Dr. Dully individually in her capacity as a medical director of the UF Child Protection Team with the University of Florida.)  Thus, the remedy Plaintiff seeks is against the University of Florida Board of Trustees and not an individual employee of the University of Florida Board of Trustees. Based on the foregoing, Plaintiff's claim against Dr. Dully for alleged violation of 42 U.S.C. §1983 is completely barred by the Eleventh Amendment of the United States Constitution.

Finally, no exception to immunity applies in this case.  The Supreme Court of the United States already declared that Congress did not abrogate state immunity to suit under §1983.  *Will,* 491 U.S. at 66-67; *Fletcher,* 858 F.Supp. at 172, citing *Gamble,* 779 F.2d 1509; *Hill v. Department of Corrections, State of Florida*, 513 So.2d 129 (Fla. 1987).  Further, the State has not statutorily waived its immunity in the federal courts.  A waiver by the State is found only when stated "by the most express language or by such overwhelming implications from the text as [will] leave no room for any other reasonable construction.[1]  *Fletcher,* 858 F.Supp. at 172, citing *Florida Department of Health and Rehabilitative Services v. Florida Nursing Home*

---

[1] §768.28 is Florida's general waiver of sovereign immunity statute.

*Association,* 450 U.S. 147 (1981); *John Doe, et al, v. Moore*, 410 F.3d 1337, 1349 (11th Cir. 2005).

Florida courts, including the 11th Circuit, have previously addressed whether Florida's general waiver of sovereign immunity statute constitutes a waiver of Eleventh Amendment immunity.  These courts have ruled that it does not.  *Hill,* 513 So. 2d 129; *Fletcher,* 858 F.Supp. at 172; *Shinholster v. Graham*, 527 F.Supp 1318 (N.D. Fla. 1981); *Gamble,* 779 F.2d 1509.  "The State of Florida has not statutorily waived its Eleventh Amendment immunity for itself, nor for any arms of the state, nor for its officers, employees or agents sued in their official capacities…[T]he Florida legislature's intent to limit the waiver of sovereign immunity solely to tort claims and to the exclusion of federal civil rights suits is abundantly clear." *Shinholster,* 527 F.Supp. 1318.

## CONCLUSION

Plaintiff's Second Amended Complaint fails to state a claim upon which relief can be granted against Dr. Dully in her individual capacity, as the claim alleges, she was acting within the scope of her employment with the state agency that employed her. Dr. Dully is immune from suit.

Alternatively, Dr. Dully moves for a more definite statement regarding Count VII, of Plaintiff's Second Amended Complaint.  Under Federal Rule of Civil Procedure 12(e), a party may move for a more definite statement of a pleading  to

which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response.

WHEREFORE, Defendant Dr. Kathleen Dully respectfully requests this Honorable Court to dismiss Count VII of Plaintiff's Second Amended Complaint for failure to state a claim upon which relief can be granted, as to Defendant Dr. Dully, or alternatively, that Plaintiff be required to provide a more definite statement before requiring Dr. Dully to file a responsive pleading to Count VII.

## Local Rule 3.01(g) Certification

In accordance with Local Rule 3.01(g), I, the undersigned counsel, hereby certify that I have conferred with counsel for Plaintiff in advance of filing this motion by both email and telephone on June 11, 2024.  Plaintiff opposes the relief sought in this motion.

## CERTIFICATE OF SERVICE

I hereby certify that a copy hereof was served via Florida e-Portal this **19th** day of **June 2024** upon **Michael K. Roberts, Esquire**, **Jeffrey S. Nooney, Esquire** Law Offices of Nooney, Roberts, Hewett, and Nowicki, 1680 Emerson Street, Jacksonville, Florida 32207  mroberts@nrhnlaw.com     jnooney@nrhnlaw.com (*Counsel for Plaintiff*);

7

BUCHANAN & BUCHANAN, P.A.
Attorney for Defendant Kathleen Dully
1900 SE 18th Avenue, Suite 300
Ocala, Florida 34471
Tel:   (352) 629-4099
Fax:   (352) 629-3975
Primary Email: rbuchanan@rbtrial.com
                ashevlin@rbtrial.com
Secondary Email: aperry@rbtrial.com
                rscinta@rbtrial.com


By: /s/ Robert B. Buchanan
Robert B. Buchanan
Florida Bar No. 063400
Amy Shevlin
Florida Bar No. 44944

8