**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

WILLIAM LEE LAWSHE,
an individual,

       Plaintiff,

v.                                                                                  Case No. 3:24-cv-00044-MMH-MCR

ROBERT HARDWICK,
in his official capacity as Sheriff of St. Johns County,
MIKAYLA PRESTON,
in her induvial capacity as a Detective for St. Johns County Sheriff's Office,
UNIVERSITY OF FLORIDA BOARD OF TRUSTEES, and
KATHLEEN DULLY, in her individual capacity as
medical director of the UF Child Protection Team,

       Defendants.

_____/

**<u>PLAINTIFF'S RESPONSE TO DEFENDANT, KATHLEEN DULLY'S</u>**
**<u>MOTION TO DISMISS OR, ALTERNATIVELY,</u>**
**<u>MOTION FOR MORE DEFINTE STATEMENT</u>**

For the foregoing reasons, Plaintiff asks this Court to deny Defendant's Motion to Dismiss Count VII and/or her Motion for More Definite Statement. (Doc 45).

Defendant, Kathleen Dully moves to dismiss Count VII of the present Complaint, on the basis of Eleventh Amendment Immunity. The Eleventh Amendment can, under certain circumstances, provide immunity for

1

*Section 1983* claims brough against state officials, in their official capacity. *Kentucky v. Graham*, 473 U.S. 159 (1985), see also *Scheuer* v. *Rhodes*, 416 U.S. 232, 237-238 (1974); *Gamble v. Florida Dep't of Health & Rehabilitative Services*, 779 F.2d 1509 (11th Cir. 1986). However, the Eleventh Amendment provides no bar to recovery of damages against state officers in their "individual capacities." *Gaffney v. Rives*, 2023 U.S. Dist. LEXIS 164536, citing *Gamble v. Florida Dep't of Health & Rehabilitative Services*, 779 F.2d 1509 (11th Cir. 1986).

Despite the explicit description in the Complaint that she has been named as a defendant "in her individual capacity," Dr. Dully takes the contrary position that she is being sued in her "official capacity" and, therefore, is shielded by the Eleventh Amendment immunity afforded to the State. The sole basis for this argument is that the Complaint alleges that Dr. Dully was "acting within the scope of her employment" with the State when she violated the Plaintiff's rights. (Defendant's Amended Motion to Dismiss Count VII, Doc 14, Page 2, 6) This is an unsupported and incorrect application of the law to the facts alleged in the Complaint.

Personal-capacity claims seek to impose personal liability upon a government official for actions he takes under color of state law. *Kentucky v. Graham*, 473 U.S. 159 (1985), see also *Scheuer* v. *Rhodes*, 416 U.S. 232,

2

237-238 (1974). Official-capacity suits, in contrast, "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159 (1985) 3105, *Monell* v. *New York City Dept. of Social Services*, 436 U.S. 658 (1978). The analysis of whether a claim is brought in a person's "official capacity" or "individual capacity" does not turn on whether the state official was acting in the scope of their employment. *Gamble v. Florida Dep't of Health & Rehabilitative Services*, 779 F.2d 1509, 1513 (11th Cir. 1988) ("the question is whether the plaintiff is reasonably seeking relief from the state coffers or from the individual's assets.")

In the present case, the Complaint explicitly names Defendant, Dr. Kathleen Dully "in her ***individual capacity*** as medical director of the UF Child Protection Team." [emphasis added] Furthermore, the allegations of the Complaint clearly articulate that the claim is being brought against Dr. Dully, because of her personal acts or omissions. The complaint alleges, in great detail, the specific acts of Dr. Dully and her personal interaction with law enforcement in the investigation of Mr. Lawshe. (see Second Amended Complaint, generally, from paragraphs numbered 81-108). This is not a

claim against Dr. Dully as a mere figurehead of a state agency.[1] Finally, the Complaint seeks judgment for damages against Dr. Kathleen Dully, individually, as a named Defendant. (Second Amended Complaint, P. 36). Defendant fails to state a reason why Plaintiff would not be entitled to a judgment against Kathleen Dully, individually, if he is otherwise successful in this claim.

The UF Board of Regents was named as a separate Defendant in this matter.[2] They are represented by different counsel.  This further illustrates the fact that Dr. Dully is being sued individually, not as a "stand-in" for the agency she works for.

Moreover, the allegation that Dr. Dully acted within the scope of her employment as a state official when she violated Mr. Lawshe's rights, is clearly not a bar to individual liability under *Section 1983*. In fact, it is an essential allegation.  To establish *personal* liability in a § 1983 action, the Plaintiff must show that a state official, acting under color of state law, caused the deprivation of a federal right. *Kentucky. v. Graham,* 473 U.S.

---

[1] Medical Director is not the administrative office in charge of the UF Child Protection Team and Plaintiff is not suing Dr. Dully *because* she had the title of medical director. It is the title of the job she had.

[2] Plaintiff concedes that the Board of Regents claim of Eleventh Amendment immunity is valid and separately filed a Notice of Voluntary Dismissal as to that Count.

159, 166. Therefore, Plaintiff must allege that Dr. Dully was "acting under color of state law" in order to successfully state a cause of action against her, in her individual capacity.

A deprivation of rights "under color of state law" is proved by showing 1) that a state officer misused or abused or her official power, and (2) that there existed a nexus between the victim, the improper conduct, and performance of official duties. *See Bustos v. Martini Club Inc.*, 599 F.3d 458, 464-65 (5th Cir. 2010) Put more succinctly, "a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." *West v. Atkins*, 487 U.S. 42, 50 (1988).  The allegation that Dr. Dully was acting "in the course and scope" of her official duties is a foundational allegation to establish that the wrong was committed "under color of state law."

In conclusion, the Second Amended Complaint alleges facts that establish (1) Defendant Dully is being sued in her individual capacity (2) that she personally committed acts or omissions which deprived the Plaintiff of well-established federally protected rights and that (3) these acts or omissions were made under color of state law. Plaintiff has made all of the required allegations to state a cause of action under *Section 1983*. The Amended Motion to Dismiss should be denied.

Finally, the Motion also requests that the Plaintiff be made to make a more definite statement of the allegations.  Under Federal Rule of Civil Procedure 12(e), a party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The Defendant, in her Motion, has not articulated in what way the allegations contained in the Second Amended Complaint are vague or ambiguous. Therefore, it is not possible to respond to this portion of the Motion, other than to state that the allegations of the Second Amended Complaint are detailed, clear and unambiguous. The Motion for a More Definite Statement should be denied, as well.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of this document has been filed with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to counsel of record on this 12th day of July 2024.

LAW OFFICES OF NOONEY, ROBERTS, HEWETT, AND NOWICKI

*/s/ Michael K. Roberts*

_____

**Michael K. Roberts, Esquire**
Florida Bar No. 00779741
**Jeffery S. Nooney, Esquire**
Florida Bar No. 1011565

6

1680 Emerson Street
Jacksonville, FL 32207
(904) 398-1992
(904) 858-9943 facsimile
mroberts@nrhnlaw.com
jnooney@nrhnlaw.com
Attorney for Plaintiff