UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISON

WILLIAM LAWSHE,
An individual,

    Plaintiff,         Case No. 3:24-cv-00044

v.

ROBERT HARDWICK,
In his official capacity as Sheriff of St. John's County,
MIKAYLA PRESTON,
In her individual capacity as a Detective for St. John's
County Sheriff's Office,
UNIVERSITY OF FLORIDA BOARD OF TRUSTEES,
And KATHLEEN DULLY, in her individual capacity as
medical director of the UF Child Protection Team,

    Defendants.
_____/

**<u>DEFENDANT KATHLEEN DULLY'S, SUED IN HER INDIVIDUAL
CAPACITY AS MEDICAL DIRECTOR OF THE UF CHILD
PROTECTION TEAM ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S SECOND AMENDED COMPLAINT</u>**

Comes Now Defendant Kathleen Dully (hereinafter referred to as "Dr. Dully"),

by and through her undersigned counsel, and hereby responds to Plaintiff William

Lawshe in his individual capacity, Second Amended Complaint as follows:

**<u>SECOND AMENDED COMPLAINT</u>**

1.  Admitted that this action purports to be brought under 42 U.S.C. § 1983, but

  denied that the claims have merit or that Plaintiff is entitled to relief.

## COMMON ALLEGATIONS – THE ARREST

2.  Without knowledge, therefore denied.

3.  Without knowledge, therefore denied.

4.  Without knowledge, therefore denied.

5.  Without knowledge, therefore denied.

6.  Without knowledge, therefore denied.

7.  Without knowledge, therefore denied.

8.  Without knowledge, therefore denied.

9.  Without knowledge, therefore denied.

10. Without knowledge, therefore denied.

11. Without knowledge, therefore denied.

12. Without knowledge, therefore denied.

13. Without knowledge, therefore denied.

14. Denied.

15. Without knowledge, therefore denied.

16. Without knowledge, therefore denied.

17. Without knowledge, therefore denied.

18. Without knowledge, therefore denied.

19. Without knowledge, therefore denied.

20. Without knowledge, therefore denied.

21. Without knowledge, therefore denied.

22. Without knowledge, therefore denied.

23. Without knowledge, therefore denied.

24. Without knowledge, therefore denied.

25. Without knowledge, therefore denied.

26. Without knowledge, therefore denied.

27. Without knowledge, therefore denied.

28. Without knowledge, therefore denied.

29. Without knowledge, therefore denied.

30. Without knowledge, therefore denied.

31. Without knowledge, therefore denied.

32. Denied.

33. Without knowledge, therefore denied.

## COMMON ALLEGATIONS – THE INVESTIGATION

34. Denied.

35. Without knowledge, therefore denied.

36. Without knowledge, therefore denied.

37. Admitted that  NCMEC is a non-profit organization which operates a cyber tip line receiving and reporting allegations of CSAM. Otherwise, without knowledge, therefore denied.

38. Without knowledge, therefore denied.

39. Without knowledge, therefore denied.

40. Without knowledge, therefore denied.

41. Without knowledge, therefore denied.

42. Without knowledge, therefore denied.

43. Without knowledge, therefore denied.

44. Without knowledge, therefore denied.

45. Without knowledge, therefore denied.

46. Without knowledge, therefore denied.

47. Without knowledge, therefore denied.

48. Without knowledge, therefore denied.

49. Without knowledge, therefore denied.

50. Without knowledge, therefore denied.

51. Without knowledge, therefore denied.

52. Without knowledge, therefore denied.

53. Without knowledge, therefore denied.

54. Without knowledge, therefore denied.

55. Without knowledge, therefore denied.

56. Without knowledge, therefore denied.

    a.  Without knowledge, therefore denied.

     b.  Without knowledge, therefore denied.

     c.  Without knowledge, therefore denied.

     d.  Without knowledge, therefore denied.

     e.  Without knowledge, therefore denied.

     f.  Without knowledge, therefore denied.

57. Without knowledge, therefore denied.

58. Without knowledge, therefore denied.

59. Without knowledge, therefore denied.

60. Without knowledge, therefore denied.

61. Without knowledge, therefore denied.

62. Without knowledge, therefore denied.

63. Without knowledge, therefore denied.

64. Without knowledge, therefore denied.

65. Without knowledge, therefore denied.

66. Without knowledge, therefore denied.

67. Without knowledge, therefore denied.

68. Without knowledge, therefore denied.

69. Without knowledge, therefore denied.

70. Without knowledge, therefore denied.

71. Without knowledge, therefore denied.

72. Without knowledge, therefore denied.

73. Without knowledge, therefore denied.

74. Without knowledge, therefore denied.

75. Without knowledge, therefore denied.

76. Without knowledge, therefore denied.

77. Without knowledge, therefore denied.

78. Without knowledge, therefore denied.

79. Without knowledge, therefore denied.

80. Without knowledge, therefore denied.

81. Without knowledge, therefore denied.

82. Without knowledge, therefore denied.

83. Denied.

84. Denied.

85. Without knowledge, therefore denied.

86. Without knowledge, therefore denied.

87. Without knowledge, therefore denied.

88. Denied.

89. Without knowledge, therefore denied.

90. Without knowledge, therefore denied.

91. Without knowledge, therefore denied.

92. Without knowledge, therefore denied.

93. Without knowledge, therefore denied.

94. Without knowledge, therefore denied.

95. Admitted that Dr. Kathleen Dully is a medical doctor, board certified in pediatrics and child abuse. Otherwise, denied as phrased.

