UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WILLIAM LEE LAWSHE,
an individual,

       Plaintiff,

v.                                                                    Case No. 3:24-cv-00044-MMH-MCR

MIKAYLA PRESTON,
in her induvial capacity as a Detective for St. Johns County Sheriff's Office, and
KATHLEEN DULLY, in her individual capacity as
medical director of the UF Child Protection Team,

       Defendants.

_____/

**PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

Pursuant to Rule 37, Plaintiff hereby moves this honorable Court for an order compelling production of documents. In support of this relief, Plaintiff states:

1. This is an action pursuant to 42 U.S.C. § 1983, involving false arrest for possession of child pornography.

2. In part, Plaintiff alleges that Defendant Preston violated his Fourth Amendment rights by failing to follow reasonable investigative techniques prior to making a determination that there was probable cause.

3. On July 17, 2024, Plaintiff propounded a Request to Produce documents on Defendant. (Exhibit A)

4. Defendant Preston responded to this Request on August 26, 2024. (Exhibit B).

5. The Response raised several objections, including concern regarding conflict with an order expunging the state criminal charges entered by the Circuit Court of St. Johns County, specifically as to Requests number 2,3, and 4.

6. Although Defendant Preston raised objections to requests 2,3, and 4, the Response indicated that responsive documents would be produced, following resolution of the matter of the expungement order.

7. The Response indicated that documents responsive to request number 5 had been requested and would be provided upon receipt, without objection.

8. Given the response, Counsel for Plaintiff reached out by email and phone to confer regarding the timely production of documents and resolution of the objections.

9. On August 27, 2024, undersigned sent a detailed email addressing the Response, which suggested a phone call to fully confer on the matter.

10. On or about August 28, 2024, undersigned was able to confer on the phone, at length, about the issues raised in the Response.

11. As to any privacy or protected information, the parties agreed to redact any protected information and that Defendant would produce these responsive documents in the near future.

12. As to potential conflict with the expungement order, the parties agreed to request an amendment of the order.

13. Furthermore, the parties agreed on the language to be included in the amended order.

14. The parties agreed that these responsive documents would be produced 14 days after the entry of the amended expungement order.

15. This agreement was memorialized in an email sent by undersigned on August 28th.

16. The St. Johns County Circuit Court entered the amended order regarding expungement on October 22, 2024.

17. Despite multiple follow-up emails and conversations, Defendant Preston has not produced any responsive documents since that time.

18. On December 13, 2024, counsel for Preston emailed undersigned that he was in possession of responsive documents, but that he needed more time to review them prior to production. (Exhibit C) There were no further concerns, objections or conditions raised as to the production of responsive documents.

19. Plaintiff followed up by email on January 22, 2025 regarding the production of responsive documents.

20. On Monday, January 27, 2025, the undersigned emailed counsel for Preston that if the responses were not received by the end of the week,

Plaintiff would be forced to file a Motion to Compel.

21. Counsel for Preston agreed to produce the documents by the end of the week.

22. To date, no additional responsive documents have been received.

23. These documents are material to this case and are necessary to prepare expert witnesses opinions.  Furthermore, they are necessary to prepare for Defendant Preston and Dully's depositions.

24. Defendant Preston's failure to produce these documents has prejudiced the Plaintiff, as Expert Disclosures are due February 3, 2025.

WHEREFORE, Plaintiff requests an ORDER compelling production of documents responsive to requests numbered 2, 3, 4 and 5 and any other relief to which he is entitled.

## LOCAL RULE 3.01(G) CERTIFICATION

I HEREBY CERTIFY that the undersigned has conferred with Defendant Preston's Counsel, Mr. Carson, via email and phone conference on the above referenced dates. Defendant has agreed to produce the requested documents on multiple occasions but has failed to do so, prompting the subject motion.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of February 2025, a true and correct copy of the foregoing was electronically filed in the United States District Court for the Middle District of Florida using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

**LAW OFFICES OF NOONEY, ROBERTS, HEWETT, AND NOWICKI**

*/s/ Michael K. Roberts*

**Michael K. Roberts, Esquire**
Florida Bar No. 00779741
1680 Emerson Street
Jacksonville, FL 32207
(904) 398-1992
(904) 858-9943 facsimile
mroberts@nrhnlaw.com
Attorney for Plaintiff