## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

**WILLIAM LEE LAWSHE,**

    **Plaintiff,**

**v.**                                                                   **Case No. 3:24-cv-00044-MMH-MCR**

**ROBERT HARDWICK, in his official**
**capacity as Sheriff of St. Johns County,**
**MIKAYLA PRESTON, in her individual**
**capacity as a Detective for St. Johns County**
**Sheriff's Office, and KATHLEEN**
**DULLY, in her individual capacity as**
**medical director of the UF Child Protection Team,**

    **Defendants.**

_____/

### DEFENDANT DETECTIVE PRESTON'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

Defendant, **MIKAYLA PRESTON, in her individual capacity**, through undersigned counsel, and pursuant to Rule 34, Federal Rules of Civil Procedure, serves her responses to Plaintiff's First Request to Produce as follows:

### QUALIFICATIONS AND GENERAL OBJECTIONS

A.    Defendant does not intend the provisioning of these responses (or the production of materials or documents hereunder) to be construed as waiver of any claim of privilege, including attorney-client and work product. If a response (or the production of materials or documents hereunder) is made for which a claim of

privilege is applicable, any such response (or the production of materials or documents

hereunder) shall be deemed inadvertent and shall not be deemed a waiver of privilege.

B.    Defendant makes these responses (or the production of materials or

documents hereunder) based upon a reasonable search of materials within the

Defendant's possession, custody, and control.

C.    The designation of documents as responsive to a specific request does not

preclude that document from being responsive to other requests, nor does the failure

to designate a document exclude a document from being responsive to other requests.

D.    Defendant makes these responses (or the production of materials or

documents hereunder) subject to the reservation and objection that certain material

requested by Plaintiff may include confidential information.  To the extent any

document produced hereunder inadvertently contains such information, legal counsel

for Plaintiff should immediately contact the undersigned to arrange for the return of

such document(s) or the proper redaction of the confidential information.

### RESPONSES

1.    A complete copy of the entire personnel file for Defendant MIKAYLA PRESTON, this includes all performance reviews, disciplinary inquiries or complaints, training records and certifications, application for employment and other documents maintained for human resource and employment purposes by SJSO.

**RESPONSE: Defendant objects to the request to the extent it seeks insurance information, financial/banking information, credit history, residential history, family history, and other documents located in her personnel file that are not related to her employment or employment performance with the St. Johns County Sheriff's Office. Such documents are entirely irrelevant and immaterial to any issue before the Court and/or are confidential under Florida law. Per the objections, responsive documents are being withheld. No performance review, disciplinary**

2

inquiry or complaint, training record or classification, or application for employment is being withheld. Please see Bates 092-093, 094-098, 099-121, 144-316.

2.      A complete copy of the criminal investigation file of the investigation described in the complaint. This request seeks all documents, whether physical or digital, created in the subject investigation. This request includes notes, whether digital or handwritten, and all emails, text or other form of documented communications pertaining to, in any way, the subject investigation.

**RESPONSE: Defendant objects to the production of anything that is or might be Child Sexual Abuse Material ("CSAM"). Defendant further objects to the extent the request includes information which would identify victims of a sexual offense and/or minor victims or those who could be interpreted to be victims of a sexual offense and/or minor victims, as such information is confidential under Florida law. Per the objections, responsive documents and/or information will be withheld. Additional responsive documents are being withheld pending resolution of a motion with the Court regarding the expungement of the criminal case records and information.**

3.      All probable cause affidavits, involving the alleged possession of child pornography, completed and attested to by Defendant Preston for a period of five years previous to the date of this Request.

**RESPONSE: Defendant objects to the request to the extent it seeks information involving investigations occurring after the investigation in question as not proportional to the needs of this case. Indeed, any investigations which occurred after the investigation in question are not relevant, and thus, not proportional to the needs of this case. Defendant also objects to the extent the request includes information which would identify victims of a sexual offense and/or minor victims or those who could be interpreted to be victims of a sexual offense and/or minor victims, as such information is confidential under Florida law. Per the objections, responsive documents will be withheld. Certain responsive documents are being withheld pending resolution of a motion with the Court regarding the expungement of the criminal case records and information. Other responsive documents for the five years prior to Plaintiff's arrest have been requested and will be produced at a time and in a manner convenient for the Parties.**

4.      All communications between Preston and Dully, whether written, email or text, for a period of five years previous to the date of this Request. This request includes all letters documenting the review of alleged child pornography, but is not limited to such communications.

**RESPONSE: Defendant objects to the request as overbroad and not proportional to the needs of this case. This case involves a single investigation involving Detective Preston and Dr. Dully. All communications between Detective Preston and Dr. Dully in the past five years are not proportional to the needs of this case as it is not limited to any specific subject matter that is relevant to the instant litigation. Defendant further objects to the production of anything that is or might be Child Sexual Abuse Material ("CSAM"). Defendant objects to the extent production of responsive documents would include information which would identify victims of a sexual offense and/or minor victims or those who could be interpreted to be victims of a sexual offense and/or minor victims, as the information is confidential under Florida law. Per the objections, responsive documents will be withheld. Additional responsive documents are being withheld pending resolution of a motion with the Court regarding the expungement of the criminal case records and information.**

5. All policy and procedure manuals, training materials, including those produced or provided by North Florida Internet Crimes Against Children or the National Internet Crimes Against Children (ICAC) Tack Force, which pertain to the investigation of alleged possession of child pornography.

**RESPONSE: Responsive documents have been requested and will be produced at a time and in a manner convenient for the Parties.**

Dated this 26th day of August 2024.

Respectfully submitted,

*/s/ Christen A. Petruzzelli*
**CHRISTEN A. PETRUZZELLI**
Florida Bar No. 1039528
cpetruzzelli@sniffenlaw.com

**SNIFFEN & SPELLMAN, P.A.**
123 North Monroe Street
Tallahassee, Florida 32301
Telephone: (850) 205-1996
Facsimile: (850) 205-3004

*Attorneys for Defendants Robert Hardwick, in his official capacity as Sheriff of St. Johns County, Mikayla Preston, in her individual capacity as a Detective for St. Johns County Sheriff's Office*

4

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 26th day of August 2024, a true and correct copy of the foregoing was sent via electronic mail to all counsel of record.

/s/ *Christen A. Petruzzelli*
**CHRISTEN A. PETRUZZELLI**