Filing # 171112495 E-Filed 04/17/2023 10:20:56 AM

SJSO Case # SJSO23OFF001895

IN THE SEVENTH JUDICIAL CIRCUIT
IN AND FOR ST. JOHNS COUNTY, FLORIDA

## AFFIDAVIT FOR SEARCH WARRANT

**BEFORE ME**, Sergeant Eugene Tolbert of the St. Johns County Sheriff's Office, St. Johns County, Florida, personally appeared Detective Mikayla Preston, of the St. Johns County Sheriff's Office, who being duly sworn, deposes and says:

The St. Johns County Sheriff's Office is actively investigating the following crime(s): Possession of Child Sexual Abuse Material (CSAM); F.S. 827.071(4). The affiant believes evidence, which is relevant in the investigation, is located on/within a certain residence, located in St. Johns County, Florida, described as follows, to-wit:



**208 Wisteria Rd., St. Augustine, FL 32086**

**To arrive at the target residence from the intersection of US 1 South and Shore Dr., turn left (east) onto Shore Dr. Drive for approximately 0.4 miles and turn left onto San Jose Rd. Drive for approximately 0.5 miles on San Jose Rd and then turn right onto Wisteria Rd. The target residence is a one-story home, with a two car garage. The numbers 208 are prominently displayed on the front of the residence, on the side of the garage door. ** Residence is currently secured by Law Enforcement.**

There is now being kept on/within the target residence the following described property:

Search Warrant Affidavit 834 S. Black Cherry Dr. - Page **1** of **10**

The premises and the curtilage thereof are being used for the purpose of storing and/or distributing images, movies, or visual depictions of sexual conduct or sexual performance by a child or children in violation of section 827.071(4) and 827.071(5) Florida Statutes, related to the unlawful use of a two-way communication device in violation of Florida Statue 934.215, and contains evidence relevant to proving the referenced felonies have been, or are being committed.

## AFFIANT'S EXPERTISE

Your Affiant is a Detective for the St. Johns County Sheriff's Office, with over 5 years of Law Enforcement experience. Your Affiant is currently assigned to the Special Victims Unit (Internet Crimes against Children) of the St. Johns County Sheriff's Office specializing in internet crimes against children investigations. Your Affiant began her Law Enforcement career in 2017 with the St. Augustine Beach Police Department, before working for St. Johns County Sheriff's Office, and has worked as a Patrol Deputy and Special Victims Unit/ICAC Detective. Your Affiant is a member of the North Florida Internet Crimes against Children (ICAC) Task Force. ICAC is a national organization which provides specialized high-tech training and resources to law enforcement agencies that investigate crimes dealing with online sexual-solicitation and exploitation of children, including the collection and trading of images of Child Sexual Abuse.

Your Affiant has worked with experienced ICAC Detectives who also investigate Child Exploitation offenses. Your Affiant has investigated or assisted in the investigation of matters involving the possession collection, production, advertisement, receipt, and/or transmission of images of Child Sexual Abuse. Your Affiant has been involved in searches pertaining to the possession, collection, production, and/or transmission of Child Sexual Abuse through the execution of search warrants or through the subject providing written consent to permit a search.

The statements contained in this affidavit are based on Your Affiants personal knowledge, as well as information provided by other Law Enforcement Officers, and this affidavit is being submitted for the limited purpose of securing a search warrant. Your Affiant has not included each and every fact known to her concerning this investigation and has instead set forth only the facts that she believed were necessary to establish probable cause. Your Affiant has developed probable cause to believe, and does believe, that a computer(s) or other device(s) at the above described residence or on the premises and/or the curtilage thereof, was knowingly used as an instrument in the commission of a felony crime in violation of the aforementioned Florida Statutes.

Based on training and experience, your affiant knows courts have held, "Probable cause exists if given all the circumstances set forth in the affidavit, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates, 462 U.S. 213, 238, 201 S. Ct. 2317, 76L Ed. 2d 527 (1983).* Courts have also held, "To establish probable cause to search a home, a warrant affidavit must establish a connection between the defendant and the residence to be searched and a link between the residence and any criminal activity." *United States v. Martin, 297 F.3d 1308, 1314 (11th Cir. 2002).*

## SUMMARY

Your Affiant received this investigation on February 20th, 2023. The St. Johns County Sheriff's Office received cyber tip #153739160 from the National Center for Missing and Exploited Children who received the information on 1/25/2023 in reference to a "9043157058" uploading child sexual abuse material (CSAM). The cyber tip was reported by Synchronoss Technologies, Inc. and advised the user uploaded one (1) image of possible CSAM.

