## EXPERT REPORT OF PATRICK SIEWERT

**(i) a complete statement of all opinions the witness will express and the basis and reasons for them;**

a.) The models depicted in photographs are appropriately described as "age difficult," meaning that it is not possible for a law enforcement investigator to determine whether the individual is over or under the age of 18 by simply looking at the models.

b.) The fact that a nude image is published on the public internet and on a legitimate modeling website makes it likely that the model is being portrayed to viewers as an adult.

c.) Det. Preston identified the likely source of the image prior to application for a search warrant, as Met-Art.com and included this information in her initial probable cause affidavit. Standard investigative practice would involve visiting the website in question. The purpose of visiting the website would include, but not be limited to: 1) learning whether or not the model was portrayed as an adult to the public 2) verifying the publication of potential CSAM on the public website, 3) to request age verification documentation of the model, 4) to identify the ownership and legal contact(s) for the website and 5) potentially identify the suspected victim. This investigative technique would be standard for any image which was discovered to be published on a public website.

d.) After visiting the website, Det. Preston should have requested age verification documentation from the website's record custodian. Investigators trained and experienced in the investigation of CSAM, should be aware of the potential availability of Federally mandated age verification documentation. Compliance with these age verification laws makes this evidence readily available to investigators, such as Det. Preston.

e.) Investigators specializing in CSAM should be aware that the practice of grooming body hair is common in the adult pornography industry. Additionally, investigators should be aware that the practice

1

of cosmetically altering digital images is common in the pornography industry.

f.) It is not part of the ICAC Investigative Guidelines or training standards to obtain an opinion from a medical doctor as to the age of an individual, when the images involve age difficult persons, published on the public internet.

<u>These opinions are preliminary and subject to change pending review of requested documentation and, potentially, additional deposition testimony.</u>

**(ii) the facts or data considered by the witness in forming them:**

I have reviewed the contents of the documents produced in discovery by Plaintiff. These include the criminal investigative file, the photographs and documents from Met-Art.com's records custodian and the deposition transcripts of Det. Greene, Det. Tolbert and Det. Camden. My opinions are based on this review and my experience and training in investigations of possession of CSAM.

**(iii) any exhibits that will be used to summarize or support them;**

None at this time.

**(iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;**

Please see attached C.V.

**(v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and**

Please see attached C.V, which includes retained cases.

**(vi) a statement of the compensation to be paid for the study and testimony in the case.**

Please see attached.

2

Patrick Siewert