# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

**WILLIAM LEE LAWSHE,**

     **Plaintiff,**

**v.**                            **Case No. 3:24-CV-00044-MMH-MCR**

**MIKAYLA PRESTON, in her individual
capacity as a Detective for St. Johns County
Sheriff's Office, and KATHLEEN
DULLY, in her individual capacity as
medical director of the UF Child Protection Team,**

     **Defendants.**

_____/

## DEFENDANTS' UNOPPOSED MOTION TO SEAL

Defendants MIKAYLA PRESTON and KATHLEEN DULLY, pursuant to Local Rule 1.11, by and through undersigned counsel, hereby move for an Order allowing the parties to: (1) file redacted images of a sensitive nature under seal with the Clerk; and (2) deliver unredacted images to chambers for review in consideration of the parties' respective motions for summary judgment. In support thereof, the parties state as follows:

1.     This case centers around five digital images, three of which resulted in criminal charges against Plaintiff for possession of child sexual abuse material ("CSAM"). ECF No. 40, ¶¶ 19, 34, 37. These criminal charges were ultimately dropped. Id., ¶ 33.

2.      The filenames of these images are:

f6a487 (last six characters)

0065(1)

0059

DuckDuckGo (last phrase)

VVFQ_o (last six characters)

3.      These images are described in some detail in letters drafted by Defendant Dr. Kathleen Dully. See ECF Nos. 43-2, 43-3, 43-4. The sensitive nature of these documents should be apparent from their descriptions. Pursuant to Local Rule 1.11(b)(8), the parties have included copies of the redacted versions of these images with this motion.

4.      Through this motion, Defendants seek an Order from this Court allowing the parties to: (1) file redacted images of a sensitive nature under seal with the Clerk; and (2) deliver unredacted images to chambers for review in consideration of the parties' respective motions for summary judgment.

5.      Defendants assert the filing of these images is necessary to the Court's ruling on the parties' respective motions for summary judgment. Although Plaintiff did not submit copies of the images (redacted or unredacted) with his motions for partial summary judgment [ECF Nos. 66, 67], Defendants anticipate citing and referencing the images in their respective responses to Plaintiff's motions, as well as in their respective motions for final summary judgment.

2

6.      The parties have used redacted versions of these images in discovery, such as during depositions. The redactions conceal the genital and breast areas of the individuals depicted in the images with black, opaque covering. Even with the redactions, the images are still sensitive enough that filing under seal is appropriate.

7.      Defendants believe the individuals in the images appear to have been minors at the time they were taken. Plaintiff asserts that the individuals were at least 18-years-old at the time the images were taken. See, e.g., ECF Nos. 66, 67. Defendants assert that because there is at least the possibility that the images depict minors, the unredacted versions should not be submitted through the Court's Case Management/Electronic Case Filings system – even under seal – and should not be filed with the Clerk at all.

8.      While not conceding that the images depict minors, Plaintiff does not oppose the relief sought in this motion.

9.      If the Court grants this motion, the parties would like to file the redacted images under seal and deliver unredacted versions of the images to chambers on a thumb drive. The parties would then be able to reference the images in their motions for summary judgment (and responses and replies), and the Court could consider same. Additionally, because redacted versions of the images would be available to the parties (although under seal), the parties and the Court could be confident they are all referring to the same images.

10.     The relief sought herein will neither prejudice either party nor cause any delay in this matter.

11.  The motion is brought in good faith and for the limited purpose of protecting the public from sensitive information.

12.  Therefore, the parties respectfully request that the Court seal the redacted images in this case, and accept unredacted copies on a thumb drive, so that sensitive information contained therein can remain private while also allowing the Court to consider these images in ruling on the parties' motions for summary judgment. The parties request the seal be maintained until 90 days after the case is closed and all appeals are expired.

