UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO.  3:24-cv-00044-MMH-MCR


WILLIAM LEE LAWSHE,
an individual,

                    Plaintiff,
vs.

MIKAYLA PRESTON, in her individual
capacity as a Detective for St. Johns
County Sheriff's Office; and KATHLEEN
DULLY, in her individual capacity as
medical director of the UF Child
Protection Team,

                    Defendants.
_____/



        VIDEOTAPED DEPOSITION OF FALLON MCNULTY

            Taken on Behalf of the Plaintiff



     DATE TAKEN:                    June 12, 2025
     TIME:                          10:06 AM – 1:18 PM
     PLACE:                         Via Videoconference



        Examination of the witness taken before:
            Jodi J. Benjamin, Court Reporter
     and Notary Public, State of Florida at Large.

                Huseby Litigation
                 14 Suntree Place
                    Suite 101
             Viera/Melbourne, FL  32940

**WILLIAM LEE LAWSHE vs MIKAYLA PRESTON, ET AL.**
**Fallon McNulty on 06/12/2025**

                         APPEARANCES
            (all appearances via videoconference)


        APPEARANCE ON BEHALF OF THE PLAINTIFF

              MICHAEL K. ROBERTS, ESQUIRE
    Law Offices of Nooney, Roberts, Hewett & Nowicki
                 1680 Emerson Street
              Jacksonville, FL  32207


        APPEARANCE ON BEHALF OF FALLON MCNULTY

              LOGAN M. RUTHERFORD, ESQUIRE
           Bryan Cave Leighton Paisner, LLP
                 One Kansas City Place
                   1200 Main Street
                     Suite 3800
               Kansas City, MO  64105


        APPEARANCE ON BEHALF OF MIKAYLA PRESTON

              MATTHEW J. CARSON, ESQUIRE
                Sniffen & Spellman P.A.
                123 North Monroe Street
               Tallahassee, FL  32301


        APPEARANCE ON BEHALF OF KATHLEEN DULLY

                  JAMI M. KIMBRELL
               Howell, Buchan & Strong
                  2898 Mahan Drive
                     Suite 6
               Tallahassee, FL  32308


                    ALSO PRESENT

              MIKE STINGO, VIDEOGRAPHER
    YIOTA SOURAS, ESQUIRE - IN-HOUSE COUNSEL FOR NCMEC
                  ALEXANDRA GROSSO
                    AUTUMN ZEPF

**WILLIAM LEE LAWSHE vs MIKAYLA PRESTON, ET AL.**
**Fallon McNulty on 06/12/2025**

INDEX OF PROCEEDINGS
DEPOSITION OF FALLON MCNULTY

PAGE NO.

Direct Examination by Mr. Roberts            5
Cross Examination by Mr. Carson            101

Certificate of Oath                       117
Certificate of Reporter                   118
Errata                                    119

INDEX OF EXHIBITS

PLAINTIFF'S EXHIBITS

NO.          DESCRIPTION                   PAGE NO.

A  CyberTipline Report 153739160     (post-marked)
B  CyberTipline Report 137877848     (post-marked)
C  Stanford Publication              (post-marked)
D  Agreement                         (post-marked)
E  Audit Letter                      (post-marked)
F  Synchronoss Document              (post-marked)
G  Motion                            (post-marked)

DEFENDANT'S EXHIBITS

NO.          DESCRIPTION                   PAGE NO.

*************** NONE ***************

**WILLIAM LEE LAWSHE vs MIKAYLA PRESTON, ET AL.**
**Fallon McNulty on 06/12/2025**

Page 4

(Whereupon, the following proceedings were had:)

VIDEOGRAPHER STINGO:  We are on the record in the video deposition of Fallon McNulty, as corporate representative of National Center for Missing and Endangered Children, taken in the matter of William Lee Lawshe vs. Mikayla Preston and Kathleen Dully.

Today is June 12th, 2025, and the time is ten oh six a.m.

The court reporter is Jodi Benjamin, and the videographer is Michael Stingo.  We are here with Huseby Global Litigation.

Will counsel please introduce themselves; after which, the court reporter will swear in the witness.

MR. ROBERTS:  Michael Roberts for the plaintiff.

MR. RUTHERFORD:  Logan Rutherford, I'm here on behalf of the witness.

MR. CARSON:  Matt Carson with Sniffen and Spellman representing Detective Mikayla Preston.

