UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WILLIAM LEE LAWSHE,
an individual,

       Plaintiff,

v.                                                                CASE NO. 3:24-cv-44-MMH-MCR

MIKAYLA PRESTON, in her
individual capacity as Detective
for St. Johns County Sheriff's Office,
*et al.*,

       Defendants.

_____

## **ORDER**

    **THIS CAUSE** is before the Court on Defendants' Unopposed Motion to Seal ("Motion") (Doc. 72).  For the reasons that follow, the Motion will be **GRANTED**.

    Defendants request this Court grant them leave to file under seal certain exhibits, including exhibits of five images of a sensitive nature (collectively, the "Proposed Exhibits").  (*Id.* at 2–3.)

    As an initial matter, whether documents may be filed under seal is a separate issue from whether the parties may agree that the documents are confidential because the public has "a common-law right to inspect and copy judicial records and public documents."  In re *Alexander Grant & Co. Litig.*,

820 F.2d 352, 355 (11th Cir. 1987) (per curiam).  Nevertheless, the public's right of access to judicial records may be overcome by a showing of good cause by the party seeking protection, which includes a balancing of interests.  *See Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1313 (11th Cir. 2001) (per curiam); *see also Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007).  Good cause "generally signifies a sound basis or legitimate need to take judicial action."  In re *Alexander*, 820 F.2d at 356.

If the court finds that good cause exists, the court must balance the interest in obtaining access to the information against the interest in keeping the information confidential.  *Chicago Tribune*, 263 F.3d at 1313.  In balancing these interests:

> [C]ourts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Romero*, 480 F.3d at 1246.  Even in the absence of a third party challenging the protection of information, the court, as "the primary representative of the public interest in the judicial process," is bound by duty "to review any request to seal the record (or part of it) [and] may not rubber stamp a

2

stipulation to seal the record."  *Estate of Martin Luther King, Jr., Inc. v. CBS, Inc.*, 184 F. Supp. 2d 1353, 1363 (N.D. Ga. 2002).

Further, pursuant to Local Rule 1.11(a), "[s]ealing a docketed item . . . used in the adjudication or other resolution of a claim or defense requires a reason sufficiently compelling to overcome the presumption of public access" and "[s]ealing is not authorized by a confidentiality agreement, a protective order, a designation of confidentiality, or a stipulation."  M.D. Fla. R. 1.11(a). Pursuant to Local Rule 1.11(b):

> A motion to seal an item:
> (1)    must include in the title "Motion to Seal Under [Statute, Rule, or Order]" or, if no statute, rule, or order applies, "Motion to Seal";
> (2)    must describe the item;
> (3)    must establish:
>> (A)    that filing the item is necessary,
>> (B)    that sealing the item is necessary, and
>> (C)    that using a redaction, a pseudonym, or a means other than sealing is unavailable or unsatisfactory;
> (4)    must include a legal memorandum;
> (5)    must propose a duration for the seal;
> (6)    must state the name, mailing address, email address, and telephone number of the person authorized to retrieve a sealed, tangible item;
> (7)    must certify the name, mailing address, email address, and telephone number of any non-party the movant knows or reasonably should know has an interest in establishing or maintaining the seal and the day on which, and the means by which, the movant served or otherwise delivered the motion to the non-party; and
> (8)    must include the item, which is sealed pending an order resolving the motion.

M.D. Fla. R. 1.11(b).

As Defendants have satisfied each of the above-listed requirements, the Court finds good cause for granting the Motion.  Specifically, the Proposed Exhibits purport to include images of a sensitive nature.  (Doc. 72 at 5.) Furthermore, means other than sealing are inadequate to protect the information.  Thus, sealing is appropriate.  *See, e.g.*, *Uys v. Harris*, No. 6:20-CV-1143-CEM-EJK, 2021 WL 8895159, at *1 (M.D. Fla. Oct. 20, 2021) (citing *Chen v. Lester*, No. 6-08-cv-1954-ORL-22-GJK, 2009 WL 10698631, at *3 (M.D. Fla. Mar. 19, 2009) (permitting the filing of images of a sensitive nature under seal); *Liberty Media Holdings, LLC v. Letyagin*, No. 11–62107–CV, 2011 WL 13217328, at *5 (S.D. Fla. Dec. 14, 2011).

Accordingly, it is **ORDERED**:

1.      The Motion (**Doc. 72**) is **GRANTED**.

2.      **On or before September 25, 2025**, Defendants may file **UNDER SEAL** the Proposed Exhibits (**Docs. 72-1, 72-2, 72-3, 72-4, 72-5**). The Proposed Exhibits shall remain sealed until further order of the court.

**DONE AND ORDERED** in Jacksonville, Florida, on September 11, 2025.

_____
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of Record

4