IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WILLIAM LEE LAWSHE,
an individual,

    Plaintiff,

vs.                      CASE NO.:  3:24-cv-00044-MMH-MCP

MIKAYLA PRESTON,
in her individual capacity
as a Detective for St. Johns
County Sheriff's Office, and
KATHLEEN DULLY, in her individual
capacity as medical director of the
UF Child Protection Team,

    Defendant.

_____

CONTINUED
REMOTE VIDEO
DEPOSITION OF:      KATHLEEN M. DULLY, M.D.


DATE:               June 18th, 2025


TIME:               3:05 p.m. - 5:10 p.m.


PLACE:              Videoconference


STENOGRAPHICALLY
REPORTED BY:        Deborah J. Guest, RPR
                    Shorthand Reporter



                        (1 - 89)

**WILLIAM LEE LAWSHE vs MIKAYLA PRESTON, ET AL.**
**Kathleen M. Dully, M.D. on 06/18/2025**

Page 2

A P P E A R A N C E S:

(All parties appearing via Zoom.)

MICHAEL K. ROBERTS, II, ESQUIRE
OF:  Nooney, Roberts, Hewett & Nowicki
1680 Emerson Street
Jacksonville, FL 32207-6104
Office:  904-398-1992
Cell:  904-398-1992
E-mail:  mroberts@nrhnlaw.com

   Appearing on behalf of the Plaintiff,
William Lee Lawshe

MATTHEW J. CARSON, ESQUIRE
OF:  Sniffen & Spellman, P.A.
123 North Monroe Street
Tallahassee, FL 32301-1509
Office: 850-205-1996
E-mail:  mcarson@sniffenlaw.com

Appearing on behalf of the Defendant,
Mikayla Preston

-and-

JOHN A. WILSON, ESQUIRE
OF:  Howell, Buchan & Strong
2898 Mahan Drive
Suite 6
Tallahassee, FL 32308-5462
Office:  850-877-7776
E-mail:  johnwilson@jsh-pa.com

   Appearing on behalf of the Defendant,
Kathleen M. Dully, M.D.

ALSO PRESENT:  Cameron Hodges, Videographer

**WILLIAM LEE LAWSHE vs MIKAYLA PRESTON, ET AL.**
**Kathleen M. Dully, M.D. on 06/18/2025**

Page 3

I N D E X

TESTIMONY OF KATHLEEN M. DULLY, M.D.

PAGE
Review of previously marked exhibits - no
video...................................   4
Direct Examination by Mr. Roberts.........   7
Cross-Examination by Mr Carson............ 78
Cross-Examination by Mr. Wilson........... 84
Redirect Examination by Mr. Roberts....... 85
Certificate of Oath....................... 88
Certificate of Reporter................... 89

INDEX OF EXHIBITS

PAGE
(DR. DULLY'S FIRST DEPOSITION)
(Previously marked - attached to first deposition)

No. 3 (a demonstrative diagram of the
pubertal stages)........................... 37

No. 4 (composite exhibit of three letters
written by Dr. Dully in this case)........ 18,50,69

(DETECTIVE PRESTON'S DEPOSITION)
(Previously marked - not attached)

8-A (image YCBLVVFQ)......................   69

8-B (image B06FE687)......................   23

8-C (0059)................................   15,25

8-D (0065(1)).............................   25

8-E (20230122_174408DuckDuckGo.jpg)........   53

— — —

S T I P U L A T I O N S

It is hereby stipulated and agreed by and among the counsel for the respective parties and the Defendant that the reading and signing of the Zoom video deposition transcript be waived.

**WILLIAM LEE LAWSHE vs MIKAYLA PRESTON, ET AL.**
*Kathleen M. Dully, M.D. on 06/18/2025*

Page 4

PROCEEDINGS

* * * *

MR. WILSON:  Counsel, will you be sharing exhibits today?

MR. ROBERTS:  Maybe.

MR. WILSON:  Maybe.

MR. ROBERTS:  I don't know that there will be any other ones, but I'll simply refer to the images either by their file name or -- and we can go on the record -- but they were attached in letter form to Detective Preston's deposition as lettered exhibits, and so we can refer to them in both ways.  But we'll make sure that we're on the same page before we begin discussing the exhibit. Fair enough?

