**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

WILLIAM LEE LAWSHE,
an individual,

      Plaintiff,

v.                                   Case No. 3:24-cv-00044-MMH-MCR

MIKAYLA PRESTON,
in her induvial capacity as a Detective for St. Johns County Sheriff's Office, and
KATHLEEN DULLY, in her individual capacity as
medical director of the UF Child Protection Team,

      Defendants.

_____/

## PLAINTIFF'S REPLY TO PRESTON'S RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT (ECF 78)

In opposing Partial Summary Judgment, Counsel for Preston attempts to minimize the significance of the documentation and information provided by Jeffry Douglas. (ECF 78 P.2-3) This ignores Preston's testimony that the age verification documents "obviously would have changed the entirety of the investigation." (*Preston Deposition, March 13th 2025*, P.154, ln. 12-20, ECF 67 Exhibit F)

Within a period of less than 24 hours, Douglas produced photographs of the two models holding passports. (see ECF 67, Exhibit H) The passports, although redacted to protect the privacy of the models[1], clearly show the birth date of the models. *Id.* Mr. Douglas produced a sworn statement and email, which outlines

---

[1] Mr. Douglas has unredacted copies of the passport images, as indicated in his reference to the FBI investigation regarding the Milana D model. (see ECF 67, Exhibit H)

1

Metart.com's policy and procedures regarding compliance with age verification laws and, again, states that he has reviewed the relevant documents and states when the earliest photographs of Milana D and Kacey Lane were taken, observing that they were adults. *Id.*  Mr. Douglas indicated that he had requested additional information and provided direct evidence that FBI Agent Terri Botterbush had previously investigated the identity of Milania D. *Id.*

If true, this information would be definitive proof of innocence and there is no record evidence to support that it is not true. However, without any evidence or basis, Preston questions the veracity of the information, while fully conceding that she has never done anything to investigate the age documentation provided. (Response ECF P.4) For example, she never went to the website (*Preston Deposition, March 13th 2025*, P.55, ln. 113-14, ECF 67 Exhibit F) or contacted Mr. Douglas. (Affidavit of Douglas may 8, 2025, ECF 67 Exhibit H ¶12). Neither Defendant choose to depose Mr. Douglas.

The information is not hearsay. Mr. Douglas is a records custodian. He provided testimony in the form of an affidavit that the information is kept pursuant to legal requirements and business policy at or near the time the event occurred. *Fed R. Evid*. 803(6). Not only is this admissible evidence, it is the only evidence of the models' chronological age.

In fact, the only evidence which would prove that the models depicted were adults at the time of the images would be (1) evidence of their birthdate and (2) evidence that the date of the subject photography occurred more than 18 years after the date of birth. Mr. Douglas, whose job it is to be the records custodian, provided

2

both pieces of information, *along with a willingness to fully cooperate*. Preston fails to articulate what more information or cooperation she would have expected with less than 24 hours notice, 5 days before Christmas. No objective officer in possession of this information could reasonably find probable cause that the models were in fact under the age of 18.

Additionally, in responding to the Motion for Partial Summary Judgment, Preston ignores the fact that there is not a reliable medical method for estimating the chronological age of an individual depicted in a digital photograph. Rather, she argues, without any factual basis that "Dr. Dully's opinions were reliable." (ECF 78 P. 9-10) Preston cannot successfully oppose Plaintiff's motion by simply ignoring one of the central facts of this case.

Preston is not a doctor. Tolbert is not a doctor. Payne is not a doctor. These witnesses cannot establish Dr. Dully is an expert in age estimation or that her opinions were reliable. Tolbert's suggestion to consult with Dully does not make her opinions scientifically reliable. The fact that Payne or any other law enforcement officer has previously relied on Dr. Dully's opinions about chronological age, does not make the opinions reliable. This testimony only confirms that other criminal suspects have been subjected to potentially false and fabricated evidence from Dr. Dully.

Dully, as a medical doctor, is the only person involved in this criminal investigation with the ability to state the reliability her opinions. *Moore v. Inuitive Surgical, Inc.* 995 F.3d 839 (Experts must be qualified to offer expert opinions.) She unequivocally and repeatedly testifies that she warned Preston that her opinions

3

were not scientifically reliable, *and Preston does not deny this*. Preston does not recall any of the contents of her conversation or discussion with Dully. (Preston Deposition March 13, 2025, p. 102 ln.1-23; p.114; p.276 ln. 8, ECF 67, Exhibit F) Preston recalls nothing about Dr. Dully's qualifications, methods or reliability in estimating the chronological age of a model from review of digital images. (*Preston Deposition, March 13, 2025* see generally p.101-106, ECF 67, Exhibit F) When asked why she thought Dully's opinions regarding age was reliable, Preston confesses that it's a "personal opinion… which I don't know." (*Preston Deposition, March 13, 2025* p.103 ln. 22 – 104 ln.18, ECF 67, Exhibit F) There is no evidence that Dully ever told Preston that the reports contained reliable medical opinions. Preston's "personal opinion" that Dr. Dully's medical opinions are reliable does not create a material dispute of fact.

Det. Preston has not refuted or contradicted the testimony of Dr. Dully regarding her verbal warning about the lack of reliability of her medical opinions. The only evidence is that Preston ignored the warning that the opinions were not reliable, just as she continues to ignore the lack of reliability of Dr. Dully's opinions in her opposition to Plaintiff's Motion.

