**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

WILLIAM LEE LAWSHE,
an individual,

      Plaintiff,

v.                                   Case No. 3:24-cv-00044-MMH-MCR

MIKAYLA PRESTON,
in her induvial capacity as a Detective for St. Johns County Sheriff's Office, and
KATHLEEN DULLY, in her individual capacity as
medical director of the UF Child Protection Team,

      Defendants.

_____/

**PLAINTIFF'S REPLY TO DULLY'S RESPONSE TO PLAINTIFF'S**
**MOTION FOR PARTIAL SUMMARY JUDGMENT (ECF 75)**

Defendant Dully has conceded every material fact supporting Plaintiff's Motion for Partial Summary Judgment. Plaintiff's case against Dr. Dully is relatively straight forward:

1. "The use of SMR is not scientifically reliable in determining the actual chronological age of a model depicted in an image." (ECF 75 P.8)

2. From the perspective of medical science, the chronological age of the subject models was "indeterminate." (ECF 75 P.12)

3. Dr. Dully knew that there was no reliable method, including SMR, of estimating chronological age from a digital photograph at the time she produced the reports. (ECF 75 P.18)

1

4. Despite this knowledge, Dr. Dully offered the "medical opinion that the individual 'appear[ed] to be younger than the age of 18' and could have been as young as 12." (ECF 75 P. 5)

There is no dispute Dully fabricated evidence in this case. Dr. Dully freely admits that she "hoped" readers of her reports would believe that she was offering an opinion of the chronological age of the subject models, knowing that this was not true.

Contesting Plaintiff's interpretation of this evidence, Defendant writes in her response, "Dr. Dully clarified that the chronological ages were indeterminate." (ECF 75 P.12) What Defendant misrepresents is that Dr. Dully clarified this point in her testimony given over two years after she produced the reports - but she plainly does not clarify this in her reports.

The truth, from a medical standpoint, was that the chronological age of the models was indeterminate. If her reports had been truthful they would have said: the ages of the models are indeterminate. But they did not. To the contrary, her reports clearly express an opinion about the chronological age of the models in question, specifically that they are children under the age of 18.

The alleged fabrication is not, as Dully suggests, that she knew the models were *adults* but maliciously described them *as minors*. (ECF 75 P.13) The fabrication is this: Dully knew that the chronological age of the models was *indeterminate* and yet, she offered an inculpatory opinion that the models were *under 18 years old*, in total disregard of what she knew to be the truth.

<u>Immunity and Presumptions Relating to 34 U.S.C. § 20342</u>

2

Dully raises, for the first time, in her response to Plaintiff's Motion for Partial Summary Judgement a legal defense contained in 34 U.S.C. § 20342. Statutory defenses must be raised as an affirmative defense and failure to raise the issue results in waiver of the statutory defense. *Troxler v. Owens-Illinois, Inc.*, 717 F.2d 530, 533 (11th Cir. 1983) (failure to raise workers compensation immunity as affirmative defense deemed a waiver.) *See Shook & Fletcher Insulation Co. v. Central Rigging & Contracting Corp.*, 684 F.2d 1383, 1386 (11th Cir. 1982); *Freeman*, 517 F.2d at 204; *see also* 5 C. Wright & A. Miller, *Federal Practice and Procedure* Sec. 1278, at 339 (1969) (failure to plead affirmative defense results in waiver and exclusion of defense from case); *Skrtich v. Thornton*, 280 F.3d 1295, 1306 (11th Cir. 2002) (Qualified immunity is an affirmative defense that must be pled, or else it is deemed waived.) Discovery has ended and Plaintiff was not apprised of this statute prior to the present Response.

Even if the statutory defense had not been waived, the statute's plain language applies to reports of "child abuse," not criminal investigation of possession of images of child pornography. Although clearly individuals can abuse and exploit children sexually – there was never an allegation that Mr. Lawshe had abused a child.

Dr. Dully admitted that there was no scientific basis for her to believe that the models were actually children. In other words, her defense in this case is that she never claimed that the models were chronologically minors. She cannot now claim that she offered the opinion that they were *in fact* minors, solely for the purpose of invoking a statutory presumption.

3

<u>Fabrication of Evidence Claim and Qualified Immunity</u>

Dully argues in her response that the fabrication of evidence claim arises out of the Fourth Amendment, not the Fourteenth. However, Defendant does not contest that a cause of action exists for fabrication of evidence under §1983 and has not suggested any flaw in the substantive factual elements pled. Despite this argument, as explained in *Aguirre*: "It has long been clearly established that fabricating incriminating evidence violates the right to due process." *Aguirre-Jarquin v. Hemmert,* 2023 U.S. Dist. LEXIS 46013, *21 (Fla M.D. 2023) Prior to ruling on the defendant's motions for summary judgment, the court in ruling on defendant's motions to dismiss, stated:

