**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**WILLIAM LEE LAWSHE,**
**an individual,**

**Plaintiff,**

**v.**                                                        **CASE NO: 3:24-cv-00044-MMH-MCR**

**MIKAYLA PRESTON,**
**in her induvial capacity as a Detective for St. Johns County Sheriff's Office,**
**and KATHLEEN DULLY, in her individual capacity as**
**medical director of the UF Child Protection Team,**

**Defendants.**
_____/

## DEFENDANT KATHLEEN DULLY'S REPLY TO PLAINTIFF'S RESPONSE TO THE MOTION FOR SUMMARY JUDGMENT

Dr. Dully asserts that she provided good faith assistance to law enforcement Plaintiff has failed to provide any evidence showing otherwise and has consistently ignored the totality of the evidence, including testimony from his own expert. Both public policy and relevant law support the conclusion that Dr. Dully should not and cannot be held liable for offering her opinion in this matter.

**I.       Defendant Dully's defenses were not waived.**

Plaintiff relied on the decision in *Troxler v. Owens-Illinois, Inc.*, to support his claim that a statutory immunity defense pursuant to 34 U.S.C. § 20342, a qualified immunity defense, and a defense noting Plaintiff's failure to comply with medical negligence presuit notice requirements, could not be raised in Dr. Dully's

1

Motion for Summary Judgment, as they were not included as affirmative defenses in the answer. 717 F.2d 530, 533 (11th Cir. 1983); Doc. 95, pp. 12-13, 19. Although Dr. Dully did—contrary to Plaintiff's assertions—include affirmative defenses of good faith and qualified immunity, Plaintiff's argument is not supported by the relevant case law, even if Dr. Dully had never raised said defenses until her Motion for Summary Judgment was filed. Doc. 54, ¶¶ 220, 222.

Plaintiff failed to apprise this Court that the defendant claiming statutory immunity in *Troxler* was raising it for the first time **on appeal**. *Troxler* at 532. Moreover, that court still recognized that the waiver of defenses under Rule 8(c), Fed. R. Civ. P., was not absolute and could be overcome. *Id*. at 533. Just a few years later, the 11th Circuit clarified that the purpose of Rule 8(c) is to give the opposing party notice of the affirmative defense and a chance to rebut it. *Grant v. Preferred Research, Inc*., 885 F.2d 795, 797 (11th Cir. 1989) (citing *Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation*, 402 U.S. 313, 350 (1971). The 11th Circuit recognized that a court does not err in considering such a defense when its consideration "does not cause the plaintiff any prejudice," and found that raising a defense for the first time in a motion for summary judgment approximately one month before trial still fully informed the plaintiff of the defense and was not prejudicial, so the defense was not waived under Rule 8(c). *Grant v. Preferred Research, Inc*., 885 F.2d 795, 797-98 (11th Cir. 1989). This understanding of the

2

purpose and limitations of Rule 8(c) in waiving defenses has been consistent. *See Easterwood v. CSX Transp, Inc.*, 933 F.2d 1548, 1551 (11th Cir. 1991) (noting the 11th Circuit has "been reluctant to enforce strictly the harsh waiver requirement where the plaintiff [cannot] demonstrate any prejudice due to the lack of notice")

In this case, Dr. Dully is not raising defenses for the first time on appeal or after a jury verdict, nor in close temporal proximity to trial, but rather in summary judgment proceedings. Plaintiff has made no claim of prejudice, and this Court's consideration of the defenses Dr. Dully raised in her Motion for Summary Judgment would not be prejudicial because no further discovery would assist in reviewing or rebutting the defenses. Accordingly, the purpose of Rule 8(c) has already been accomplished, and there should be no waiver of Dr. Dully's defenses.

## II.    Plaintiff's rebuttals are not supported by evidence.

Plaintiff's argument against Dr. Dully is built upon inferences loosely tied together in order to reach his ultimate conclusion that "[i]nstead of offering truthful opinions, Dully fabricated reports that she knew would be used in judicial proceedings… she fabricated probable cause." Doc. 95, p. 8. In making these speculations, Plaintiff ignores the opinion of his expert who stated that he is unable to testify that Dr. Dully provided deliberately false information, conspired with law enforcement to achieve a specific result, or did **anything** beyond what he would consider to be negligently applying medical standards. Doc. 85, Ex. L, 30:2-21. At

3

face value, even if Dr. Dully negligently applied medical standards in preparing her opinions, the elements of Plaintiff's claim against her would not be met.

Although Plaintiff denounced Dr. Dully's use of "semantics[1]" and a "rhetorical device", those same semantics are the only evidence that Plaintiff has brought forward to support his claims. Doc. 95, pp. 5-6. Plaintiff argues that Dr. Dully's choice to use the words "a female child" or similar language when describing the individuals in the images she reviewed, without adding a disclaimer of the limitations of her review in each opinion, shows her intent to deceive and willful fabrication of evidence. Doc. 95, pp. 3, 5, 9.

