UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WILLIAM LEE LAWSHE,

      Plaintiff,

v.                                  Case No. 3:24-CV-00044-JAR-MCR

MIKAYLA PRESTON, et al.,

      Defendants.

_____/

**DEFENDANT DETECTIVE PRESTON'S
REPLY TO PLAINTIFF'S RESPONSE TO
DETECTIVE PRESTON'S MOTION FOR SUMMARY JUDGMENT**

Defendant MIKAYLA PRESTON, in her individual capacity as a Detective for St. Johns County Sheriff's Office, through undersigned counsel, and pursuant to Local Rule 3.01(d), files her reply to Plaintiff's response to Detective Preston's motion for final summary judgment [ECF No. 96].

**There Is No Readily-Available Exculpatory Evidence To "Ignore"**

Plaintiff's complaint against Detective Preston is based largely on the alleged availability of exculpatory evidence – namely, documentary information that the individuals depicted in the investigated and criminally charged images were over 18 years old at the time the images were captured. ECF No. 40, ¶¶ 28, 33, 56, 59, 60, 61, 62, 63, 72, 75, 76, 87, 130, 131. Plaintiff has asserted that the designated records custodian of met-art.com "maintains records verifying the age of all models and makes those records available to any appropriate investigating authority." Id., ¶ 56(d), (e).

However, through the completion of discovery in this case and Plaintiff filing a motion for partial summary judgment against Detective Preston [ECF No. 67] and a reply [ECF No. 90], and a response to Detective Preston's motion for final summary judgment [ECF No. 96] – as well as filing voluminous exhibits in support of same – Plaintiff still has not established when the subject images were captured.

Remarkably, despite repeatedly stating that "Detective Preston ignored readily available exculpatory evidence," Plaintiff has not identified any such evidence. In fact, Plaintiff has only established that the evidence was not readily available, and a reasonable inference is that the evidence does not exist at all.

Make no mistake, Plaintiff has alleged that met-art.com – the alleged source of three of the images at issue in this litigation – "maintains records verifying the age of all models…" as required by 18 U.S.C. § 2257. ECF No. 40, ¶¶ 56(e), 59. Plaintiff has alleged further that all one needs to do is contact the records custodian of met-art.com, and the records verifying the age of the individuals depicted in these images would be "readily available…" Id., ¶¶ 59, 60. However, even as of today, there has been no documentary evidence to establish the dates upon which these images were captured.

Sure, the records custodian has provided redacted images purporting to be the individuals depicted in these photographs holding their foreign passports. ECF No. 67-8, p. 6. But that only tells half of the story. These passports provide, at most, dates

2

of birth associated with these still unnamed[1] individuals. Without documentary evidence establishing when the images were <u>captured</u>, dates of birth are meaningless. Establishing that the individuals are over 18 years old now does not mean they were over the age of 18 when the images were captured. Even the met-art.com records custodian himself had to inquire when a certain "film shoot" occurred. Id. Moreover, during the criminal case, Plaintiff's criminal defense team contemplated needing a "foreign subpoena" to obtain information regarding the date of the "photo shoot." ECF No. 96-2, p. 2. The record evidence in this case does not contain an update to either of these inquiries.

Additionally, the record evidence establishes that the DuckDuckGo image [ECF No. 93-4] was not from met-art.com. ECF No. 86-8, 72:8-15. Plaintiff has not identified the records custodian of the website from which he allegedly obtained that image.

So, as it turns out, the met-art.com records custodian cannot provide evidence that one of these individuals was over 18 years old at the time the images were captured. All he can provide is something akin to: "I promise she was an adult." And <u>nobody</u> can speak to the age of individual in the DuckDuckGo image when it was captured.

Exculpatory evidence does not exist now. It did not exist when Detective

---

[1] Notably, 18 U.S.C. § 2257 also requires the records custodian to maintain the names of the individuals depicted. That information has been redacted. Only "professional" names were provided.

Preston was conducting her investigation. Detective Preston cannot "ignore" the fictional.

