**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**WILLIAM LEE LAWSHE,**

    **Plaintiff,**

**v.**                                                        **Case No. 3:24-CV-00044-MMH-MCR**

**MIKAYLA PRESTON, in her individual**
**capacity as a Detective for St. Johns County**
**Sheriff's Office, and KATHLEEN**
**DULLY, in her individual capacity as**
**medical director of the UF Child Protection Team,**

    **Defendants.**
_____/

**DEFENDANT PRESTON'S MOTION TO EXTEND DEADLINE**
**TO MOVE FOR ENTITLEMENT TO COSTS**

Defendant, **MIKAYLA PRESTON, in her individual capacity as a Detective for St. Johns County Sheriff's Office**, by and through the undersigned counsel, and pursuant to Federal Rule of Civil Procedure 6(b) and Local Rules 3.01 and 7.01, hereby requests a seven (7) day extension of time to file a motion for entitlement to costs, and in support thereof, states:

1.      On December 18, 2025, this Court entered an Order on Detective Preston's Motion for Summary Judgment, granting it in full. (ECF No. 103).

2.      The following day, the Court entered Judgment in favor of Detective Preston and instructed that "[a]ny motions seeking an award of attorney's fees and/or

costs must be filed within the time and in the manner prescribed in Local Rule 7.01, United States District Court Middle District of Florida." (ECF No. 104).

3.      Pursuant to Local Rule 7.01, a motion on entitlement to fees and expenses must be filed within fourteen (14) days of an entry of judgment.

4.      Accordingly, Detective Preston's deadline to move for entitlement to costs was Friday, January 2, 2026.

5.      Counsel for Detective Preston were preparing to move law firms in late December 2025 and began a new law firm starting January 1, 2026.

6.      As of the time of this filing, undersigned counsel are continuing to acquire emails, calendars, and other documents from their former law firm, as well as update their contact information for matters such as e-service.

7.      Undersigned counsel received the documents to support a motion for entitlement to costs in this action this evening.

8.      Amidst the preparations for transition, the deadline for Detective Preston to move for entitlement to costs was never calendared.

9.      The undersigned counsel discovered this calendaring error on January 5, 2026.

10.     Accordingly, Detective Preston, through her undersigned counsel, respectfully requests a seven (7) day extension of time, up to and including January 9, 2026, to move for entitlement to costs in this action.

## **MEMORANDUM OF LAW**

Pursuant to Federal Rule of Civil Procedure 6(b)(1)(B), a party may move for an extension of time to complete a particular act for good cause after the time has expired if the party failed to act because of excusable neglect. Meaning, a party seeking the extension of an already-expired scheduling order deadline must show both good cause and excusable neglect. *MCFS & BB, Inc. v. Hartford Ins. Co. of the Se.*, No. 321CV00254MMHMCR, 2022 WL 19914346, at *2 (M.D. Fla. Apr. 7, 2022) (citing *Payne v. C.R. Bard, Inc.*, 606 Fed. Appx. 940, 944 (11th Cir. 2015)). "In determining whether a party has shown 'excusable neglect' warranting an extension, a court must consider all pertinent circumstances, including 'the danger of prejudice to the nonmovant, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" *Id.* "To establish good cause, the party seeking the extension must establish that the schedule could not be met despite the party's diligence." *Ashmore v. Sec'y, Dep't of Transp.*, 503 Fed. Appx. 683, 685 (11th Cir. 2013).

Here, Plaintiff will not be prejudiced by the additional time sought by Detective Preston. Indeed, Detective Preston's deadline to move for costs was Friday, January 2, 2026, and the undersigned counsel advised Plaintiff's counsel of intent to file the instant Motion just two business days later, on January 6, 2026.

Detective Preston seeks seven (7) days to file the motion for entitlement to ensure counsel has time to review the supportive documentation received this evening

and prepare an adequate motion. The additional time will not impact the judicial proceeding in any way other than the Court's determination of entitlement to costs.

The Supreme Court has explained that excusable neglect can include an "inadvertent or negligent omission." *Kirkland v. Guardian Life Ins. Co. of Am.*, 352 Fed. Appx. 293, 297 (11th Cir. 2009) (citing *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380 (1993)). That is exactly what occurred in the instant case when the undersigned counsel inadvertently failed to calendar the deadline.

At all times, Detective Preston and her counsel have acted in good faith, and upon noticing the error, moved promptly to correct it. Counsel's oversight was not due to ignorance of the rules or lack of diligence in this case, but rather, a singular calendaring omission. The undersigned counsel humbly and respectfully request that this Court, in light of the above-mentioned factors, and for good cause shown, grant Detective Preston this short extension of time to move for entitlement to costs.

WHEREFORE, for the foregoing reasons, Defendant, Detective Mikayla Preston, respectfully requests this Court enter an order permitting her up to and including January 9, 2026, to move for entitlement to costs, and granting such other relief the Court deems just and proper.

Dated this 6th day of January 2026.

4

Respectfully submitted,

*/s/ Christen A. Petruzzelli*
**CHRISTEN A. PETRUZZELLI**
Florida Bar Number: 1039528
cpetruzzelli@spellman.law
**MICHAEL P. SPELLMAN**
Florida Bar Number: 0937975
mspellman@spellman.law
**MATTHEW J. CARSON**
Florida Bar Number: 827711
mcarson@spellman.law

**SPELLMAN LAW, P.A.**
905 E. Park Avenue
Tallahassee, Florida 32301
T: (850) 601-1983

***Attorneys for Detective Mikayla Preston***

## LOCAL RULE 3.01(g) CERTIFICATION

In compliance with Local Rule 3.01(g), the undersigned hereby certifies that she conferred with Plaintiff's counsel, Michael K. Roberts, via email on January 6, 2026, regarding the relief sought herein. Mr. Roberts informed the undersigned that Plaintiff objects to the relief sought herein.

*/s/ Christen A. Petruzzelli*
**CHRISTEN A. PETRUZZELLI**

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of January 2026, a true and correct copy of the foregoing document was electronically filed in the U.S. District Court, Middle District of Florida, Jacksonville Division, using the CM/ECF system, which will serve counsel of record.

*/s/ Christen A. Petruzzelli*
**CHRISTEN A. PETRUZZELLI**