# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

WILLIAM LEE LAWSHE,
an individual,

        Plaintiff,

v.                                     Case No. 3:24-cv-00044-MMH-MCR

MIKAYLA PRESTON,
in her induvial capacity as a Detective for St. Johns County Sheriff's Office, and
KATHLEEN DULLY, in her individual capacity as
medical director of the UF Child Protection Team,

        Defendants.
_____/

## PLAINTIFF'S RESPONSE TO DEFENDANT PRESTON'S MOTION TO EXTEND DEADLINE TO MOVE FOR ENTITLEMENT TO COSTS

Defendant is not entitled to an extension of the deadline to file a motion for entitlement to costs. Defendant acknowledges that it missed the 14 day time period to file a motion for entitlement to costs as proscribed in Local Rule 7.01. (ECF 102 at 2)  As stated by Defendant Preston, a party seeking the extension of an already-expired deadline must show both good cause _and_ excusable neglect. Fed.R.Civ.P. 6(b)(1), 16(b)(4). (ECF 102 at 3) _Payne v. C.R. Bard, Inc._, 606 Fed. Appx. 940, 944 (11th Cir. 2015)  To establish "good cause" a party must show that "the

1

schedule cannot be met despite the diligence of the party seeking the extension."
*Id*.

In an attempt to establish both excusable neglect and good cause, counsel offers the explanation that the deadline was "never calendared" by counsel for Defendant Preston (ECF 102 at 2) However, Defendant Preston has three lawyers of record. All three lawyers were responsible for meeting the various deadlines in this matter. There is no explanation as to why all three failed to calendar the deadline.

Although the Motion refers to moving law firms beginning on January 1, 2026 (ECF 102 at 2), it is unclear how this change caused the failure to calendar a deadline related to an order entered on December 18, 2025, as the motion is vague as to when this move began. Presumably all of counsel's emails and calendars were working on December 18, 2025 and Counsel was clearly notified of the Court's Judgment entered on December 19, 2025.

Counsel asserts that the missed deadline was discovered when "supporting documents" were received after the deadline had past. (ECF 102 at 2) It is unclear as to (1) who sent the supporting documents to counsel after the deadline and (2) why supporting documents were sent after the deadline.  If the request was made by counsel, and the documents were necessary to support the motion, one would assume that the request included a deadline within which to send these documents.

2

It seems to Plaintiff that Defendant was not diligently working on a motion for entitlement to costs prior to the expiration of the deadline and simply missed the filing because it was not calendared. Rather, it seems as though the matter had been forgotten and the receipt of documents reminded counsel that there was a motion to be drafted and filed. Either way, the Motion contains no verified facts or affidavit articulating the relevant facts and how those facts led to three lawyers missing a deadline to seek a cost judgment against Plaintiff.

Attorney inadvertence is rarely grounds for good cause or excusable neglect. *Maples v. Thomas*, 565 U.S. 266, 132 S. Ct. 912, 932, 181 L. Ed. 2d 807 (2012) In *Highland Holdings, Inc. v. Mid-Continent*, the district court denied a motion for an extension of a deadline to file a motion for fees and costs, filed just five days after the deadline. *Highland Holdings, Inc. v. Mid-Continent Cas. Co.*, 2016 U.S. Dist. LEXIS 109087 (M.D. Fla. 2016) In ruling on the Motion, the court acknowledged that the deadline was missed due to an inadvertent calendaring error committed by counsel for the moving party. In denying the Motion, the court held that attorney inadvertence did not establish good cause for extending the deadline to seek attorney's fees and cost after that deadline had been missed. *Highland Holdings, Inc. v. Mid-Continent Cas. Co.*, 2016 U.S. Dist. LEXIS 109087 (M.D. Fla. 2016) (citing *Maples v. Thomas*, 565 U.S. 266, 132 S. Ct. 912, 932, 181 L. Ed. 2d 807 (2012)); see also *285 W. 24th St. Fam. Co., LLC v. United Specialty Ins. Co.*, 2024

3

U.S. Dist. LEXIS 99490 (S.D Fla 2024)(an attorney's negligent failure to respond to a motion does not constitute excusable neglect, citing *Solaroll Shade and Shutter Corp., Inc. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1132 (11th Cir. 1986));see also *Wilson v. Publix Super Mkts., Inc*., 1993 U.S. Dist. LEXIS 8310, *5 (N.D. Fla 1993)  (Simple attorney neglect, absent substantial extenuating circumstances, cannot constitute the sole basis for good cause."

Finally, Defendant claims that Plaintiff will not be prejudiced by reopening the time in which to file a motion for entitlement to costs. The existence of excusable neglect or good cause is not predicated on the lack of prejudice. *Highland Holdings, Inc. v. Mid-Continent Cas. Co*., 2016 U.S. Dist. LEXIS 109087 (M.D. Fla. 2016) However, Defendant has missed the deadline to seek a judgment against the Plaintiff for costs. Granting of this motion would expose Plaintiff to the potential for a money judgment in favor of the Defendant. This would certainly prejudice the Plaintiff.

For these reasons, Plaintiff requests an order denying Defendant Preston's Motion to Extend Deadline to Move for Entitlement to Costs.


Dated: January 20, 2026

4

**LAW OFFICES OF NOONEY, ROBERTS, HEWETT, AND NOWICKI**

*/s/ Michael K. Roberts*

**Michael K. Roberts, Esquire**
Florida Bar No. 00779741
1680 Emerson Street
Jacksonville, FL 32207
(904) 398-1992
(904) 858-9943 facsimile
mroberts@nrhnlaw.com
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system on January 20, 2026, and the foregoing document is being served this day on all counsel or parties of record via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

*/s/ Michael K. Roberts*

_____

**Michael K. Roberts, Esquire**