UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


**WILLIAM LEE LAWSHE,**

    **Plaintiff,**

**v.**                              **Case No. 3:24-CV-00044-MMH-MCR**


**MIKAYLA PRESTON, in her individual
capacity as a Detective for St. Johns County
Sheriff's Office, and KATHLEEN
DULLY, in her individual capacity as
medical director of the UF Child Protection Team,**

    **Defendants.**
_____/

## DEFENDANT PRESTON'S MOTION ON ENTITLEMENT TO TAX COSTS

Defendant, **MIKAYLA PRESTON, in her individual capacity as a Detective for St. Johns County Sheriff's Office** ("Detective Preston"), by and through the undersigned counsel, and pursuant to Federal Rule of Civil Procedure 54(d) and Local Rules 3.01 and 7.01, hereby moves for the determination of entitlement to costs in this action, and in support, states:

1.    Plaintiff initiated this action on January 12, 2024, against Detective Preston, among other Defendants. The Second Amended Complaint asserted the following claims against Detective Preston:

Count I    Violation of the Fourth Amendment – Unreasonable Search
Count II    Violation of the Fourth Amendment – Unreasonable Arrest
Count V    Violation of the First Amendment

(ECF No. 40).

2. Detective Preston filed her Answer and Affirmative Defenses on June 3, 2024. (ECF No. 43).

3. Following discovery, on September 12, 2025, Detective Preston moved for final summary judgment on all claims. (ECF No. 83). Plaintiff responded to the Motion for Summary Judgment on October 3, 2025. (ECF No. 96). Detective Preston filed her Reply on October 17, 2025. (ECF No. 101).

4. On December 18, 2025, this Court entered an Order on all pending motions for summary judgment in this case. (ECF No. 103). Detective Preston's Motion for Summary Judgment was granted in full. (Id.).

5. The following day, on December 19, 2025, the Court entered Judgment in favor of Defendants, Detective Preston and Dr. Kathleen Dully, and against Plaintiff. (ECF No. 104).

6. Detective Preston is a prevailing party since Plaintiff achieved none of the benefits sought in bringing this lawsuit. *See Pickett v. Iowa Beef Processors*, 149 Fed. Appx. 831, 832-833 (11th Cir. 2005) (If the case is litigated to judgment on the merits in favor of the defendant, the defendant is the prevailing party).

7. Throughout discovery, Detective Preston incurred the costs of conducting numerous depositions. These costs were reasonably necessary to effectively defending against Plaintiff's claims.

8. The affidavit and supporting documentation attached hereto as **Exhibit 1** describe the taxable costs incurred.

9.   The Bill of Costs is attached hereto as **Exhibit 2**.

10.   Detective Preston is seeking total costs in the amount of **$6,024.44** which includes the following:

   a. Fees for service of subpoena: $90.86

   b. Fees for printed or electronically recorded transcripts necessarily obtained for use in this case: $5,933.58

11.   Detective Preston is also requesting post-judgment interest on all costs taxed by the Court. *See Georgia Ass'n of Retarded Citizens v. McDaniel*, 855 F.2d 794, 799 (11th Cir. 1988).

## MEMORANDUM OF LAW

Pursuant to Federal Rule of Civil Procedure 54(d)(1), costs are allowed as a matter of course to the prevailing party in an action. *See Gilchrist v. Bolger*, 733 F.2d 1551, 1556-57 (11th Cir. 1984). Indeed, there exists a strong presumption that the prevailing party will receive such costs. *Id.* at 1557 ("[T]he language of the rule reasonably bears intendment that the prevailing party is *prima facie* entitled to costs and it is incumbent on the losing party to overcome that presumption...") (citations omitted).

