## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

WILLIAM LEE LAWSHE,
an individual,

        Plaintiff,

v.                                                            Case No. 3:24-cv-00044-MMH-MCR

MIKAYLA PRESTON,
in her induvial capacity as a Detective for St. Johns County Sheriff's Office, and
KATHLEEN DULLY, in her individual capacity as
medical director of the UF Child Protection Team,

        Defendants.

        _____/

### PLAINTIFF'S MEMORANDUM IN OPPOSITION
### TO PRESTONS MOTION TO TAX COSTS

Plaintiff opposes Defendant Preston's Motion to Tax Costs (ECF 113). The award of costs to a prevailing party is within the sound discretion of the trial court. The Plaintiff requests the court to exercise that discretion in denying Preston's motion.

*Federal Rule of Civil Procedure 54(d)* provides that "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party. The Supreme Court has interpreted *Rule 54(d)* to grant federal courts discretion to refuse to tax costs in favor of the prevailing party. *See Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 442, 96 L. Ed. 2d 385, 107 S. Ct. 2494 (1987).*

1

Courts may consider certain equitable factors when exercising their discretion to award a prevailing party costs, which include: (1) the difficulty, novelty, or complexity of a case; (2) the non-prevailing party's financial resources; (3) good faith by the non-prevailing party; and (4) whether an award would have a chilling effect on future plaintiffs bringing claims. See *Mamani v. Sanchez Berzain, No. 07-CV-22459, 2018 U.S. Dist. LEXIS 219385, 2018 WL 7021966, at \*1 (S.D. Fla. 2018)* (quoting *United States ex rel. Saldivar v. Fresenius Med. Care Holdings, Inc., 291 F. Supp. 3d 1345, 1349 (N.D. Ga. 2017))*; *Friends of Everglades v. S. Fla. Water Mgmt. Dist., 865 F. Supp. 2d 1159, 1167 (S.D. Fla. 2011).*

Additionally, courts have identified a number of factors that they may consider such as the *prevailing party*'s unclean hands and the losing party's indigency or inability to pay. *Sanchez v. Bland Farms, LLC* 2011 U.S. Dist. LEXIS 109568 (S.D. Ga. 2011) citing *In re Paoli R.R. Yard PCB Litig., 221 F.3d 449, 468 (3d Cir. 2000)*; *see also Whitfield v. Scully, 241 F.3d 264, 270 (2d Cir. 2001)*(holding that costs may be denied because of "misconduct by the *prevailing party*, the public importance of the case, the difficulty of the issues, or the losing party's limited financial resources"); *Ass'n of Mexican-Am. Educators v. California, 231 F.3d 572, 592-93 (9th Cir. 2000).*

Here, the record and the court's factual findings show that Defendant Preston has unclean hands. Det. Preston has a professional and constitutional responsibility to perform reasonable investigations and present truthful, reliable testimony to any court of law. *See generally*, <u>*Kingsland v. City of Miami*</u>, 382 F.3d

2

1220, 1228 (11th Cir 2004). Although the Court has granted summary judgment in favor of Preston, the court recognized serious issues with Preston's conduct.

Most notably the Court determined that that Preston's statements made in a sworn affidavit presented to a court of law regarding met-art.com "would likely constitute a reckless disregard for the truth." (Order, ECF at 103) The district court found the statement was premised on a "google search, the specifics of which she does not recall and veracity of which she disclaims." Id.

Irrespective of whether this conduct resulted in liability under Sec. 1983, this conduct represents a serious breach of public trust. An orderly society cannot tolerate false or recklessly false statements made by law enforcement officers to judicial officers. This conduct deserves to be punished in some way.

In addition to the false statements, the Court recognized that Preston performed a less than "exemplary" investigation. Order ECF 103 at 22. Her supervisor described the investigation as "sloppy police work." (*Tolbert Deposition, December 17th*, 2024, P.46, ln. 9-16).

Diligent investigations and truthfulness are important issues with great public importance. The public has an interest in discovering and discouraging law enforcement officers from engaging in sloppy police work and creating recklessly false affidavits. The Court should use its discretion to discourage such behavior.

Apart from public importance, Preston's conduct had serious consequences for Mr. Lawshe, not just from a civil rights and reputational standpoint.  Preston's actions in arresting Mr. Lawshe resulted in the loss of his law enforcement career

and livelihood.  That loss had a serious financial impact on Plaintiffs financial means.

Finally, Mr. Lawshe has brought his claims in good faith. The factual record shows that Mr. Lawshe was falsely accused of possession of child pornography. The record shows that the images he possessed were published on the public internet and were represented as adult and in fact were adults. (Order, ECF  103 at 5)

It would violate accepted concepts of equity and justice to award Det. Preston costs incurred in defending her false statements and less that exemplary investigation, especially in light of the catastrophic damages those actions caused Mr. Lawshe.

Dated: February 19, 2026

**LAW OFFICES OF NOONEY, ROBERTS, HEWETT, AND NOWICKI**

*/s/ Michael K. Roberts*

**Michael K. Roberts, Esquire**
Florida Bar No. 00779741
1680 Emerson Street
Jacksonville, FL 32207
(904) 398-1992
mroberts@nrhnlaw.com
Attorney for Plaintiff

4