96. Denied as phrased.

97. Denied as phrased.

98. Denied.

99. Admitted that Dr. Dully met with Detective Preston on February 22, 2023. Otherwise, without knowledge and therefore denied.

100. Without knowledge, therefore denied.

101. Admitted.

102. Without knowledge, therefore denied.

103. Denied.

104. Denied as phrased.

105. Denied.

106. Denied as phrased.

107. Without knowledge, therefore denied.

108. Denied.

109. Without knowledge, therefore denied.

110.    Without knowledge, therefore denied.

111.    Without knowledge, therefore denied.

    a.  Without knowledge, therefore denied.

    b.  Without knowledge, therefore denied.

    c.  Without knowledge, therefore denied.

    d.  Without knowledge, therefore denied.

    e.  Without knowledge, therefore denied.

    f.  Without knowledge, therefore denied.

    g.  Denied.

112.    Without knowledge, therefore denied.

113.    Without knowledge, therefore denied.

114.    Without knowledge, therefore denied.

115.    Without knowledge, therefore denied.

116.    Without knowledge, therefore denied.

117.    Without knowledge, therefore denied.

118.    Without knowledge, therefore denied.

119.    Without knowledge, therefore denied.

120.    Without knowledge, therefore denied.

121.    Without knowledge, therefore denied.

122.    Without knowledge, therefore denied.

123. Without knowledge, therefore denied.

124. Admitted that Dr. Dully viewed a second image after February 22, 2023. Otherwise, without knowledge, therefore denied.

125. Denied.

126. Without knowledge, therefore denied.

127. Denied.

128. Denied that Dr. Dully's opinion was baseless and not grounded in scientific probability or reality. Otherwise, without knowledge, therefore denied.

129. Without knowledge, therefore denied.

130. Without knowledge, therefore denied.

131. Without knowledge, therefore denied.

**COUNT I – DET. PRESTON – VIOLATION OF THE FOURTH AMENDMENT – UNREASONABLE SEARCH**

132.-144. The allegations in these paragraphs do not require a response from Defendant Dr. Dully and none is offered. To the extent that the allegations in these paragraphs imply liability on the part of Defendant Dr. Dully, they are denied.

## COUNT II – SJSO – VIOLATION OF THE FOURTH AMENDMENT – UNREASONABLE SEARCH

145.-153.    The allegations in these paragraphs do not require a response from Defendant Dr. Dully and none is offered. To the extent that the allegations in these paragraphs imply liability on the part of Defendant Dr. Dully, they are denied.

## COUNT III – DET. PRESTON – VIOLATION OF THE FOURTH AMENDMENT, UNREASONABLE ARREST

154.-166.    The allegations in these paragraphs do not require a response from Defendant Dr. Dully and none is offered. To the extent that the allegations in these paragraphs imply liability on the part of Defendant Dr. Dully, they are denied.

## COUNT IV – SJSO – VIOLATIONOF THE FOURTH AMENDMENT, UNREASONABLE ARREST

167.-182.    The allegations in these paragraphs do not require a response from Defendant Dr. Dully and none is offered. To the extent that the allegations in these paragraphs imply liability on the part of Defendant Dr. Dully, they are denied.

## COUNT V – DET. PRESTON VIOLATION OF THE FIRST AMENDMENT

183.-192.    The allegations in these paragraphs do not require a response from Defendant Dr. Dully and none is offered. To the extent that the allegations in these paragraphs imply liability on the part of Defendant Dr. Dully, they are denied.

## COUNT VI – SJSO VIOLATION OF THE FIRST AMENDMENT

193.-205.    The allegations in these paragraphs do not require a response from Defendant Dr. Dully and none is offered. To the extent that the allegations in these paragraphs imply liability on the part of Defendant Dr. Dully, they are denied.

## COUNT VII – DR. KATHLEEN DULLY – VIOLATION OF FOURTEENTH AMENDMENT – DUE PROCESS

206.    Dr. Dully restates and incorporates her answers to the allegations contained in paragraphs 1-131 as though fully restated herein.

207.    Without knowledge, therefore denied.

208.    Admitted.

209.    Admitted.

210.    Admitted.

211.    Denied.

212.    Without knowledge, therefore denied.

213.    Denied.

214.    Denied.

215.    Denied.

216.    Denied.

217.    Denied.

218.    Denied.

## AFFIRMATIVE DEFENSES

Having fully answered the Amended Complaint, Defendant Dr. Dully now asserts the following as further, separate, and alternate, affirmative defenses to the claims of Plaintiff:

219.    Plaintiff failed to state claims upon which relief may be granted.

220.    Defendant Dr. Dully, in the performance of her duties as an official of the State of Florida, is entitled to qualified immunity from Plaintiffs' claims and from suit.