The following information was listed for the upload:

**Filename:**d263b35ae41646b39d5947a281e7044e_97b74a7903ff530898ec421d173 13cf489728f19896c5f79e9d4c63b80f6a487
MD5: b06fe687fae143b4c24f05eb1821ab48
Did Reporting ESP view entire contents of uploaded file? Yes
Did Reporting ESP view the EXIF of uploaded file? No
Were entire contents of uploaded file publicly available? No
Image Categorization by ESP: A2

On February 28, 2023, a search warrant was submitted to Synchronoss.

Your Affiant viewed the image attached to the cyber tip. Additionally, on February 22, 2023, Your Affiant consulted Dr. K. Dully of the First Coast Child Protection Team, who also reviewed the offending image. Dr. Dully provided the following written statement in reference to the CSAM image:

"I have examined a single color photograph displayed on a law enforcement laptop entitled: d263b35ae41646b39d5947a281e7044e_97b74a7903ff530898ec421d173 13cf489728f19896c5f79e9d4c63b80f6a487 provided to me by yourself following a cybertip from NCMEC. This image depicts what appears to be a naked pubertal female child wearing pink earrings and white lace socks on her feet. She is sitting on a wood floor in a knees-to-chest position with her lower legs and ankles parted to expose her genitalia for the camera. This female child appears younger than 18 years of age. She would have achieved this developmental genital appearance of SMR IV at 12-15 years of age. She does not appear to be shaved as her anterior pubic hair is still present."

To note, there is a watermark of www.met-art.com on the offending image. This site has a known history of displaying CSAM images of teenage girls and CSAM content from this site has been encountered by other ICAC investigators in past investigations.

Your Affiant queried law enforcement databases and discovered the target device is associated with William Lee Lawshe (DOB 11/09/1969), a 53-year-old white male who resides in St. Augustine, FL and who is employed as a law enforcement officer with the Florida Fish and Wildlife Commission.

On March 3, 2023, your affiant received compliance from Verizon, in reference to a Search Warrant which was submitted. Verizon provided the following information in reference to the suspect target device **(904-315-7058):**

- MFG Name: Samsung

SJSO Case # SJSO23OFF001895

- **EQP Name: Samsung Galaxy S20 FE 5G Navy**
- Account # 625885845-1
- Name: William L. Lawshe
- Account Owner email: williamlawshe@comcast.net
- Address: 208 Wisteria Rd, St. Augustine, FL
- Contact Address: 3905 State Road 206 Elkton, FL 32033
- **IMEI: 354630363210200**

On April 4, 2023, after receiving compliance from Synchronoss, in reference to the aforementioned search warrant, multiple files were reviewed. Some of which were contained within a subfolder, entitled 'VZMOBILE' and within that folder was another subfolder entitled, 'My Samsung SM-G781V'. Your affiant reviewed numerous photographs and video files and observed images that appeared to be CSAM. Those images were later reviewed by Dr. Kathleen Dully of First Coast Child Protection Team. Dr. Dully provided the following written statements in reference to the CSAM images located:

"I previously examined a single color photograph displayed on a law enforcement laptop entitled d263b35ae41646b39d5947a281e7044e_97b74a7903ff530898ec421d17313cf489728f19896c5f79e9d4c6 3b80f6a487 provided to me by yourself following a cybertip from NCMEC. This image depicts what appears to be a naked pubertal female child wearing pink earrings and white lace socks on her feet. She is sitting on a wood floor in a knees-to-chest position with her lower legs and ankles parted to expose her genitalia for the camera. This female child appears younger than 18 years of age. She would have achieved this developmental genital appearance of SMR IV at 12-15 years of age. She does not appear to be shaved as her anterior pubic hair is still present.

Today you have shown me two additional images of the same female child and these confirm my previous determination that she is depicted to be at most SMR III or IV and therefore again ≤ 12-15 years of age. The filenames for these photos are 0059 and 0065(1)."

"Today you have provided me two images for review displayed on a law enforcement laptop. The first is ycbLVVFQ_o.jpg and depicts a female child with no pubic hair development. She does not appear to be shaved. Her breasts are partially visible and could be SMR IV-V, however her genitals are plainly visible with her thighs splayed widely apart and showing she is SMR I with respect to pubic hair. This developmental appearance is ≤ 9- 13.5 years of age.