13.  At the conclusion of this matter, the Court could destroy the thumb drive upon which the unredacted images were provided. In the alternative, at the conclusion of this matter, Detective Mikayla Preston could retrieve the thumb drive. Detective Preston can be reached through her counsel of record.

14.  The parties are unaware of any non-party that might have an interest in establishing or maintaining the seal.

15.  Pursuant to Local Rule 1.11(b)(8), the parties have included the redacted versions of the images they seek to file under seal.

WHEREFORE, the parties jointly request this Honorable Court permit the filing of redacted versions of the images under seal and delivery of unredacted versions of the images to chambers, and for such other relief this Court deems proper.

## MEMORANDUM OF LAW

The common law right to access of judicial proceedings is an essential component of the judicial system. *See Chicago Tribune Co., et al., v. Bridgestone/Firestone,*

*Inc.,* 263 F. 3d 1304, 1311 (11th Cir. 2001). "The common-law right of access to judicial proceedings is 'an essential component of our system of justice' and 'instrumental in securing the integrity of the process.'" *Callahan v. United Network for Organ Sharing*, 17 F.4th 1356, 1361 (11th Cir. 2021) (*quoting Chi. Trib. Co.*, 263 F.3d at 1311). That right, however, is not unlimited. *Id.* It extends only to material that is public or judicial records, not discovery materials. *Id.* And the right of access may be overcome by showing that "good cause exists to prevent such access, balancing 'the asserted right of access against the other party's interest in keeping the information confidential.'" *Id.* at 1363 (*quoting Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007)).

Local Rule 1.11 controls the sealing and redaction of documents. Although the sealing and redaction of information runs counter to the openness of courts, here, the sensitive nature of these images strongly suggests that they not be made available on the Court's public docket, and that the unredacted versions only be provided to chambers.

Courts have regularly held that pornographic images and images depicting nudity are properly placed under seal. *See, e.g., Uys v. Harris*, No. 6:20-CV-1143-CEM-EJK, 2021 WL 8895159, at *1 (M.D. Fla. Oct. 20, 2021) (*citing Chen v. Lester*, No. 6-08-cv-1954-ORL-22-GJK, 2009 WL 10698631, at *3 (M.D. Fla. Mar. 19, 2009) ("[T]he Court finds that the highly sensitive nature of the information contained in the documents, such as nude photographs of Plaintiff Chen's minor sons, justifies keeping it under seal."); *Liberty Media Holdings, LLC v. Letyagin*, No. 11–62107–CV, 2011 WL

5

13217328, at *5 (S.D. Fla. Dec. 14, 2011) ("The Clerk is directed to SEAL Plaintiff's Reply (DE 43) and all attachments, which contain pornographic images that were uploaded to the public docket via the Court's electronic case management system."). Because there is disagreement regarding whether the images represent CSAM, in an abundance of caution, the unredacted versions should only be provided to chambers for consideration of the parties' motions for summary judgment.

Respectfully submitted this 8th day of September, 2025.

/s/ *Matthew J. Carson*
**MATTHEW J. CARSON**
Florida Bar No.  0827711
Email: mcarson@sniffenlaw.com

**SNIFFEN & SPELLMAN, P.A.**
123 North Monroe Street
Tallahassee, Florida  32301
Telephone: (850) 205-1996
Facsimile: (850) 205-3004
**Attorneys for Defendant Mikayla Preston**

/s/ *John Wilson*
**Jami M. Kimbrell, Esq.**
Florida Bar No. 0657379
**John Wilson, Esq.**
Florida Bar No. 84798
Howell, Buchan & Strong
2898-6 Mahan Drive
Tallahassee, Florida 32308
Telephone: (850) 877-7776
Johnwilson@jsh-pa.com
**Attorney for Defendant Kathleen Dully**

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned certifies that on this 8th day of September 2025, a true and correct copy of the foregoing was electronically filed in the U.S. District Court, Middle District of Florida, using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*/s/ Matthew J. Carson*
**MATTHEW J. CARSON**

7