MS. KIMBRELL:  Jami Kimbrell with Howell, Buchan and Strong, representing defendant Dr. Dully.

**WILLIAM LEE LAWSHE vs MIKAYLA PRESTON, ET AL.**
**Fallon McNulty on 06/12/2025**

Page 15

different hash values were through, again, that technology and PhotoDNA, and we have seen this image reported to the CyberTipline previously.

Q    Prior to January 25th, 2023?

A    Yes, that is correct.

Q    All right.  Is there any document that you could refer to, or NCMEC has possession of, that would tell me on what occasions, you know, previous to January 25, 2023, that this image had been reported?

A    There's not currently a document that has that information.

Q    Can you give me any sort of idea how many times prior to January 25, 2023, this particular image had been reported to NCMEC?

A    It had been seen in just over two hundred CyberTipline reports.

Q    And let me ask you another question.

Did you, did you do the PhotoDNA comparison?

A    Yes.

Q    With the, with the external list?

A    We did.  With the hash-sharing list?

Q    Right.

A    Yes, that is correct.

Q    With the hash -- and that did not return any, any results?

WILLIAM LEE LAWSHE vs MIKAYLA PRESTON, ET AL.
Fallon McNulty on 06/12/2025

Page 17

than two hundred times?

A   Yes, that is correct.

Q   Okay.  Can you, could you tell from your review of the records about whether or not the image had been viewed prior to January 25th, 2023, by NCMEC staff?

A   Yes, it had.

Q   And are there any records that reflect those reviews?

A   The prior CyberTipline reports would contain that information.

Q   Okay.  And so are you able to answer the question that I asked you, had this hash value beginning with B06, had that ever been included in a NCMEC CSAM hash list?

A   The MD5 hash value starting with B06 had not ever been included and it had never been seen by the CyberTipline before, nor had it been included in a hash-sharing list.

Q   But the content which this MD5 hash represents had been viewed by NCMEC previously?

A   Yes.

Q   All right.  Do you know how many, or approximately how many images, individual images are contained within the NCMEC CSAM list that it shares with the, with external electronic service providers?

**WILLIAM LEE LAWSHE vs MIKAYLA PRESTON, ET AL.**
**Fallon McNulty on 06/12/2025**

Page 26

individual or probably individuals who categorized this content that is the subject of Exhibit A?

A    That information is not typically stored within our CyberTipline system.  It could be possible looking back at different records, but I don't have that information today.

Q    So is, is there only one for this CP unconfirmed, you've given me a definition, is that the only definition of the unconfirmed categorization?

A    Yes, that, it depicts what could be CSAM, but our team is indicating the designation as unconfirmed, again, because they are unsure of the age of the individual who is being depicted.

Q    So, and now let me just, just hone in on that a second.  It seems like a two-part, a two-part definition.

One is, is that the image depicts a sex act or something that could be characterized as pornography.

Is, is that a fair statement?

A    Correct.

Q    And then the second is a question of the age of the individual that's depicted in the sex act or pornography?

A    Yes.

Q    Would you agree though that the age of the

**WILLIAM LEE LAWSHE vs MIKAYLA PRESTON, ET AL.**
**Fallon McNulty on 06/12/2025**

**Page 28**

clear that unconfirmed means that we have a sex act or pornography, but we are unsure of the age of the individual depicted in that content.

Is that a fair representation of what unconfirmed means?

A    Yes, unconfirmed would indicate we believe it could be child sexual abuse material, but ultimately we do not have that determination of age.

Q    I've heard the term age-difficult, is that a term that you guys use at all?

A    That is a term that is sometimes used, yes.

Q    I've heard it used in law enforcement as describing someone who simply, by looking at them, you cannot determine whether they are under the age of eighteen or over the age of eighteen.

Is that the way you use that term?

A    Yes, we use it similarly.

Q    Okay.  Is that, is that, when getting down to, you know, when you talk about it's we cannot determine the age of the individual depicted, is another way to say that, that the individual is age-difficult?

A    It could be, yes.

Q    Okay.  I asked about who, do you know when this image was, the image that is the subject of Exhibit A, categorized as unconfirmed CSAM?

**WILLIAM LEE LAWSHE vs MIKAYLA PRESTON, ET AL.**
**Fallon McNulty on 06/12/2025**

Page 64

A   Yes, we could receive reports from members of the public as well.