MR. WILSON:  Yes.  Can we go through the exhibits for clarity that were attached to the first deposition?

MR. ROBERTS:  Yes.  Exhibit 1 was a journal article, Exhibit 2 was the affidavit of the Plaintiff's expert, Dr. Krugman, Exhibit 3 was a demonstrative diagram of the pubertal stages, and Exhibit 4 was the -- it's a composite exhibit of three letters written by Dr. Dully all in this case.

WILLIAM LEE LAWSHE vs MIKAYLA PRESTON, ET AL.
Kathleen M. Dully, M.D. on 06/18/2025

Page 78

take a comfort break.  We may not have that much longer.  Thank you.

THE VIDEOGRAPHER:  We're off the record at 4:48 p.m.

(Recess from 4:48 p.m. to 4:55 p.m.)

THE VIDEOGRAPHER:  This begins media unit 2.  We're back on the record at 4:55 p.m.

MR. ROBERTS:  Okay.  Dr. Dully, I do not have any other questions.  I will turn it over to Mr. Carson.

THE DEFENDANT:  Thank you.

CROSS-EXAMINATION

BY MR. CARSON:

Q    Hi, Dr. Dully.

A    Hello.  Good afternoon.

Q    Yeah, good afternoon.  My name is Matt Carson.  We have met one other time I think at your deposition.  My law firm represents Detective Preston who has also been sued in this litigation.

I have just a few questions for you just to get on the record kind of what your overall experience is in helping law enforcement as a member of the Child Protective Team.

I think you testified about this a little bit at your first deposition, but there have been

**WILLIAM LEE LAWSHE vs MIKAYLA PRESTON, ET AL.**
**Kathleen M. Dully, M.D. on 06/18/2025**

Page 79

other instances where you have had the opportunity to assist law enforcement, correct?

A    Yes.

Q    And would some of those have been when you have been shown pictures, images, videos, and asked to opine on the appearance of the age of the individual in the photograph image or video, correct?

A    Yes.

Q    And those -- have those been mostly close calls?  Meaning, does law enforcement come to you when there is -- and, unfortunately, this is, I imagine, part of the work that you do as well as my client -- instances where it is a six-year-old or an eight-year-old or somebody who is, you know, clearly very, very young?

A    That has happened.  It used to happen in the past.  But now I think most law enforcement agencies are not bringing us the easy ones.  They are bringing us the in between children where they might decide to use a medical opinion; they might not.

Q    And is it your understanding that that was a major -- I am sorry, there is background noise.

Is that your understanding, that that is what Detective Preston was asking you to help with?

A    Yes.

**WILLIAM LEE LAWSHE vs MIKAYLA PRESTON, ET AL.**
**Kathleen M. Dully, M.D. on 06/18/2025**

**Page 80**

Q    We talked a little bit about an investigation maybe resulting in the location of the individual in the photograph, correct?

A    Possibly --

Q    Possibly.

A    -- yes.

Q    In your experience, if you know, how often is the individual that is in these photos and these images local or, otherwise, able to be identified and located?

A    I see the patients and am told about the images that have been found but don't see those.  But if they have a patient, they will bring me the patient and handle the images on their own.

However, I don't know a number of how many cyber tips go out there and how each law enforcement functions and what the different state laws and UCMJ may be saying now, so I follow law enforcement's leads since they know their local policies and procedures and laws.

Q    Do you understand that at least some of the time that you work with law enforcement in providing an opinion about the age of an individual and an image, that the individual will never be located?

A    I believe that that is probably true very

WILLIAM LEE LAWSHE vs MIKAYLA PRESTON, ET AL.
Kathleen M. Dully, M.D. on 06/18/2025

Page 81

often but I don't know a number.

Q    Does it follow, then, that you understand that a lot of times the investigation is into potential charges for possession of child pornography?

A    That can happen.  That is really not my interest.  It is in finding the local victims which is the reason that I participate.