Former ASA Payne's affidavit adds nothing to the material facts. She explicitly states that she relied on Dr. Dully's opinions of age, in this and other cases, to support her probable cause analysis. (ECF 77-8) Her complaints about Mr. Douglas's response to the initial requests for age verification is equally meaningless. There is no evidence that Payne tried to do any of things she raises as issues with the documentation. Mr. Douglas has testified in his affidavit that no law

4

enforcement officer from St. John's County has contacted him attempting to verify the age of any model. (Affidavit of Douglas may 8, 2025, ECF 67 Exhibit H ¶12) Payne received the email from Mr. Peirce on December 20, 2025 with documentation (*Affidavit and emails of Crawford Pierce,* ECF 67 Exhibit H) and dropped the case just seven days later without any request for additional information. *Id.*

The evidence, even without the age verification documentation, did not support probable cause. As outlined in the Motion, Preston had reason to question the validity of the "unconfirmed" NCMEC Cybertip report[2], the model was not pre-pubescent as described, and the image was available publicly which was a contradiction. She had reason to question her own interpretation of the image as being a minor, as other detectives disagreed with her. She knew that the statements about met-art.com from google may not be reliable. (*Preston Deposition, March 13, 2025* ECF 67, Exhibit F 53 12-17) She has admitted that she did not know if the statements from Det. Green regarding met-art.com were reliable. (*Preston Deposition, March 13, 2025* P.54 9-12 ECF 67, Exhibit F) She knew that pornographic images on the internet were almost always portrayed as adults to the public (*Preston Deposition, March 13th, 2025*, P. 67, ln 23 – P.68, ln.1, ECF 67, Exhibit F) and could not say Mr. Lawshe believed the models were minors.[3]

---

[2] Preston argues that "unconfirmed" CP means something different than is shown in the evidence of this case. (ECF 78 P.18). The NCMEC corporate representative testifies clearly that unconfirmed means "when this file was being reviewed and categorized, it depicted either a sex act or lewd and/or lascivious exhibit, but that NCMEC was not able to confirm the age of the individual depicted." (NCMEC Corp. Rep. Deposition p. 22 ln.18-24, ECF 67 Exhibit E) According to NCMEC, the CyberTip image is age indeterminate. *Id.*

[3] Preston argues that a "reasonable officer could infer Plaintiff's intention from his actions. (ECF 78 P. 19) However, Det. Preston did not testify that she inferred any intent or knowledge. She testified that she did not

(*Preston Deposition, March 13th, 2025*, P.172, ln. 20 – P.174, ln. 9, ECF 67 Exhibit F) This fact, in and of itself, would give a reasonable person reason to question whether there was probable cause to believe that Mr. Lawshe had committed the crime of possession of CSAM. Possession of an image which portrays a model of indeterminate age, without more, cannot establish probable cause of possession of child pornography, especially when the image is published on the public internet. At the most, these facts would indicate to a "cautious man' that further investigation is justified before instituting a proceeding. See <u>Rankin v. Evans, 133 F.3d 1425</u> (1998)

As to qualified immunity, Plaintiff essentially raises three constitutional rights which he claims were violated. First, that a search or arrest requires probable cause. (ECF 76 P.17) Second, that the constitution requires a reasonable investigation. (ECF 76 P.17-18) Third, officers cannot support an affidavit for a warrant with deliberately false statements or omissions of material fact. (ECF 76 P.18-19)   Other than being dismissive, Preston does not seriously contend that these rights were not clearly established at the time of this case.  They clearly were.

Preston's argument that Plaintiff is merely making "investigative suggestions" ignores the actual evidence of this case. Preston's own supervisor – not the Plaintiff - has described Preston's failure to attempt to identify the individuals as "sloppy police work." (*Tolbert Deposition,* P.46, ln. 9-16 ECF 67 Exhibit C) Det. Greene expressed the opinion that Preston should have taken more time and visited the

---

make any inference, and that such guess would be speculation. (*Preston Deposition, March 13th, 2025*, P.172, ln. 20 – P.174, ln. 9, ECF 67 Exhibit F) Such an inference would be inherently problematic – given that Det. Preston readily acknowledges that other officers did not believe that the images clearly depicted a minor and cannot say that they were wrong.[3] (*Preston Deposition, March 13th 2025*, P.93, ln. 6-23, ECF 67 Exhibit F)

websites. *(Greene* P. 14 Ln. 2-13 ECF 67 Exhibit D). This testimony must be understood in the context of a material disagreement among SJSO detectives about how to interpret the age of the model depicted in the images. (*Preston Deposition, March 13th 2025*, P. 101, ln.5-16; P.96, ln.17-19; P.169, ln. 2-17). Preston knew that federal law required age documentation (*Preston Deposition, March 13th, 2025,* P.141 ln.15-21) and concedes in her testimony that the information was readily available. (*Preston Deposition, March 13th, 2025* p.147 ln.12-18). She offers no explanation as to why she ignored this potential evidence.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system on September 16, 2025, and the foregoing document is being served this day on all counsel or parties of record.

*/s/ Michael K. Roberts*

_____

**Michael K. Roberts, Esquire**
Florida Bar No. 00779741
1680 Emerson Street
Jacksonville, FL 32207
(904) 398-1992
mroberts@nrhnlaw.com
Attorney for Plaintiff

7