> The fabrication of evidence by itself can constitute a due process violation in some circumstances. "[U]sing or planting false evidence in an effort to obtain a conviction violates the Constitution." *Jones v. Cannon*, 174 F.3d 1271, 1289-90 (11th Cir. 1999) (citations omitted); *see also Riley v. City of Montgomery, Ala.*, 104 F.3d 1247, 1253 (11th Cir. 1997); *Schneider v. Estelle*, 552 F.2d 593, 595 (5th Cir. 1977). And "it is established that a conviction obtained through use of false evidence, known to be such by representatives of the State, must fall under the Fourteenth Amendment." *See Napue v. People of State of Ill.*, 360 U.S. 264, 269, 79 S. Ct. 1173, 3 L. Ed. 2d 1217 (1959) (citations omitted). So allegations that Print Examiner Birks fabricated palmprint evidence used to convict him are enough to allege a due process violation. (*See* Doc. 45, ¶¶ 65-68, 154); *see also Jones*, 174 F.3d at 1289-90.
>
> Mr. Aguirre-Jarquin alleged a violation of his constitutional rights based on Print Examiner Birks' fabrication of evidence, next is whether the right was clearly established. The answer here is simple: Yes… for the general fabrication-of-evidence due process violation, "[i]t was well-established in 1979 that fabricating evidence violates constitutional rights." *Diaz-Martinez*, 2009 U.S. Dist. LEXIS 88994, 2009 WL 2970471, at *11 (citing *Riley*, 104 F.3d at 1253). At bottom, it's hard to imagine any reasonable law enforcement official or analyst

4

could believe fabricating evidence used to convict someone was constitutional—the question is far beyond debate. *See Priester*, 208 F.3d at 927; *Mullenix*, 136 S. Ct. at 308. So Print Examiner Birks is not protected by qualified immunity at this stage— Count I may proceed against her. *See Diaz-Martinez*, 2009 U.S. Dist. LEXIS 88994, 2009 WL 2970471, at *11-12.

 Aguirre-Jarquin v. Hemmert, 2020 U.S. Dist. LEXIS 269370 (Fla M.D. 2020)

*See, e.g., Schneider,* 552 F.2d at 595 (police officer's manufacturing of evidence violates due process right to fair trial regardless of prosecutor's ignorance of the falsified evidence)  *Riley v. City of Montgomery*, 104 F.3d 1247, 1253 (11th Cir. 1997) (It was well established in 1989 that fabricating incriminating evidence violated constitutional due process rights to a fair trial.); Fabricating evidence used to deprive the rights of individuals violates due process and this has been clearly established for decades. *Id.*

In attempting to distinguish these cases, Dully argues that in order to succeed on the claim, Plaintiff must prove that Dully knew that the evidence was false when she produced the reports. This overstates the law. Plaintiff must prove that Dully intentionally *or recklessly* fabricated the reports. *Aguirre-Jarquin v. Hemmert,* 2023 U.S. Dist. LEXIS 46013, *21 (Fla M.D. 2023)

Here, Dully concedes in her testimony and opposition to the present motion that she knew that SMR could not be used to estimate the chronological age of the individuals depicted. She admitted that from a medical perspective the model's age was "indeterminate." And to the extent that Dully is attempting to make a distinction of semantics, she admitted that her opinion of the "appearance" would not be a reliable basis to support a determination on whether

5

the model depicted was, in fact, a minor. (*Dully Deposition, April 28,2025* p.30 ln.9-19, ECF 66 Exhibit A) These facts are not in dispute.  Neither is it in dispute that she proceeded, thereafter, to write a report expressing the very opinions she knew were not supported by medical science. This is an intentional, knowing fabrication.

Contrary to Defendant's arguments, Plaintiff does not suggest that Dully intended to deceive Preston. Dully clearly explained the lack of reliability of these opinions to Preston. Rather, Dully intended, by her own admission, that anyone reading the report would believe that she had expressed an opinion that the models were in fact minors. This is not only her testimony, it is obvious from the reports themselves. No reasonable juror could read these reports and come to any other conclusion than Dully has expressed opinions that the models were children under the age of 18.

Finally, Dully admits that she knew these reports were part of a criminal investigation and may be used in front of a judge. (*Dully, April 28, 2025* P. 50 ln.6-10, ECF 66 Exhibit A) Setting aside for the moment the evidence of intent to deceive, it is reckless to produce a knowingly false, or at the very least unreliable, inculpatory report which one knows will be used in a criminal investigation. Again, there is no plausible conclusion other than Dully consciously disregarded the risk that her reports may be used to support the contention that the models were in fact minors – when she knew that the reports were not reliable evidence upon which to make that determination.

6

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system on February 15, 2024, and the foregoing document is being served this day on all counsel or parties of record on the Service List below, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

/s/ Michael K. Roberts

_____

**Michael K. Roberts, Esquire**
Florida Bar No. 00779741
**Jeffery S. Nooney, Esquire**
Florida Bar No. 1011565
1680 Emerson Street
Jacksonville, FL 32207
(904) 398-1992
mroberts@nrhnlaw.com
Attorneys for Plaintiff