Plaintiff's conclusion of willful or reckless fabrication of evidence is not supported by the plain language[2] of the opinions Dr. Dully provided, the images themselves, Dr. Dully's testimony, or even Plaintiff's own expert. Plaintiff misrepresents Dr. Dully's testimony[3] by claiming she intended "that anyone reading

---

[1] "Appearance of age" is not semantic. It is an acknowledgement of the undisputed fact that Dr. Dully **only** reviewed the images and therefore can **only** speak to the appearance of the images. Plaintiff's insistence that Dr. Dully was constitutionally bound to consider hypothetical digital alteration and personal grooming practices not observable within the image has no basis in law or fact.

[2] Dr. Dully's written opinions offer no determination of a specific age of the images, only age ranges are provided. Hence, she acknowledges that chronological age is "indeterminate." Plaintiff's characterization of "indeterminate" meaning Dr. Dully could not reasonably estimate their age or offer an opinion on whether they appeared to be adults or children is a gross mischaracterization of the evidence.

[3] In deposition, Dr. Dully said she hoped that a reader would interpret her opinions as saying the individual depicted in the image was a child. Plaintiff's counsel asked

4

the report would believe that she had expressed an opinion that the models were in fact minors." Doc. 95, p. 18. Plaintiff also misrepresents Dr. Dully's testimony by stating "Dully knew her opinions were meaningless speculation and added no weight to an inquiry about the age of an individual depicted in a pornographic image[4]," and "she knew her opinions were false." Doc. 95, pp. 6, 14. Instead, the evidence shows that Dr. Dully offered her undisputed opinion that the pictured individuals appeared to be minors, that she discussed the limitations of her opinions with Detective Preston, and that she had no knowledge of or further involvement with the investigation. Ultimately, the underlying facts of the case are not in dispute. Dr. Dully's written opinions, the testimony of Plaintiff's expert, and the images speak for themselves; Dr. Dully was not acting with malice, nor did she fabricate evidence.

### III.    Plaintiff failed to prove a violation of a clearly established right.

Case law makes clear that "under the Fourteenth Amendment, there is no substantive due process right to be free from malicious prosecution without probable cause" because "[a] malicious prosecution claim arises under the Fourth

---

the question again, and Dr. Dully immediately clarified her first response by stating two times that her opinion and what she hoped to convey to the reader of her opinions was that the appearance of the individual pictured was under the age of 18 and that her actual age is indeterminant. *Dr. Dully's Deposition* 50:15-52:9.

[4] Not only does Plaintiff ignore Dr. Dully's testimony that her opinions did contribute value, but he disregards the testimony of his own expert who explained that he would use the same or similar methods to what Dr. Dully employed when working with law enforcement on CSAM issues. Doc. 85, *Ex. L*, 18:17-19:17.

5

Amendment, not Fourteenth Amendment substantive due process." *Rehberg v. Pault*, 611 F.3d 828, 853 (11th Cir. 2010). Although the Third Circuit found that it is possible for a fabricated evidence claim to stand under the Fourteenth Amendment, the plaintiff must "draw a meaningful connection between [his] particular **due process injury** and the use of fabricated evidence against [him]." *Black v. Montgomery County,* 835 F.3d 358, 371 (3d Cir. 2016). at 371-72 (internal citations removed) (emphasis added). The Eleventh Circuit has held that a 14th Amendment claim of fabrication of evidence must allege a due process violation such as denying a plaintiff "the constitutionally required procedures necessary to challenge his indictments and arrest." *Rehberg v. Pault*, 611 F.3d 828, 853 (11th Cir. 2010). In fact, the Eleventh Circuit in *Rehberg* found that plaintiff's challenges to the indictments brought against him demonstrated there was no due process violation. *Id*.

Plaintiff's only response to the glaring flaw in his 14th Amendment case is that "Defendant does not contest that a cause of action exists for fabrication of evidence under §1983 and has not suggested any flaw in the substantive factual elements pled." Doc. 95, p. 16. Ignoring the flaws that Dr. Dully **has** pointed out, *the simple fact that fabricated evidence claims exists and can be pursued through § 1983 does not mean that Plaintiff has stated a claim against Dr. Dully upon which relief can be granted*. It's not as though Plaintiff is confused about the nature of his constitutional claims. He lays out fifty paragraphs of 4th Amendment claims against Detective

6

Preston and the SJSO in his First Amended Complaint. Plaintiff pursued a separate constitutional claim against Dr. Dully because he knew that she had *absolutely no input in the decision to arrest or prosecute him at the conclusion of the investigation.* Plaintiff may point to legitimate constitutional interests under the 4th and 14th Amendments, but his claims must be dismissed because he has neither alleged nor proven Dr. Dully *violated* a clearly established right under either amendment.

WHEREFORE, Defendant Dully respectfully requests this Court enter final summary judgment in its favor and grant such other relief as the Court deems proper.

Respectfully Submitted,

*/s/ John Wilson*
John Wilson, Esq.
Florida Bar No. 84798
Howell, Buchan & Strong
2898-6 Mahan Drive
Tallahassee, Florida 32308
Telephone: (850) 877-7776
Johnwilson@jsh-pa.com
*Attorney for Defendant,*
*Kathleen Dully*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on all counsel of record by e-filing on October 17, 2025.

*/s/ John Wilson*
John Wilson, Esq.

7