**Detective Preston Enjoys Qualified Immunity**

Plaintiff does not really challenge Detective Preston's argument that she enjoys qualified immunity from Plaintiff's claims. As noted in Detective Preston's motion for final summary judgment, undersigned counsel could not identify a materially similar case from the Supreme Court of the United States, the Eleventh Circuit, or the Supreme Court of Florida. ECF No. 83, p. 17. When challenged, neither could Plaintiff. Plaintiff cites only to general, non-specific caselaw prohibiting the inclusion of knowingly false information in a warrant application. ECF No. 96, p. 22.

As discussed in more detail in Detective Preston's motion for final summary judgment, there was no "knowingly false" information included in the search warrant. ECF No. 83, pp. 12-14. Detective Preston reasonably relied on statements provided by her fellow detective. Id., p. 11. And while Plaintiff makes hay of Dr. Dully's assertion that she told Detective Preston she could not offer a scientifically reliable opinion regarding the actual age of the individuals depicted in these images [ECF No. 96, p. 9], the fact remains that each of Dr. Dully's written opinions clearly state, without limitation, that the "female child" depicted in each of these images "appears younger than 18 years of age." ECF No. 67-9, pp. 1, 2, 3 (emphasis added).

Detective Preston did reference in her motion *United States v. Gatherum*, 338 Fed. Appx. 271, 272 (4th Cir. 2009) (unpublished). There, law enforcement officers conducted less of an investigation than Detective Preston did here. Additionally, law

4

enforcement officers in *Gatherum* were unmoved by the plaintiff's proclamations that he obtained the subject images from a "public" website, that the website had a disclaimer stating that all models were at least 18 years old, or that the website included a picture of the model holding a passport that showed his birth date. *Id.*, at 273.

Plaintiff does not really attempt to distinguish *Gatherum* other than to assert that the officers in *Gatherum* seemed to be in agreement that the individual in the image was 12-14 years old, and that the officers did not include spurious accusations about the publishing website. ECF No. 96, p. 22. Plaintiff misses the point. The existence of *Gatherum* and the complete absence of similar case law applicable to law enforcement officers in Florida eviscerates Plaintiff's argument that because the images were available on a "public" website that purported to comply with federal age verification laws (and which purportedly included pictures of a model with a passport), law enforcement could not have probable cause to believe that Plaintiff knowingly possessed one or more images comprising CSAM.

Moreover, the analysis the Court must undertake requires first that it set aside the allegedly false material and determine if probable cause still exists. *Franks v. Delaware*, 438 U.S. 154, 171-72 (1978). If the Court ignores Detective Green's statements regarding met-art.com, and considers Dr. Dully's assertion that her opinions cannot establish the actual, chronological age of the individual depicted in the image, what is left? That some detectives and the assistant state attorney think the individual is under 18 years old while some detectives are not sure, and that Dr. Dully, a dual-board certified medical doctor, has opined only that the individual appears to

5

be younger than 18 years old (and developmentally appears to be 12-15 years old). That would satisfy the low bar of probable cause – or, in the case of qualified immunity, arguable probable cause.

## CONCLUSION

For the above reasons and those presented in her motion, Detective Preston is entitled to final summary judgment in her favor. Detective Preston had, at least, arguable probable cause to seek the subject search warrant. Detective Preston had, at least, arguable probable cause to arrest Plaintiff. Detective Preston respectfully requests this Honorable Court grant her motion, enter final summary judgment in her favor, and grant any other relief this court deems proper.

Respectfully submitted this 17th day of October, 2025.

/s/ Matthew J. Carson
**MATTHEW J. CARSON**
Florida Bar Number: 0827711
mcarson@sniffenlaw.com
**SNIFFEN & SPELLMAN, P.A.**
123 North Monroe Street
Tallahassee, Florida 32301
Telephone: (850) 205-1996
Facsimile: (850) 205-3004
*Attorneys for Detective Mikayla Preston*

6

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of October, 2025, a true and correct copy of the foregoing was electronically filed in the United States District Court for the Middle District of Florida using the CM/ECF system, which will serve counsel of record.

/s/ Matthew J. Carson
**MATTHEW J. CARSON**

7