The Court is authorized to award costs to the prevailing party in accordance with Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920. *Pickett*, 149 Fed. Appx. at 832-33; *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000); *Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001). Pursuant to this Court's Judgment entered on December 19, 2025, Detective Preston is a prevailing

party since Plaintiff achieved none of the benefits sought in bringing his lawsuit. *Pickett*, 149 Fed. Appx. at 833. Moreover, it is well-settled law that costs may be taxed even after a notice of appeal has been filed. *Rothenberg v. Sec. Mgmt. Co.*, 677 F.2d 64, 64 (11th Cir. 1982). *See also* ECF No. 108.

The costs that can be taxed against a losing party are defined in 28 U.S.C. § 1920. *Scelta v. Delicatessen Support Serv., Inc.*, 203 F. Supp. 2d 1328, 1339 (M.D. Fla. 2002). Section 1920 allows for fees for service of subpoenas, transcripts, witnesses, printing, and copying, among others, so long as the requesting party provides adequate descriptions of the fees sought and sufficient explanation of the necessity of the cost when required. The costs begin to accrue at the origination of the case. *Id.* at 1340. When the court taxes costs against a losing party, the award of costs bears interest from the date of the original judgment. *Georgia Ass'n of Retarded Citizens*, 855 F.2d at 799.

### A. Fees for Service of Subpoena

Fees for the service of a subpoena for deposition by a private process server are recoverable costs under 28 U.S.C. § 1920(1), so long as such fees do not exceed the fees authorized for service by a U.S. Marshal set out in Section 1921. *W&O, Inc.*, 213 F.3d at 624.

Detective Preston hired a process server to serve a subpoena on Dr. Kimberly Kaye, Plaintiff's doctor, to ensure her appearance at deposition. The process service cost Detective Preston **$55**. *See* 28 C.F.R. § 0.114(a)(3) (The United States Marshals

Service shall routinely collect fees for process served at $65 per hour (or portion thereof) for each item served, plus cost of travel and other out of pocket expenses).

The mailing of the subpoena and check to the process server from Tallahassee, FL, to High Springs, Florida, cost Detective Preston **$35.86**. *See George v. GTE Directories Corp.*, 114 F. Supp. 2d 1281, 1298 (M.D. Fla. 2000) ("Section 1920(2) authorizes the taxation of deposition costs. Reasonable costs associated with depositions, such as postage for the mailing of transcripts, may similarly be taxed.") (citations omitted).

Accordingly, in total, the reasonable cost of serving the subpoena on Dr. Kaye was **$90.86**.

### B. Fees for Printed or Electronically Recorded Transcripts

The prevailing party may be awarded costs in association with fees of a court reporter for all or any part of a transcript necessarily obtained for use in the case. *See* 28 U.S.C. § 1920(2); *W&O, Inc.*, 213 F.3d at 621. An award of costs for depositions of witnesses listed by the losing party is reasonable and is to be expected for purposes of cross-examination at trial. *Id.* Furthermore, the costs in obtaining a copy of a transcript of a deposition taken by the losing party are also taxable if that deposition was "necessarily obtained for use in the case." *Helms v. Wal-Mart Stores, Inc.*, 808 F. Supp. 1568, 1572 (N.D. Ga. 1992); *see also Maris Distributing Co. v. AnheuserBusch, Inc.*, No. 5:97CV15-0C-10C, 2001 WL 862642, at *3 (M.D. Fla. May 4, 2001) ("a deposition taken within the proper bounds of discovery is normally deemed to be necessary for

use in the case."). Section 1920 also authorizes the taxation of costs of video depositions. *See Morrison v. Reichhold Chemicals, Inc.*, 97 F.3d 460, 464 (11th Cir. 1996) ("[E]ven though 28 U.S.C. § 1920 speaks only of 'stenographic' transcription costs, the court believes that the costs of video depositions are encompassed by that code section. Video depositions were virtually unknown at the time that section 1920 was adopted, and this court does not believe that a party should be penalized because he has chosen to preserve and present testimony through video as opposed to a printed transcript."). Depositions for the purpose of establishing non-material facts in order to provide a factual background are also taxable under 28 U.S.C. § 1920(2), and "depositions submitted by parties in support of their summary judgment motions are routinely taxed by a district court." *Diaz v. AIG Mktg., Inc.*, 09-60011-CIV, 2010 WL 2541872 at *3 (S.D. Fla. June 1, 2010). Deposition costs are taxable even if not critical to the prevailing party's success so long as the losing party cannot demonstrate the deposition was not related to an issue in the case at the time the deposition was taken. *W&O, Inc.*, 213 F.3d at 621. It is the party challenging the costs that must show "that specific deposition costs or a court reporter's fee was not necessary for use in the case or that the deposition was not related to an issue present in the case at the time of the deposition." *George v. Fla. Dep't of Corr.*, No. 07-80019- CIV., 2008 WL 2571348, at *5 (S.D. Fla. May 23, 2008).