221.    Defendant Dr. Dully's conduct did not subject Plaintiffs to a deprivation of rights, privileges or immunities secured by the United States Constitution or laws.

222.    Defendant Dr. Dully was acting in good faith as an official of the State of Florida at all times material to this action.

223.    Defendant Dr. Dully has not violated clearly established law.

224.    Plaintiffs' claims are barred by the statute of limitations.

225.    Plaintiffs' claims are barred by the doctrine of laches.

226.    Any recovery by Plaintiffs in this action must be reduced by the value of all benefits received by Plaintiff from collateral sources.

227.    Any damages suffered by Plaintiffs is the result of superseding, independent or intervening causes over which Defendant Dr. Dully had no control and for which she is not responsible.

228.    Plaintiff failed to mitigate his damages.

229.    As a further affirmative defense, pursuant to the provisions of §768.81 Fla. Stat. and the applicable case law found in Messmer v. Teacher's Insurance Company, 597 So.2d 10 (Fla. 5th DCA 1991) and Fabre v. Marin, 623 So.2d 1182 (Fla. 1992), and subsequent case law interpreting the same, Defendant Dr. Dully is entitled to have the alleged damages of Plaintiff, if any, apportioned among all persons or entities responsible, such apportionment to be determined by the trier of fact herein.  Insofar as Plaintiff has alleged that Robert Hardwick, and Mikayla Preston are responsible for some or all of the damages claimed, Defendant Dr. Dully gives notice that she intends to request that such responsible parties, persons or entities, including Plaintiff, if applicable, be placed on the verdict form in this cause.  Defendant Dr. Dully gives notice that she also intends

to request that the St. John's County Sheriff's Office (SJSO), Kaitlyn Payne, St. John's County State Attorney Office (SJSAO), the Florida Wildlife Commission (FWC), and the National Center for Missing and Exploited Children (NCMEC) be placed on the verdict form in this cause.   Discovery is continuing and there may be other persons or entities whose identity is presently unknown, or whose identity is known but their potential responsibility is not yet ascertained, who may be responsible.

230.    Plaintiff's allegations, even if true, fail to state a claim for violation of an

individual's civil or constitutional rights under 42 U.S.C. § 1983.

231.    Any damages allegedly incurred by Plaintiff are the result of his own actions or omissions.

232.    Defendant Dr. Dully was acting reasonably as an official of the State of Florida at all times material to this action.

233.    Defendant Dr. Dully was acting without malice as an official of the State of Florida at all times material to this action.

234.    The search of Plaintiff's cell phone and/or uploaded content pursuant to a search warrant, and Plaintiff's subsequent arrest and detention, were based upon probable cause and/or arguable probable cause.

235.    Defendant Dr. Dully did not act with malice, fraud, wantonness, oppression, or want of cause.

236.    The conduct of Defendant Dr. Dully was not the proximate cause of Plaintiff's alleged damages because the events and circumstances leading to the alleged injuries were not foreseeable to Defendant Dr. Dully, or were consequences of Plaintiff's conduct.

237.    Plaintiff's alleged damages are purely speculative.

238.    Plaintiff's alleged damages were caused by the acts or omissions of other parties or entities over which Defendant Dr. Dully had no control.

**Dr. Dully reserves the right to amend or supplement her Answer and Affirmative Defenses as necessary.**

## DEMAND FOR JURY TRIAL

Dr. Dully demands trial by jury on all issues so triable as to all counts of Plaintiff's Second Amended Complaint.

## CERTIFICATE OF SERVICE

I hereby certify that a copy hereof was served via Florida e-Portal this **13th** day of **November 2024** upon **Michael K. Roberts, Esquire**, **Jeffrey S. Nooney, Esquire** Law Offices of Nooney, Roberts, Hewett, and Nowicki, 1680 Emerson Street, Jacksonville, Florida 32207  mroberts@nrhnlaw.com    jnooney@nrhnlaw.com

(*Counsel for Plaintiff*); **Matthew J. Carson, Esquire**, Sniffen & Spellman, P.A.,

123 North Monroe Street, Tallahassee, Florida 32301  mcarson@sniffenlaw.com

(*Counsel for Defendants Robert Hardwick and Mikayla Preston*).

BUCHANAN & BUCHANAN, P.A.
Attorney for Defendant Dr. Kathleen Dully
1900 SE 18th Avenue, Suite 300
Ocala, Florida 34471
Tel:   (352) 629-4099
Fax:   (352) 629-3975
Primary Email: rbuchanan@rbtrial.com
                         ashevlin@rbtrial.com
Secondary Email: aperry@rbtrial.com
                             rscinta@rbtrial.com


By: /s/ Robert B. Buchanan
Robert B. Buchanan
Florida Bar No. 063400
Amy Shevlin
Florida Bar No. 44944