The second image is imprinted with white script saying "Big Heart" and the filename Screenshot_20230122_174408_DuckDuckGo.jpg. This image shows a female child with her black top parted and underwear down around her parted thighs exposing her genital area clearly. She appears to have no pubic development. She does not appear to be shaved. This developmental appearance is also ≤ 9- 13.5 years of age."

## CURRENT INVESTIGATION

On 04/11/2023, at approximately 1430 hours, Sgt. E. Tolbert contacted the suspect William Lawshe on his cellular phone (9043157058) about meeting at the St. Johns County Sheriff Office on 04/12/2023,

SJSO Case # SJSO23OFF001895

under a ruse for assistance in a search. William Lawshe informed Sgt. Tolbert of the following statement, "I will come 10-8 from my house and come straight there."

Also on 04/11/2023 at approximately 1500 hours, William Lawshe contacted his Captain, Robbie Creech of the Florida Fish and Wildlife Commission (FWC). He spoke to Captain Creech on the target phone (9043157058), about a leadership project. Captain Creech informed SJSO Detectives that during that call he checked William Lawshe's GPS location on the FWC computer system and observed William Lawshe at his residence (208 Wisteria Rd. St Augustine, FL).

On April 11, 2023, your affiant obtained a signed search warrant to seize William Lawshe's Samsung Galaxy S20 FE 5G Navy (IMEI: 354630363210200).

On April 12, 2023, William Lawshe arrived at the Sheriff's Office under the guise of a ruse, and your affiant conducted a post Miranda interview with him within CID. During his initial statement, William confirmed the target phone belonged to him, and that it is a Samsung cell phone. Additionally, he confirmed the email address listed in the Verizon records return was his as well. As the interview continued, William invoked his right for an attorney and detectives left the room.

Since William Lawshe did not have the target device in his possession when he was detained for the interview, Investigators obtained permission to search from FWC Major J. Russell, to search the state owned patrol truck which William Lawshe drove to the sheriff's office in an attempt to locate the target device. After a diligent search, the target device was not located in the FWC patrol truck.

The decision was made to present the search warrant for the seizure and search of the target device to William, and to ask about the whereabouts of the device. William Lawshe informed Detectives that the target phone is currently located at his residence, 208 Wisteria Rd., St. Augustine, FL.

Investigators have no indications to suggest William Lawshe knew about this investigation before being interviewed; therefore, it is reasonable to believe he simply left or forgot, intentionally or otherwise, the target device at his residence when he came to the sheriff's office. Evidence suggests the target device was at 208 Wisteria Rd as recently as April 11, 2023, based on the information obtained from Captain Creech. Additionally, William's admission that the phone was at his home suggests the device can be located there.

## Computer/Digital Evidence

Your Affiant knows through training and experience that computers and other digital media are akin to a filing cabinet or a vault. More germane to this investigation, images and videos of child pornography are horded by those who possess it. People who possess these images, rarely, if ever, dispose of it as the sexually explicit material is treated as a prize possession. It acts as a sexual stimulus and provides sexual gratification. Great lengths will be taken to conceal and protect from discovery, theft, and damage their collections of illicit materials. The images and videos of child pornography may be moved around to different parts of the computer or moved to different external media, but it is maintained as a collection sometimes for months and even years.

SJSO Case # SJSO23OFF001895

Your Affiant knows that, since child pornography materials are illegal to distribute and possess, initial collection is difficult. Having succeeded in obtaining images, collectors are unlikely to quickly destroy them. Because of their illegality and the severe social stigma such images carry, collectors will want to secret them in secure places, like a private residence. This proposition is not novel in either state or federal court: pedophiles, preferential child molesters, and child pornography collectors maintain their materials for significant periods of time.

Your Affiant thus believes there is probable cause that the child pornography stills exists at the above stated residence. Your Affiant knows from training and experience that searches and seizures of evidence from computers require agents to seize most or all computer items (hardware, software, passwords and instructions) to be processed later by a qualified person in a laboratory or other controlled environment. Computer storage media to include but not limited to floppy disks, hard drives, tapes, DVD disks, CD-ROM disks or other magnetic, optical or mechanical storage which can be accessed by computers to store or retrieve data or images of child pornography can store the equivalent of thousands of pages of information. Users may store information or images in random order with deceptive file names, which requires searching authorities to examine all the stored data to determine whether it is included in the warrant. This sorting process renders it impractical to attempt this kind of data search on site.