Q   Is it, I mean, can you venture a guess on like what the percentage is?

I would imagine it's, the vast majority is from the electronic service provider.

A   Yes, about ninety-nine percent of our reports come from industry.

Q   What I would like to do is your, is get your best estimate of the percentage of reports which result in unconfirmed, a report of unconfirmed child pornography.

A   I don't have a, a figure in mind for, for last year.  It is a large portion of the reports that come into the CyberTipline.  Especially as we have seen an increase in incidents concerning online enticement of children, of content that is being produced by victims and used themselves.  We might not have that information at the onset of receiving a report to indicate or to know that that individual is under the age of eighteen.

Q   I mean, is it, can it, more or less than half of, of the reports that go to law enforcement are unconfirmed?

A   So actually a, a fairly small percentage of the reports that are being referred out by the

**WILLIAM LEE LAWSHE vs MIKAYLA PRESTON, ET AL.**
**Fallon McNulty on 06/12/2025**

Page 110

exchange or otherwise collect CSAM, do they ever purposefully attempt to modify the picture in an effort to avoid MD5 hash matching by you or other organizations?

A   Yes.

Q   Okay.  And based on your prior testimony, that could be as simple as cropping a photograph; correct?

A   Correct.

Q   Or, or adding text in, in the corner in such a way that it is no longer the exact same image; correct?

A   Yes, editing it in any way would change the hash value.

Q   You testified earlier that this particular image was likely not triple-vetted when it was submitted in this case pursuant to this specific CyberTipline submission; is that correct?

A   The triple-verification, the tertiary review is for inclusion on the hash-sharing list, and this file was not categorized as apparent child sexual abuse material, so it is unlikely that it went for that third-pass review.

Q   Okay.  And, but you testified that it had already been vetted with, when it was submitted, when the same image was submitted but in a slightly different format resulting in a different MD5 hash value; is that

**WILLIAM LEE LAWSHE vs MIKAYLA PRESTON, ET AL.**
**Fallon McNulty on 06/12/2025**

Page 111

accurate?

A   Yes.

Q   And the, the document that you provided in response to the subpoena in advance of your deposition today, the PDF was created or generated on March 6th of 2025; correct?

A   This is still for the, the second report?

Q   The second report.

A   Yes, I believe so.

Q   Okay.  March, March of this year; correct?

A   Yes.

Q   And it's still listed as, it's still categorized as CP, unconfirmed; correct?

A   Yes.

Q   Okay.  At the top, and I can show it to you if it's helpful, at the top of the CyberTipline report, right underneath the number it says Priority Level E. What does that mean?

A   If you wouldn't mind screen sharing the report.

Q   Yeah, no problem, no problem.  Just one second.

A   Right underneath it will have the definition of what that priority level entails.

Q   Okay.  Are you able to see my screen?

**WILLIAM LEE LAWSHE vs MIKAYLA PRESTON, ET AL.**
**Fallon McNulty on 06/12/2025**

Page 117

CERTIFICATE OF OATH

STATE OF FLORIDA      )

COUNTY OF INDIAN RIVER   )

I, JODI J. BENJAMIN, Court Reporter, Notary Public, State of Florida, certify that FALLON MCNULTY appeared before me via videoconference on the 12th day of June, 2025, and was duly sworn.

_____

Jodi J. Benjamin,
Court Reporter,
Notary Public, State of Florida
My Commission No.  HH 346222
My Commission Expires:  May 1, 2027

**WILLIAM LEE LAWSHE vs MIKAYLA PRESTON, ET AL.**
**Fallon McNulty on 06/12/2025**

Page 118

CERTIFICATE OF REPORTER

STATE OF FLORIDA    )

COUNTY OF INDIAN RIVER   )

    I, Jodi J. Benjamin, Court Reporter, do hereby certify that I was authorized to and did stenographically report the videoconference deposition of FALLON MCNULTY; and that the foregoing transcript, Pages 1 through 119, is a true and correct record of my stenographic notes.

    I FURTHER CERTIFY that I am not a relative, employee, or attorney, or counsel of any of the parties, nor am I a relative or employee of any of the parties' attorney or counsel connected with the action, nor am I financially interested in the action.

    Dated this 19th day of June, 2025, at Sebastian, Indian River County, Florida.

_____
Jodi J. Benjamin, Court Reporter