Q    Did Detective Preston ever tell you what she was investigating with respect to any of the photographs she showed you?

A    All I knew is this was a National Center For Missing and Exploited Children cyber tip, and that this law enforcement agency had been chosen because there might be proximity.  I mean, that is all I knew.

Q    And proximity to what, ma'am, or to who?

A    That maybe this ZIP Code or this area of Florida or that that particular office might have a role to play.  I don't know if that's the victim or the possessor or what, but it -- for some reason, the National Center would have picked St. John's Sheriff, and I assume there's a logical reason.

Q    You assist other law enforcement agencies in your general geographic area, correct?

**WILLIAM LEE LAWSHE vs MIKAYLA PRESTON, ET AL.**
**Kathleen M. Dully, M.D. on 06/18/2025**

**Page 82**

A    Yes.

Q    Like the Jacksonville Sheriff's Office, Nassau Sheriff's Office, that sort of thing?

A    Yes.

Q    Okay.  Same --

A    Clay.

Q    Clay, right.  Same type of work, different law enforcement agencies with a different jurisdiction?

A    Yes.

Q    You understand that when these agencies come to you and ask you to provide your opinion on the appearance of an individual in these images, that they are going to use that opinion, at least in part, in their decision-making moving forward; is that correct?

A    Yes.

Q    For example, if they are going to decide whether or not they are going to seek a search warrant, they might use your opinion in that decision; is that correct?

A    Yes.

Q    In getting the search warrant, they might tell the Judge, "We have shown this image to Dr. Dully, she has these qualifications, and it was

WILLIAM LEE LAWSHE vs MIKAYLA PRESTON, ET AL.
Kathleen M. Dully, M.D. on 06/18/2025

Page 83

her opinion that the individual appeared to be of X or Y age."

Do you understand that that happens from time to time?

A    Yes.

Q    You understand that if you would have looked at any of these pictures and said to Detective Preston that the individual -- let me -- let me start my question all over again.

If law enforcement comes to you and you give an opinion that you believe the individual in an image appears to be 18 years or older, that that would impact the course of the investigation?

A    Yes.

Q    Have you ever been deposed in any other case involving your opinions as it relates to the appearance of individuals in an image?

A    I have testified to them.  The military doesn't do depositions.  They do Article 32s.  And California doesn't do depositions.  I did three in 20 years there.

So, no, I was probably never deposed in these cases, but I was testifying in a handful of them.

Q    And in those cases, were any of those of

**WILLIAM LEE LAWSHE vs MIKAYLA PRESTON, ET AL.**
**Kathleen M. Dully, M.D. on 06/18/2025**

**Page 88**

CERTIFICATE OF OATH

STATE OF FLORIDA            )

COUNTY OF HILLSBOROUGH   )

        I, Deborah J. Guest, RPR, Notary Public, State of Florida, do hereby certify that the witness, KATHLEEN M. DULLY, M.D., remotely appeared before me on June 18th, 2025, and was duly sworn and showed her work identification.

        Signed the 25th day of June, 2025.

*Deborah J. Guest*

_____
Deborah J. Guest
Notary Public, State of Florida
Commission Number:  HH 280696
Expires:  August 6th, 2026

**WILLIAM LEE LAWSHE vs MIKAYLA PRESTON, ET AL.**
**Kathleen M. Dully, M.D. on 06/18/2025**

**Page 89**

CERTIFICATE OF REPORTER

STATE OF FLORIDA            )

COUNTY OF HILLSBOROUGH   )

I, Deborah J. Guest, RPR, Notary Public, State of Florida, certify that I was authorized to and did stenographically report the continued remote video deposition of KATHLEEN M. DULLY, M.D., that a review of the transcript was not requested; and that the foregoing transcript, pages 4 through 87, is a true and accurate record of my stenographic notes.

I further certify that I am not a relative, employee, or attorney, or counsel of any of the parties, nor am I a relative or employee of any of the parties' attorneys or counsel connected with the action, nor am I financially interested in the action.

DATED this the 25th day of June, 2025.

_Deborah J. Guest_

_____
Deborah J. Guest, RPR
Shorthand Reporter