Detective Preston took the depositions of Plaintiff, William Lawshe, his wife, Sheila Lawshe, and Plaintiff's doctor, Dr. Kimberly Kaye. Plaintiff took the depositions of Defendant, Detective Preston, and other deputies of the St. Johns

County Sheriff's Office, Kevin Greene, Eugene Tolbert, and Dennis Camden. These depositions were necessary to the defense of the case and are taxable for several reasons.

Specifically, Plaintiff listed himself as well as Detective Preston and Kevin Greene in his Rule 26(a) Disclosures. Plaintiff identified Dr. Kaye as his primary care physician in his response to Detective Preston's First Set of Interrogatories. Dr. Kaye came up numerous times in Plaintiff's deposition as a fact witness. Plaintiff identified Detective Preston, Kevin Greene, Eugene Tolbert, Dennis Camden, and Sheila Lawshe as individuals who had knowledge regarding this lawsuit in response to Dr. Dully's First Set of Interrogatories. Accordingly, Plaintiff himself identified all of the individuals whose deposition transcripts Detective Preston seeks to recover the cost of as people with information related to the claims or damages in this case. Moreover, Detective Preston used the deposition transcripts of Detective Preston, Kevin Greene, Eugene Tolbert, and William Lawshe in support of her Motion for Summary Judgment. *See* ECF Nos. 82-3, 82-4, 82-5, 82-9. Additionally, these deposition transcripts were used to assist Detective Preston's counsel in their assessment of this case. The court reporters' appearance fees and costs of transcripts and video in this matter totaled **$5,933.58**, to which Detective Preston is entitled to as a taxable cost.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Defendant, Detective Mikayla Preston, respectfully requests this Honorable Court determine she is entitled to the taxation of costs in the amount of **$6,024.44**, plus interest.

Dated this 5th day of February 2026.

Respectfully submitted,

*/s/ Christen A. Petruzzelli*
**CHRISTEN A. PETRUZZELLI**
Florida Bar Number: 1039528
cpetruzzelli@spellman.law
**MICHAEL P. SPELLMAN**
Florida Bar Number: 0937975
mspellman@spellman.law
**MATTHEW J. CARSON**
Florida Bar Number: 827711
mcarson@spellman.law

**SPELLMAN LAW, P.A.**
905 E. Park Avenue
Tallahassee, Florida 32301
T: (850) 601-1983

***Attorneys for Detective Mikayla Preston***


**LOCAL RULE 3.01(g) CERTIFICATION**

In compliance with Local Rule 3.01(g), the undersigned hereby certifies that she attempted to confer with Plaintiff's counsel, Michael K. Roberts, via email on February 3, 2026, February 4, 2026, and February 5, 2026, regarding the relief sought herein. The undersigned also called Mr. Roberts' law firm and left a voicemail message regarding the matter on February 5, 2026. As of the time of this filing, the undesigned has not received a response.

*/s/ Christen A. Petruzzelli*
**CHRISTEN A. PETRUZZELLI**

8

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of February 2026, a true and correct copy of the foregoing document was electronically filed in the U.S. District Court, Middle District of Florida, Jacksonville Division, using the CM/ECF system, which will serve counsel of record.

*/s/ Christen A. Petruzzelli*
**CHRISTEN A. PETRUZZELLI**