Your Affiant knows from training and experience that searching computer systems for criminal evidence requires experience in the computer field and a properly controlled environment in order to protect the integrity of the evidence and recover even "hidden", erased, compressed, password-protected, or encrypted files. Since computer evidence is extremely vulnerable to tampering or destruction (either from external sources or from destructive code imbedded in the system as a "booby trap"), the controlled environment of a laboratory is essential to its complete and accurate analysis.

Your Affiant knows from training and experience that in order to fully retrieve data from a computer system, the analyst needs all magnetic storage devices as well as the computer. In cases like this one where the evidence consists partly of graphics files, the input and output devices to include but not limited to keyboards, mice, scanners, printers, monitors, network communication devices, modems and external or connected devices used for accessing computer storage media and the storage media are also essential to show the nature and quality of the graphic images which the system could produce. In addition, the analyst needs all the system software (operating systems or interfaces, and hardware drivers) and any applications software which may have been used to create the data (whether stored on hard drives or on external media) as well as documentation, items containing or displaying passwords, access codes, usernames or other identifiers necessary to examine or operate items, software or information seized or to activate specific equipment or software.

Your Affiant knows from training and experience that persons trading in, receiving, distributing or possessing images involving the exploitation of children or those interested in the actual exploitation of children often communicate with others through correspondence or other documents (whether digital or written) which could tend to identify the origin of the images as well as provide evidence of a person's interest in child pornography or child exploitation.

Your Affiant knows from training and experience that files related to the exploitation of children found on computers are usually obtained from the Internet using application software which often leaves files, logs or file remnants which would tend to show the exchange, transfer, distribution, possession or origin

of the files. Also that computer software or hardware exists that allows persons to share Internet access over wired or wireless networks allowing multiple persons to appear on the Internet from the same IP address. Examination of these items can reveal information about the authorized or unauthorized use of Internet connection at the residence.

Your Affiant knows from training and experience that computers used to access the Internet usually contain files, logs or file remnants which would tend to show ownership and use of the computer as well as ownership and use of internet service accounts used for the internet access. Your Affiant is aware that search warrants of residences involved in computer related criminal activity usually produces items that would tend to establish ownership or use of computers and ownership or use of any Internet service accounts accessed to obtain child pornography to include credit card bills, telephone bills, correspondence and other identification documents.

Your Affiant knows from training and experience that search warrants of residences usually reveal items that would tend to show dominion and control of the property searched, to include utility bills, telephone bills, correspondence, rental agreements and other identification documents.

The above information leads your Affiant to believe and to have probable cause to believe that the Premises and the curtilage thereof are being used for the purpose of storing and/or distributing images, movies, or visual depictions of sexual conduct or sexual performance by a child or children, in violation of sections 827.071, Florida Statutes, related computer child exploitation and the possession of images of child pornography, unlawful use of a two-way communication device in violation of Florida Statue 934.215.

Affiant hereby requests the Court's permission to seize the following items, and to conduct an off-site search and analysis, or to delegate the search and analysis to an off-site computer forensic analyst, of the following items (hereinafter the "Property"):

1. **Samsung Galaxy S20 FE 5G Navy (IMEI: 354630363210200 registered to William Lee Lawshe)**
2. **Detailed photographs of the interior and exterior of the residence.**

      **WHEREFORE,** Affiant makes this affidavit and prays for the issuance of a Search Warrant in due form of law commanding the Sheriff of St. Johns County, or any of his duly constituted Deputies, with any proper and necessary assistance, including forensic computer analyst experts, to search the above described premises and the curtilage thereof, and any vehicles thereon, or persons located within the premises and the curtilage reasonably believed to be connected with said illegal activity, for the said property heretofore described, and to search said computer / digital storage property described above and to seize and safely keep same, either in the daytime or in the nighttime, or on Sunday, as the exigencies of the occasion may demand, in order that the evidence may be procured to be used in the prosecution of such person or persons who have unlawfully used, possessed, or are using or possessing the same in violation of the laws of the State of Florida.

SJSO Case # SJSO23OFF001895

*Det. Mikayla Preston #11243*
Detective Mikayla Preston
St. Johns County Sheriff's Office


SWORN TO and subscribed before me this Wednesday, April 12, 2023

Sergeant Eugene Tolbert
St. Johns County Sheriff's Office
(notary public or law enforcement officer per FSS 117.10)

SJSO Case # SJSO22OFF007126

**IN THE SEVENTH JUDICIAL CIRCUIT
IN AND FOR ST. JOHNS COUNTY, FLORIDA**

### SEARCH WARRANT

IN THE NAME OF THE STATE OF FLORIDA TO: ALL AND SINGULAR THE SHERIFF OF ST. JOHNS COUNTY, OR ANY OF HIS DULY CONSTITUTED DEPUTIES AND/OR CRIME SCENE TECHNICIANS, WITH ANY PROPER AND NECESSARY ASSISTANCE.

**WHEREAS**, complaint on oath and in writing supported by affidavit of credible witness, to-wit: Detective Mikayla Preston of the St. Johns County Sheriff's Office, has made to me the undersigned Judge in and for St. Johns County, Florida and

**WHEREAS**, said facts made known to me have caused me to find there is probable cause to believe evidence related to the following crime(s):

   1.) Possession of Child Sexual Abuse Imagery; F.S. 827.071(4) and F.S. 827.071(5)

is being kept at a certain residence located in St. Johns County, Florida, described as follows, to-wit:



**208 Wisteria Rd., St. Augustine, FL 32086**

**To arrive at the target residence from the intersection of US 1 South and Shore Dr., turn left (east) onto Shore Dr. Drive for approximately 0.4 miles and turn left onto San Jose Rd. Drive for approximately 0.5 miles on San Jose Rd and then turn right onto Wisteria Rd. The target**

Search Warrant 834 S. Black Cherry Dr. - Page 1 of 3

SJSO Case # SJSO22OFF007126

residence is a one-story home, with a two car garage.  The numbers 208 are prominently displayed on the front of the residence, on the side of the garage door.  *Residence is currently secured by Law Enforcement.

**AND WHEREAS**, the facts establishing grounds for this application are set forth in the affidavit of which affidavit is made part of this search warrant, and hereby incorporated by reference. (SEE AFFIDAVIT, attached hereto and incorporated by reference)

**THESE PRESENTS THEREFORE**, are to command you with proper and necessary assistance to search said premises, property, structures, and vehicles located thereon and seize as evidence, either in the day time or the night time or on Sunday, if required, as the exigencies of the occasion may demand or require, in and upon the said premises hereto described, and appurtenances thereunto belonging, being situated in the county of St. Johns, State of Florida, to diligently search the aforesaid residence and seize as evidence, to-wit:

**Any and all evidence relating to the investigation of the listed crime(s), to include the following:**

1. Samsung Galaxy S20 FE 5G Navy (IMEI: 354630363210200 registered to William Lee Lawshe)

2. Detailed photographs of the interior and exterior of the residence.

**FURTHER,** in addition to the seizure of the above-mentioned Property, the Court gives permission to conduct a forensic search and analysis of the Property for the evidence described, and if, upon arriving at the scene, the law enforcement officers executing the search conclude that it would be impractical to conduct a complete search of the computer hardware on-site for this search and analysis to be conducted off-site or to be delegated to be completed by a computer forensic analyst.  The Court is aware that the recovery of data and digital evidence by a computer forensic analyst takes significant time. For this reason, the "return" inventory will be satisfied by a list of only the tangible items recovered from the premises.

**NOW THEREFORE**, you, with such lawful assistance as may be necessary, to include a computer forensic analyst, are hereby commanded, in the daytime or in the nighttime, or on Sunday, as the exigencies of the occasion may demand, to enter and search the aforesaid Premises and curtilage thereof, and or vehicles thereupon the curtilage belonging to or used by persons located at or within the Premises who are reasonably believed to be connected with said illegal activity, or any persons located on the Premises or within the curtilage reasonably believed to be connected with said illegal activity, for the Property described in this warrant, and if the same or any part thereof be found, you are hereby authorized to seize and secure same, as evidence in a case under investigation in their jurisdiction, giving proper receipt thereof and delivering a completed copy of this warrant to the person in control of the Premises, or in the absence of any such person, leaving a completed copy where the items are found, and making a return of your doings under this warrant within ten (10) days of the date hereof, and you or your designated forensic analyst are further authorized to search the Property for evidence of the crimes described herein, and you

are directed to confirm the security of said Property so it may be brought before a Court having jurisdiction of this offense to be used in the prosecution of persons violating this offense and thereafter to be disposed of according to law.

GIVEN UNDER MY HAND this Wednesday, April 12, 2023

CIRCUIT / COUNTY JUDGE
ST. JOHNS COUNTY FLORIDA